UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORIGINAL

FILED
IN CLERK'S ...
U.S. DISTRICT COU... ...N.Y.

NOV 2 8 2008

LONG ISLAND OFFICE

-------------------------------------------------------------------X

MEGAN TYRRELL,

Docket No.:

                                        Plaintiff,

        -against-

**COMPLAINT**

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, MASSAPEQUA SCHOOL DISTRICT,
MASSAPEQUA HIGH SCHOOL,

CV - 08  4811

FEUERSTEIN, S

ORENSTEIN, M.

*Jury Trial is Demanded*

                    Defendants.
-------------------------------------------------------------------X

        PLAINTIFF, MEGAN TYRRELL, by and through her attorneys, THE LAW OFFICES

OF FREDERICK K. BREWINGTON, submit the following Complaint, and states and alleges as

follows:

### PRELIMINARY STATEMENT

        1.      This is a civil action, seeking monetary and injunctive relief for the Plaintiff MEGAN

TYRRELL. Plaintiff asserts federal and state law claims for denial of due process and violations of

the Plaintiffs' constitutional and civil rights under the United States Constitution, 42 USC § 1983.

Plaintiffs' state law claims include violation Social Services Law §§413 and 420, negligence, failure

to supervise, negligent infliction of emotional distress, battery and punitive damages.

        2.      Specifically, Plaintiff seeks the following forms of redress: (I) monetary damages,

including punitive damages,  for Plaintiffs' pain and suffering, including the psychological and

emotional harm, mental anguish, and emotional distress caused to Plaintiff TYRRELL, as a result

of the Defendants' failure to properly address a criminal, intentional and/or reckless incident that occurred with students from SEAFORD and MASSAPEQUA High Schools, failure to notify parents, failure to notify authorities, conducting unlawful interviews and failing to protect the privacy of Plaintiff TYRRELL. and (ii) monetary damages in an amount to be determined by a jury, for the Plaintiff's invaluable losses of educational opportunity, impairment of learning, denied and inadequate educational opportunities, severe psychological trauma, post-traumatic stress disorder, humiliation, pain and suffering, resulting from the defendants' individual and collective abuses of power, as set forth in the within Complaint.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is invoked under 28 U.S.C. S 1331 and 42 U.S.C. Section 1983. Pendent Jurisdiction over Plaintiff's state law claims exist, pursuant to 42 U.S.C. Section 1367.

4.      Prior to commencing the within action, Plaintiff timely filed and served a Notice of Claim against the defendants SEAFORD UNION FREE SCHOOL DISTRICT and MASSAPEQUA SCHOOL DISTRICT, pursuant to General Municipal Law on June 27, 2005. The Defendants failed to settle or conciliate said claim, and the within complaint timely follows. Additionally, Defendants failed, and ultimately waived their right, to conduct a hearing pursuant to General Municipal Law §50h.

5.      Venue is proper, under 28 U.S.C. Section 1391(b).

## PARTIES

6.      Plaintiff, MEGAN TYRRELL (hereinafter "Plaintiff" or "TYRRELL"), is 18-years-old, born on November 29, 1989, residing in the County of Nassau, State of New York. At all times

-2-

relevant to the Complaint, Plaintiff was a student at Seaford High School.

7.      Defendant, SEAFORD UNION FREE SCHOOL DISTRICT (hereinafter "SEAFORD

DISTRICT"), is a school district comprised of several schools, with its central offices located at

1600 Washington Avenue, Seaford, New York, 11783.  Said School District exists and operates by

virtue of the laws of New York State, is  governed by the laws of the State of New York and the

United States.

8.      Defendant, SEAFORD HIGH SCHOOL (hereinafter "SEAFORD"), is a high school

within the DISTRICT located at 1575 Seamans Neck Road, Seaford, New York 11783.  Upon

information and belief, said school is a public institution which  receives federal and state funding

and financial assistance, and benefits from said federal funding for its educational curriculum and

for its operation.

9.      MICHAEL J. RAGON (hereinafter "RAGON") was, at all relevant times to the

instant Complaint, the principal within SEAFORD HIGH SCHOOL, and as such, had a duty of care

to oversee the safety, well-being and security of the students, including the Plaintiff MEGAN

TYRRELL.  Defendant RAGON is being sued herein in his individual and official capacities.

10.     PAULA SUSSMAN (hereinafter "SUSSMAN) was, at all relevant times to the instant

Complaint, a social worker within SEAFORD HIGH SCHOOL, and as such, had a duty of care to

oversee the safety, well-being and security of the students, including the Plaintiff MEGAN

TYRRELL.  Defendant SUSSMAN is being sued herein in her individual and official capacities.

11.     GEORGE DUFFY III (hereinafter "DUFFY") was, at all relevant times to the instant

Complaint, the superintendent of SEAFORD UNION FREE SCHOOL DISTRICT, and as such, had

a duty to oversee SEAFORD HIGH SCHOOL and any representative thereof.  Defendant DUFFY

-3-

also had a duty of care to oversee the safety, well-being and security of the students, including the Plaintiff MEGAN TYRRELL.

12.    Defendant BRIAN CONBOY (hereinafter "CONBOY") was, at all relevant times to the instant Complaint, the assistant superintendent of SEAFORD UNION FREE SCHOOL DISTRICT, and as such, had a duty to oversee SEAFORD HIGH SCHOOL and any representative thereof. Defendant CONBOY also had a duty of care to oversee the safety, well-being and security of the students, including the Plaintiff MEGAN TYRRELL.

13.    Defendant MASSAPEQUA SCHOOL DISTRICT (hereinafter "MASSAPEQUA DISTRICT"), is a school district comprised of several schools, with its central offices located at 4925 Merrick Rd, Massapequa, NY 11758. Said School District exists and operates by virtue of the laws of New York State, is  governed by the laws of the State of New York and the United States.

14.    Defendant MASSAPEQUA HIGH SCHOOL (hereinafter "MASSAPEQUA") is a high school within the DISTRICT located at 4925 Merrick Rd, Massapequa Park, NY 11758. Upon information and belief, said school is a public institution which  receives federal and state funding and financial assistance, and benefits from said federal funding for its educational curriculum and for its operation.

15.    Defendants "JOHN and JANE DOES 1-10", at all times hereinafter mentioned, are the assailants that viciously attacked, molested and sexually assaulted Plaintiff MEGAN TYRRELL on April 1, 2005. Further, "JOHN and JANE DOES 1-10" were directly or indirectly involved with posting the derogatory and elicit pictures of the heinous incident on the internet.

## FACTUAL ALLEGATIONS

16.    In April, 2005, Plaintiff TYRRELL was fifteen years of age and attended SEAFORD

-4-

high school.

17.     Plaintiff TYRRELL was a bright, shy and sensitive girl of the Catholic faith.

18.     Prior to the incident complained of herein, Plaintiff TYRRELL had a part time job at an Italian Ice Cream store.  Additionally, Plaintiff TYRRELL's grades were consistently satisfactory or above.

19.     On April 1, 2005, at approximately 8:00PM at Pathmark in Seaford, students from SEAFORD High School and MASSAPEQUA High School sexually assaulted and molested Plaintiff TYRRELL.

20.     While being sexually assaulted by the SEAFORD and MASSAPEQUA students, pictures were taken of the assault and molestation.  Upon information and belief, a student from Defendant MASSAPEQUA, John Rollo, used digital camera and took elicit pictures of Plaintiff to post on the Internet.

21.     Upon information and belief, a boy named John (last name currently unknown) was the owner/possessor of the vehicle involved in the incident.

22.     Plaintiff TYRRELL does not recall the tragic events that took place on April 1st.

23.     The derogatory pictures of the assault and molestation were posted on the Internet for her peers and other members of the community to view.  Specifically, some of the pictures depicted sexual interaction between Plaintiff TYRRELL and another female.

24.     At no time did Plaintiff TYRRELL consent to the violative, intrusive and abusive acts by students from SEAFORD.

25.     Soon after the incident, a student from St. Anthony's High School and friend of Plaintiff TYRRELL, Matt Burnhauser, reported to his guidance counselors, Mr. Hut and Mrs. Walsh,

-5-

about the incident and that he (Matt) feared Plaintiff TYRRELL was a threat to herself.

26.     Upon information and belief, on the same day, Mr. Hut and Mrs. Walsh proceeded to contact a social worker from SEAFORD, Defendant SUSSMAN.

27.     On April 4, 2005, Defendant SUSSMAN called out of class to speak with her regarding the tragic events of April 1, 2005.

28.     Upon information and belief, Plaintiff TYRELL informed Defendant SUSSMAN that a few students that were involved in the incident attended Massapequa High School. Defendant SUSSMAN called the Massapequa High School Guidance Department to inform them of the incident.

29.     However, even though Defendant SUSSMAN was aware of the facts and circumstances of the incident, absolutely no notice was given to Plaintiff's parents, Lisa and James Tyrrell, nor were any school officials or authorities informed of the incident.

30.     On April 13, 2005, Plaintiff's mother, Mrs. Tyrrell first became aware of the explicit and derogatory photographs that were spread on the internet with respect to her daughter. Mrs. Tyrrell was informed by her sister who employed a student from Defendant SEAFORD high school.

31.     Immediately thereafter, on April 14, 2005, Mrs. Tyrrell took her daughter to a therapist to discern whether a therapist could help Plaintiff recall and recount the events from April 1st. Unfortunately, Plaintiff TYRRELL could not recall the events after speaking with a therapist.

32.     The next day, on April 15, 2005, Mrs. Tyrrell went to SEAFORD high school to collect more information about the incident. Defendant SUSSMAN was not in that day and Mrs. Tyrrell spoke briefly to the Assistant Principal, Dr. Niedel. Mrs. Tyrrell left a message for Defendant SUSSMAN to contact her. Mrs. Tyrrell informed Dr. Niedel that Plaintiff could have been sexually

-6-

abused.

33.    Still very concerned about her daughter, and in the dark about the events that transpired on April 1st, 2005, Mrs. Tyrrell took Plaintiff to her gynecologist to learn whether Megan contracted any sexually transmitted disease(s), or other sickness(es), from the incident.

34.    On April 18, 2005, at approximately 8:00AM, Plaintiff informed her mother that Defendant SUSSMAN saw the explicit photographs of Megan.

35.    On that same day, Mrs. Tyrrell went to Defendant SEAFORD to speak with Defendant SUSSMAN.  Upon arriving, Mrs. Tyrrell began asking Defendant SUSSMAN questions regarding the incident to which Defendant SUSSMAN *rudely responded* that due to student confidentiality, she did not have to cooperate.

36.    Mrs. Tyrrell immediately left the school and called the sex crime unit to learn about the rules and regulations regarding reporting alleged crimes.  Upon information and belief, Mrs. Tyrrell was informed by the sex crime unit that the Defendant SEAFORD was mandated to report the unlawful and criminal acts that occurred on April 1, 2005.

37.    On April 19, 2005, Defendant RAGON, SEAFORD high school's principal, called Mrs. Tyrrell and informed her that he spoke with a school lawyer and set up a meeting to meet with Mrs. Tyrrell later that day.

38.    Later that day, when Defendant RAGON met with Mrs. Tyrrell, he stated that he first became aware of the elicit pictures on the internet and the incident on April 11, 2005.

39.    Upon information and belief, the pictures were used as "wallpaper" on computer screens in computer class.

40.    Defendant SEAFORD and DISTRICT have a school policy with respect to the

-7-

"Acceptable Use Policy" of the internet.  The policy states, in relevant part:

**Filtering**
**To the greatest extent practicable, the District will block access for both minors and adults to visual depictions that are (1) obscene, (2) child pornography or (3) harmful to minors.  Access shall be blocked to such material that appears on the Internet or other forms of electronic communication.**

**Definitions**
**Obscenity shall be defined by section 1460 of title 18 of the United States Code.  Child pornography shall be defined by section 2256 of title 18 of the United States Code.  The District shall determine what it deems to be "harmful to minors" and use the filtering technology in accordance with that determination.**

41.    Upon information and belief, Defendants DISTRICT and SEAFORD failed to follow their own "Acceptable Use Policy" with respect to internet use.

42.    Defendant RAGON proceeded to tell Mrs. Tyrrell that Matt Burnhauser, the St. Anthony's student, told a counselor at his school that Plaintiff "blacked out" and that he believed Plaintiff TYRRELL was a victim of date rape.  St. Anthony's high school had a seminar on date rape where Matt learned about the dangers of date rape.

43.    Gerald Travato, a 9th grade student at SEAFORD and cousin to John Rollo (SEAFORD student involved in pictures and internet), assaulted Matt Burnhauser because Matt accused Gerald for the explicit pictures on school computer screens as "wallpaper".

44.    Mrs. Tyrrell asked Defendant RAGON if any report was made regarding the incident. Defendant RAGON responded, "No."  Mrs. Tyrrell said that according to the law, he and/or the school were mandated to report the incident.  Defendant RAGON did not respond.

45.    On April 20, 2005, Mrs. Tyrell took Plaintiff out of school.

46.    Plaintiff TYRRELL's peers in school were whispering about Plaintiff and ridiculing

-8-

her, calling her a lesbian and other names.  Students were even writing derogatory comments about Plaintiff TYRRELL on the bathroom walls.

47.     On April 22, 2005, Mrs. Tyrell called the superintendent of schools, George Duffy, III, and requested home tutoring/schooling.

48.     Defendant RAGON called that evening in response to Mrs. Tyrrell's request for home school and stated that he feels Plaintiff TYRRELL will be "*just fine*" and that the school would "watch out for her."  Mrs. Tyrrell responded that they already did a poor job of that.

49.     On April 21, 2005, Plaintiff TYRRELL went to the 7th Precinct to file a police report regarding the incident on April 1, 2005.

50.     On May 2, 2005, Defendant RAGON called Mrs. Tyrrell and informed her that Plaintiff will get a home tutor, although he feels that she doesn't need it.

51.     Also on May 2, 2005, Defendant DUFFY sent Mr. & Mrs. Tyrrell a letter stating that their request for home instruction had been granted.

52.     On May 3, 2005, Defendant CONBOY called Mrs. Tyrrell and stated that there will be a full investigation conducted regarding the matter.

53.     After Defendants' alleged investigation of the incident, Defendants did not at any time inform Plaintiff TYRRELL's parents about the results of the investigation.

54.     Additionally, Defendant RAGON told Mr. & Mrs. Tyrrell that he was not sure whether Plaintiff would receive home tutoring the next year.

55.     Plaintiff TYRRELL did not experience any serious trauma in her life prior to this life changing event.

56.     Since the time of the incident, Plaintiff TYRRELL's school performance dropped to

-9-

below satisfactory level. In fact, Plaintiff TYRRELL's report card as of the Spring Semester of 2005 contained 'incomplete' marks for at least two subjects. At no time prior to the incident did Plaintiff have any incomplete grades on her report card.

57.     However, Plaintiff TYRRELL missed approximately three (3) weeks of school before Defendant SEAFORD and DISTRICT provided home instruction. Mrs. Tyrrell had to fight for it.

58.     When Plaintiff TYRRELL finally received home instruction, the educational services were far below satisfactory. Tutors came to the Tyrrell home without a proper syllabus or books. Their instruction and professionalism was well below a satisfactory level.

59.     On September 28, 2005, Defendant SEAFORD gave Mrs. Tyrrell the wrong contact information for home school instruction to begin.

60.     Additionally, at no time did the DISTRICT or SEAFORD provide any help or aid to Plaintiff TYRRELL mentally or emotionally to aid her in getting through this traumatic experience.

61.     In addition to the ridicule Plaintiff received in school, the entire Tyrrell family was harassed and ridiculed by members of the community and neighborhood leaders.

62.     As a result of all the ridicule and harassment by members of the community and the traumatic, emotionally suppressive environment Plaintiff was forced to live and be educated in without any help from Defendants, the Tyrrell's put their house up for sale in or about 2006. Thereafter, the Tyrrell's sold their house and moved to Bethpage.

63.     Defendants failed to address the serious injustice suffered by Plaintiff TYRRELL.

64.     As a result Defendants actions and/or inactions, collectively and individually, Plaintiff TYRRELL suffered serious physical and emotional injuries, psychological distress, pain and suffering and permanent injuries.

-10-

**AS AND FOR A FIRST CAUSE OF ACTION**
**AGAINST DEFENDANTS SEAFORD DISTRICT, SEAFORD, MASSAPEQUA**
**DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY**
**NEGLIGENT SUPERVISION / FAILURE TO SUPERVISE**

65.    Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "64" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

66.    By requiring the Plaintiff TYRRELL to attend school and remain on school grounds at SEAFORD during the time immediately after the assault, defendants SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY, had a special duty of care, to ensure the protection and safety of the then infant plaintiff /student, MEGAN TYRRELL, and to protect her from harm by other students.

67.    The defendants, SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY, were negligent, careless and / or reckless, in failing to properly supervise their students, and failing to properly train teachers and staff as to methods of supervision.   Said negligence/recklessness thus provided the opportunity / "opening" for the defendant / assailants, "JANE and JOHN DOES 1-10".

68.    Defendants further breached their duty of care to the then infant plaintiff, MEGAN TYRRELL, by failing to address, rectify, investigate the attack, violent assault and/or harassment against Plaintiff.

69.    Defendants created a dangerous condition of property, by permitting the assailants (defendants "JOHN and JANE DOES 1-10") to return to school without any discipline, and by failing to take any steps to prevent future attacks by the defendant students.  Defendants particularly

-11-

failed to hold any assembly with respect to the attack, and failed to communicate to the student body that sexually motivated attacks such as the one against MEGAN TYRRELL would not be tolerated.

70.    As a result of the aforesaid defendants' breach of security and negligent failure to supervise students, the then infant plaintiff, MEGAN TYRRELL, suffered serious physical and emotional injuries, psychological distress, pain and suffering and permanent injuries. Plaintiff further suffered irreparable injuries as she was forced to move out of the SEAFORD DISTRICT to attend another high school.

71.    As a result of the above negligence and the consequential harm suffered by Plaintiff MEGAN TYRRELL, Plaintiff seeks compensatory damages in the amount of $5,000,000.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS
## NEGLIGENCE:

72.    Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "71" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

73.    By requiring the then infant Plaintiff MEGAN TYRRELL to attend school and remain on school grounds at SEAFORD immediately after the sexual assault, Defendants had a special duty of care, to ensure the protection and safety of the then infant plaintiff /student, MEGAN TYRRELL, and to protect her from harm, ridicule, harassment and abuse by other students.

74.    The Defendants, individually and collectively, failed to properly supervise their students, failed to properly train teachers and staff as to methods of supervision, and thus provided the opportunity / "opening" for the defendant / assailants, "JOHN and JANE DOES 1-10" to sexually

-12-

assault and molest Plaintiff MEGAN TYRRELL.

75.    The Defendants, individually and collectively, failed to properly supervise their students, failed to properly train teachers and staff as to methods of supervision, and thus provided the opportunity / "opening" for the defendant / assailants, "JOHN and JANE DOES 1-10" to post the sexually explicit and derogatory pictures of Plaintiff MEGAN TYRRELL from the incident on the internet.

76.    Defendants further breached their duty of care to the then infant plaintiff, MEGAN TYRRELL, by failing to address, rectify, investigate the attack, violent assault and/or harassment against Plaintiff.

77.    Defendants created a dangerous condition of property, by permitting the assailants (defendants "JOHN and JANE DOES 1-10") to return to school without any discipline, and by failing to take any steps to prevent future attacks by the defendant students.  Defendants particularly failed to hold any assembly with respect to the attack, and failed to communicate to the student body that sexually motivated attacks such as the one against MEGAN TYRRELL would not be tolerated.

78.    The Defendants could reasonably foresee that their breach of a duty of care to protect the then infant plaintiff would result in harm to her.  Additionally, the Defendants could reasonably foresee that their breach of duty of care to properly address the incident immediately after the sexual assault and molestation and properly locate and discipline the assailants would result in further harm to Plaintiff MEGAN TYRRELL.

79.    As a direct and proximate cause of the aforesaid defendants' breach of their duty of care to MEGAN TYRRELL, said Plaintiff did suffer serious physical and emotional injuries, psychological distress, pain and suffering and permanent injuries.   Plaintiff further suffered

-13-

irreparable injuries as she was forced to move out of the SEAFORD DISTRICT to attend another high school.

80.     As a result of the above negligence and the consequent harm suffered by plaintiff MEGAN TYRRELL, Plaintiff seeks compensatory damages in the amount of $5,000,000.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

81.     Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "80" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

82.     The Defendants, SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY, should have known that their conduct of (i) failing to protect the infant plaintiff from an attack, (ii) refusing to call the police on MEGAN TYRRELL's after becoming aware of the vicious attack against Plaintiff, and (iii) taking no measures to protect MEGAN TYRRELL from further attacks, and (iv) failing to address the motivation for the aforesaid assault, constituted extreme and outrageous conduct, beyond the bounds of decency within a civilized society.

81.     The defendants SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY, knew or should have known that their conduct would cause extreme emotional distress to Plaintiff MEGAN TYRRELL.   Yet, defendants continued with their course of conduct, and failed to remedy the extreme emotional distress that they knew and / or should have known was being visited upon the Plaintiff MEGAN TYRRELL.

-14-

82.     As a result of the aforesaid outrageous conduct by the defendants, the Plaintiff MEGAN TYRRELL suffered extreme emotional distress, psychological injuries, and physical symptoms, pain and suffering, resulting from the emotional distress that they endured at the hands of the Defendants SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY.

83.     Plaintiff MEGAN TYRRELL seeks compensatory damages for his aforesaid psychological injuries, in the amount of $5,000,000.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANTS "JOHN and JANE DOES 1-10"
## BATTERY

84.      Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "83" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

85.     The Defendants, "JOHN and JANE DOES 1-10", visited unwanted, offensive and harmful physical contact upon the then infant Plaintiff, with the intention of causing harm to Plaintiff MEGAN TYRRELL.

86.     Defendants, "JOHN and JANE DOES 1-10", did cause physical injuries and harm to plaintiff TYRRELL, by sexually assaulting and molesting her without consent and then posting derogatory and elicit pictures on the internet of the sexually abusive acts.

87.     The then infant-plaintiff, MEGAN TYRRELL, did not in any way provoke or instigate such an attack, and did not create any threat of harm to the defendants, "JOHN and JANE DOES 1-10".

88.     As a direct and proximate cause  of the aforesaid Defendants' assault and battery of

-15-

MEGAN TYRRELL, said Plaintiff did suffer serious physical and emotional injuries, psychological distress, pain and suffering and permanent injuries. Plaintiff further suffered irreparable injuries as she was forced to move out of the SEAFORD DISTRICT to attend another high school.

89.     As a result of the above assault and battery suffered by Defendants, Plaintiff seeks compensatory damages in the amount of $5,000,000.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**AGAINST DEFENDANTS SEAFORD DISTRICT, SEAFORD, MASSAPEQUA**
**DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY**
**42 U.S.C.§ 1983**

90.     Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "89" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

91.     At all times relevant to the claims in this matter, RAGON, SUSSMAN, DUFFY and CONBOY, were employees of the SEAFORD DISTRICT and were state actors, and maintained as a result of that official status a special relationship with MEGAN TYRRELL.

92.     RAGON, SUSSMAN, DUFFY and CONBOY as a state actors had a duty to protect MEGAN TYRRELL and provide an environment of care and safety in which to attend the public school.

93.     The Defendants, SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT and MASSAPEQUA were required under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to provide reasonable safety and care of students in their control and custody, including but not limited to MEGAN TYRRELL.

94.     At all time relevant to the claims in this case, MEGAN TYRRELL, was under the

-16-

control, direction and care of Defendants SEAFORD DISTRICT and SEAFORD.

95.     Defendants SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY failed to properly supervise and discipline their students that were involved in the April 1, 2005 sexual assault and molestation. Further, SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY failed to contact the police regarding the heinous acts, thereby compromising the safety and interest of Plaintiff MEGAN TYRRELL.

96.     Defendants, SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY, collectively and individually, failed to protect MEGAN TYRRELL, failed to provide reasonable safety and care to MEGAN TYRRELL, and failed to meet its responsibility to provide for the well being of MEGAN TYRRELL.

97.     Plaintiff MEGAN TYRRELL, had a right to be free in his person from battery and sexual assault and molestation and had a constitutional right to bodily integrity. The duty of RAGON, SUSSMAN, DUFFY and CONBOY, to secure and protect this right was clearly established.

98.     Defendants failure to act secure, protect and provide these rights and then to fail to call Police, and have "JOHN and JANE DOES 1-10" arrested for the sexual assault and molestation of MEGAN TYRRELL amounted to a deliberate indifference to the clearly established rights of MEGAN TYRRELL.

99.     By their inaction and failures Defendants failed to provide reasonable conditions of safety and bodily integrity that rose to the level of deliberate indifference for the harm and

-17-

violations visited on MEGAN TYRRELL.

100.    Further, by their inaction and failures, Defendants failed to properly address the abusive and heinous incident after becoming fully aware of the grossly derogatory acts of April 1, 2005 against MEGAN TYRRELL.

101.    As a direct and proximate cause  of the aforesaid defendants' inactions, failures and indifference for the rights of MEGAN TYRRELL, said Plaintiff did suffer serious physical and emotional injuries, psychological distress, pain and suffering and permanent injuries.  Plaintiff further suffered irreparable injuries as she was forced to move out of the SEAFORD DISTRICT to attend another high school and the failure of Defendants to provide for her constitutional and civil rights.

102.    As a result of the above battery suffered by plaintiff MEGAN TYRRELL, plaintiff seeks compensatory damages in the amount of $5,000,000.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS AGAINST DEFENDANTS SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY VIOLATION OF SECTIONS 413 and 420 of the SOCIAL SERVICES LAW

103.    Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "102" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

104.    Defendants SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT and MASSAPEQUA, are official institutions required by New York State Law to report a case of suspected child abuse or maltreatment.

105.    Defendants RAGON, SUSSMAN, DUFFY and CONBOY, are official persons

I.      Injunctive Relief against the Defendants as this Court may deem just and proper;

j.      Compensatory and Punitive damages, as outlined in the aforementioned paragraphs and aforementioned counts, in total of twelve million dollars ($32,000,000.00), as well as costs and attorneys fees pursuant to 42 U.S.C § 1988 and 42 U.S.C. §3612, and as otherwise allowed by law; and

k.      Any and all other relief as this Court deems appropriate and just.

### *A TRIAL BY JURY IS HEREBY DEMANDED*

Dated:      November 28, 2008
            Hempstead, New York

Respectfully submitted,

THE LAW OFFICES OF
FREDERICK K. BREWINGTON

By:     FREDERICK K. BREWINGTON
        *Attorneys for Plaintiff*
        50 Clinton Street, Suite 501
        Hempstead, New York  11550
        (516) 489-6959

-20-