UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MEGAN TYRRELL,

                              Plaintiff,

        -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, JOHN and JANE DOES 1-10,

                              Defendants.
-------------------------------------------------------------------X

**NOTICE OF MOTION**

**Docket No.**
**CV-08-4811**
**(SJF) (MJO)**

**D.J. Sandra J. Feuerstein**

        PLEASE TAKE NOTICE, that, upon the accompanying Declaration of Lawrence J.

Brennan, and the exhibits annexed thereto, the Memorandum of Law in Support of the

defendants' Motion to Dismiss, and upon the pleading hereto, defendants, Seaford Union Free

School District, Seaford High School, Michael J. Ragon, in his individual and official capacity,

Paula Sussman, in her individual and official capacity, George Duffy III, in his individual and

official capacity (hereinafter referred to as the "Seaford defendants") will move this Court before

Honorable Sandra J. Feuerstein, United States District Judge for the Eastern District of New

York, located at 100 Federal Plaza, Central Islip, New York 11722, on a date and time to be

determined by the Court, for an Order, pursuant to F.R.C.P. 12(b)(6) dismissing the action in its

entirety against them, and for such other and further relief as this Court deems just and proper.

        PLEASE TAKE FURTHER NOTICE, that, in accordance with the Order of Magistrate

Judge Michael Orenstein, dated March 9, 2009, opposition papers are to be served within ten

days herefrom.

Dated: Uniondale, New York
      June 12, 2009

                CONGDON, FLAHERTY, O'CALLAGHAN,
                REID, DONLON, TRAVIS & FISHLINGER

                BY: _____
                   LAWRENCE J. BRENNAN (SS 7867)
                Attorneys for Defendants, SEAFORD UNION
                FREE SCHOOL DISTRICT, SEAFORD HIGH
                SCHOOL, MICHAEL J. RAGON, in his individual
                and official capacity, PAULA SUSSMAN, in her
                individual and official capacity, GEORGE DUFFY
                III, in his individual and official capacity
                and BRIAN CONBOY, in his individual and
                official capacity

                Office & P.O. Address:
                333 Earle Ovington Boulevard, Suite 502
                Uniondale, NY 11553-3625
                (516) 750-9462 (direct)
                Our File No. NYSIR3-001

TO:    LAW OFFICES OF FREDERICK K. BREWINGTON
       Attorneys for Plaintiff, MEGAN TYRRELL
       50 Clinton Street, Suite 501
       Hempstead, NY 11550
       (516) 489-6959

H:\WPDOCS\FILES\T\Tyrrell\nysir3-001\legal\NoticeofMotiontoDismiss.LB.doc

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MEGAN TYRRELL,

                              Plaintiff,

          -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, JOHN and JANE DOES 1-10,

                              Defendants.

-------------------------------------------------------------------X

Index No.: CV-08-4811
(SJF) (MLO)

D.J. Sandra J. Feuerstein

ATTORNEY'S
AFFIRMATION

     LAWRENCE J. BRENNAN, an attorney duly admitted to practice law before the Courts

of the State of New York and this Court, affirms the following statements are true under the

penalties of perjury:

     1.     I am counsel to the firm of CONGDON, FLAHERTY, O'CALLAGHAN, REID,

DONLON, TRAVIS & FISHLINGER, attorneys for defendants, SEAFORD UNION FREE

SCHOOL DISTRICT, SEAFORD HIGH SCHOOL, MICHAEL J. RAGON, in his individual

and official capacity, PAULA SUSSMAN, in her individual and official capacity, GEORGE

DUFFY III, in his individual and official capacity, and BRIAN CONBOY, in his individual and

official capacity (hereinafter referred to collectively as "Seaford Defendants") and, as such, I am

fully familiar with all the pleadings and proceedings heretofore had herein.  I make this

affirmation in support of the within motion which seeks an Order, pursuant to F.R.C.P. 12(b)(6),

dismissing the within action on the grounds that: (a) plaintiff's state law claims are barred by

plaintiff's failure to serve an adequate notice of claim pursuant to N.Y. Gen. Mun. Law §50-I

and N.Y. Educ. Law §3813; (b) the individual named "Seaford Defendants" are entitled to

qualified immunity; (c) plaintiff failed to set forth any cognizable federal cause of action or

claim; (d) there is no cognizable claim for punitive damages against the Seaford defendants, Michael J. Ragon, Paula Sussman, George Duffy III and Brian Conboy, sued in their individual and official capacities; and (e) the plaintiff does not set forth any cognizable federal claim under 42 U.S. Code Section 1983 or Title IX, 20 U.S.C §1681.

## PROCEDURAL BACKGROUND

2. Plaintiff, Megan Tyrell, commenced this action against the Seaford Defendants and Massapequa School District, Massapequa High School and ten John and Jane Does, by filing a Summons and Complaint with the Clerk of the United States District Court, Eastern District of New York. (A copy of the summons and complaint is annexed hereto as Exhibit "A").

3. The Complaint was thereafter served upon Seaford Union Free School District and its present employees on January 12, 2009.

4. A Stipulation extending the Seaford Defendants time to answer or file a pre-answer motion to March 11, 2009 was obtained, a copy of which is annexed hereto as Exhibit "B".

5. An additional Stipulation extending the Seaford Defendants time to answer or file a pre-answer motion to March 27, 2009 was obtained, a copy of which is annexed hereto as Exhibit "C".

6. A Stipulation of Dismissal against co-defendants, Massapequa School District and Massapequa High School, was entered and filed on March 25, 2009, a copy of which is annexed hereto as Exhibit "D". This Honorable Court ordered the dismissal of the action against Massapequa School District on March 27, 2009.

7. On March 27, 2009, Seaford Defendants filed a motion, pursuant to FRCP Rule 12(b)(6), seeking a dismissal of plaintiff's complaint. In response to the motion, plaintiff served an amended complaint, a copy of which is annexed hereto as Exhibit "E". The initial motion to dismiss was thereafter withdrawn.

8.    A stipulation extending the Seaford defendants time to answer or file a pre-answer motion to May 30, 2009 was obtained, a copy of which is attached as Exhibit "F".

9.    An additional extending the Seaford defendants time to answer or file a pre-answer motion to June 12, 2009 was obtained, a copy of which is attached as Exhibit "G".

## FACTUAL BACKGROUND

10.    The Amended Complaint seeks recovery of compensatory and punitive monetary damages for personal injuries allegedly sustained by plaintiff as a result of an incident which is alleged to have occurred April 1, 2005 at 8:00 p.m. at a Pathmark store located in Seaford. (Exhibit "E", ¶17).  It is claimed that plaintiff was sexually assaulted by students from Seaford and Massapequa High Schools.  Id.

11.    On June 28, 2005, plaintiff served a purported notice of claim on Seaford, a copy of which is annexed hereto as Exhibit "H".

12.    The notice of claim sets forth no details regarding the alleged incident including date, time or location.  Further, the notice of claim failed to set forth any detail regarding the negligent acts committed by Seaford or the nature of any injuries sustained.

13.    Based upon the foregoing inadequacies, the notice of claim was rejected on behalf of the District. (Exhibit "I").  To date, plaintiff has not served an adequate notice of claim and the time in which to seek leave to do so has expired.  The plaintiff became 18 years old on November 29, 1989. (Exhibit "E" ¶7).  Thus, her time to move for leave to file a late notice of claim expired on or about March 1, 2009.

14.    Based upon the allegations of plaintiff's amended complaint, the following facts are assumed to be true:

a.    the incident occurred at 8:00 p.m. off the premises of Seaford Defendants and outside of the school day (Exhibit "E", ¶17);

b.      subsequent to the incident, photographs taken by a Massapequa student were placed on the Internet (Exhibit "E", ¶19);

c.      the photographs were posted of the Internet and accessible to fellow classmates of plaintiff and the public at large (Exhibit "E", ¶22);

d.      Seaford defendants were advised of the event on April 4, 2005 (Exhibit "E", ¶22);

e.      Seaford defendants did not advise plaintiff's parents of the incident although the parents learned of same on April 13, 2005 (Exhibit "E", ¶¶28, 29);

f.      Seaford defendants did not report the incident to any state authority.  (Exhibit "E", ¶28);

g.      on April 20, 2005, plaintiff's parents withdrew plaintiff from school (Exhibit "E", ¶44);

h.      plaintiff's peers were whispering about her, ridiculing her, and calling her a lesbian and other names.  (Exhibit "E", ¶45).

i.      on May 2, 2005, Seaford Defendants agreed to provide plaintiff with home tutoring (Exhibit "E", ¶¶50, 51);

j.      Plaintiff and her family were ridiculed by members of the community (Exhibit "E", ¶62); and

k.      at sometime in 2006, plaintiff's parents sold their home and the family moved to Bethpage (Exhibit "E", ¶63).

15.      Plaintiff's complaint sets forth six causes of action, five of which are asserted against Seaford Defendants.  The first three causes of action are state law claims based upon allegations of negligence. The fourth cause of action is asserted against John and Jane Doe defendants and allege assault and battery. The sixth cause of action is a federal claim brought

under 42 U.S.C. §1983. The final claim is also a federal claim premised upon alleged violations of Title IX.[1]

16.  For the reasons set forth in the accompanying Memorandum of Law, it is respectfully submitted that plaintiff's amended complaint should be dismissed, pursuant to F.R.C.P. 12(b)(6), since: a) plaintiff's state law claims are barred by plaintiff's failure to serve an adequate notice of claim pursuant to N.Y. Gen. Mun. Law §50-e and i and N.Y. Educ. Law §3813; (b) the individually-named "Seaford defendants" are entitled to qualified immunity; (c) plaintiff failed to set forth any cognizable federal cause of action or claim; (d) there is no cognizable claim for punitive damages against the Seaford defendants, Michael J. Ragon, Paula Sussman, George Duffy III and Brian Conboy, sued in their individual and official capacities; (e) the plaintiff does not set forth any cognizable federal claim under 42 U.S. Code Section 1983; and (f) the amended complaint does not set forth a claim under Title IX.

WHEREFORE, it is respectfully requested that the within motion be granted in its entirety and the amended complaint against the Seaford Defendants be dismissed, pursuant to F.R.C.P. 12(b)(6).

Dated: Uniondale, New York
June 12, 2009

LAWRENCE J. BRENNAN (7867)

H:\WPDOCS\FILES\T\Tyrrell\nysir3-001\legal\affidavit.lb.dismiss.doc

---

[1]      The complaint does not allege a "fifth" cause of action.

EXHIBIT "A"

SAO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

EASTERN    District of    NEW YORK

MEGAN TYRRELL,

Plaintiff,

v.

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, et al.

Defendants.

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

## CV-08 4811

FEUERSTEIN, S

ORENSTEIN, M.

*FILED*
2008 NOV 28  PM 4: 15
CLERK
U.S. DISTRICT COURT
E.D.N.Y.
AFTER HOURS BY: BOX

TO: (Name and address of Defendant)

SEE ADDENDUM ATTACHED

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

LAW OFFICES OF
FREDERICK K. BREWINGTON
Attorneys for the Plaintiffs
50 Clinton Street, Ste 501
Hempstead, New York 11550

RECEIVED

JAN 1 7 2008

12:45 cm

SEAFORD REGIONAL EDUCATION
DISTRICT CLERKS OFFICE

an answer to the complaint which is served on you with this summons, within _____ 30 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

ROBERT C. HEINEMANN

CLERK

(By) DEPUTY CLERK

11/28/2008

DATE

## MEGAN TYRRELL v. SEAFORD UNION FREE SCHOOL DISTRICT, et al.

## ADDENDUM TO SUMMONS

1.   Seaford Union Free School District
     1600 Washington Avenue
     Seaford, New York 11783

2.   Seaford High School
     1575 Seamans Neck Rd.
     Seaford, New York 11783

3.   Michael J. Ragon
     1575 Seamans Neck Rd.
     Seaford, New York 11783

4.   Paula Sussman
     1575 Seamans Neck Rd.
     Seaford, New York 11783

5.   George Duffy III
     1600 Washington Avenue
     Seaford, New York 11783

6.   Brian Conboy
     1600 Washington Avenue
     Seaford, New York 11783

7.   Massapequa School District
     4925 Merrick Road
     Massapequa, New York 11758

8.   Massapequa High School
     4925 Merrick Road
     Massapequa, New York 11758

9.   "John and Jane Does I-10"

COPY

RECEIVED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★    NOV 2 8 2008    ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

MEGAN TYRRELL,

                Plaintiff,

    -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, MASSAPEQUA SCHOOL DISTRICT,
MASSAPEQUA HIGH SCHOOL,

                Defendants.
-------------------------------------------------X

Docket No.:

COMPLAINT

CV-08 4811

FEUERSTEIN, S

ORENSTEIN, M.

*Jury Trial is Demanded*

PLAINTIFF, MEGAN TYRRELL, by and through her attorneys, THE LAW OFFICES

OF FREDERICK K. BREWINGTON, submit the following Complaint, and states and alleges as

follows:

## PRELIMINARY STATEMENT

1.      This is a civil action, seeking monetary and injunctive relief for the Plaintiff MEGAN

TYRRELL. Plaintiff asserts federal and state law claims for denial of due process and violations of

the Plaintiffs' constitutional and civil rights under the United States Constitution, 42 USC § 1983.

Plaintiffs' state law claims include violation Social Services Law §§413 and 420 negligence, failure

to supervise, negligent infliction of emotional distress, battery and punitive damages.

2.      Specifically, Plaintiff seeks the following forms of redress: (I) monetary damages,

including punitive damages, for Plaintiffs' pain and suffering, including the psychological and

emotional harm, mental anguish, and emotional distress caused to Plaintiff TYRRELL, as a result

of the Defendants' failure to properly address a criminal, intentional and/or reckless incident that occurred with students from SEAFORD and MASSAPEQUA High Schools, failure to notify parents, failure to notify authorities, conducting unlawful interviews and failing to protect the privacy of Plaintiff TYRRELL. and (ii) monetary damages in an amount to be determined by a jury, for the Plaintiff's invaluable losses of educational opportunity, impairment of learning, denied and inadequate educational opportunities, severe psychological trauma, post-traumatic stress disorder, humiliation, pain and suffering, resulting from the defendants' individual and collective abuses of power, as set forth in the within Complaint.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is invoked under 28 U.S.C. S 1331 and 42 U.S.C. Section 1983. Pendent Jurisdiction over Plaintiff's state law claims exist, pursuant to 42 U.S.C. Section 1367.

4.      Prior to commencing the within action, Plaintiff timely filed and served a Notice of Claim against the defendants SEAFORD UNION FREE SCHOOL DISTRICT and MASSAPEQUA SCHOOL DISTRICT, pursuant to General Municipal Law on June 27, 2005. The Defendants failed to settle or conciliate said claim, and the within complaint timely follows. Additionally, Defendants failed, and ultimately waived their right, to conduct a hearing pursuant to General Municipal Law §50h.

5.      Venue is proper, under 28 U.S.C. Section 1391(b).

## PARTIES

6.      Plaintiff, MEGAN TYRRELL (hereinafter "Plaintiff" or "TYRRELL"), is 18-years-old, born on November 29, 1989, residing in the County of Nassau, State of New York. At all times

-2-

relevant to the Complaint, Plaintiff was a student at Seaford High School.

7.    Defendant, SEAFORD UNION FREE SCHOOL DISTRICT (hereinafter "SEAFORD DISTRICT"), is a school district comprised of several schools, with its central offices located at 1600 Washington Avenue, Seaford, New York, 11783. Said School District exists and operates by virtue of the laws of New York State, is governed by the laws of the State of New York and the United States.

8.    Defendant, SEAFORD HIGH SCHOOL (hereinafter "SEAFORD"), is a high school within the DISTRICT located at 1575 Seamans Neck Road, Seaford, New York 11783. Upon information and belief, said school is a public institution which receives federal and state funding and financial assistance, and benefits from said federal funding for its educational curriculum and for its operation.

9.    MICHAEL J. RAGON (hereinafter "RAGON") was, at all relevant times to the instant Complaint, the principal within SEAFORD HIGH SCHOOL, and as such, had a duty of care to oversee the safety, well-being and security of the students, including the Plaintiff MEGAN TYRRELL. Defendant RAGON is being sued herein in his individual and official capacities.

10.    PAULA SUSSMAN (hereinafter "SUSSMAN) was, at all relevant times to the instant Complaint, a social worker within SEAFORD HIGH SCHOOL, and as such, had a duty of care to oversee the safety, well-being and security of the students, including the Plaintiff MEGAN TYRRELL. Defendant SUSSMAN is being sued herein in her individual and official capacities.

11.    GEORGE DUFFY III (hereinafter "DUFFY") was, at all relevant times to the instant Complaint, the superintendent of SEAFORD UNION FREE SCHOOL DISTRICT, and as such, had a duty to oversee SEAFORD HIGH SCHOOL and any representative thereof. Defendant DUFFY

also had a duty of care to oversee the safety, well-being and security of the students, including the Plaintiff MEGAN TYRRELL.

12.     Defendant BRIAN CONBOY (hereinafter "CONBOY") was, at all relevant times to the instant Complaint, the assistant superintendent of SEAFORD UNION FREE SCHOOL DISTRICT, and as such, had a duty to oversee SEAFORD HIGH SCHOOL and any representative thereof. Defendant CONBOY also had a duty of care to oversee the safety, well-being and security of the students, including the Plaintiff MEGAN TYRRELL.

13.     Defendant MASSAPEQUA SCHOOL DISTRICT (hereinafter "MASSAPEQUA DISTRICT"), is a school district comprised of several schools, with its central offices located at 4925 Merrick Rd, Massapequa, NY 11758. Said School District exists and operates by virtue of the laws of New York State, is governed by the laws of the State of New York and the United States.

14.     Defendant MASSAPEQUA HIGH SCHOOL (hereinafter "MASSAPEQUA") is a high school within the DISTRICT located at 4925 Merrick Rd, Massapequa Park, NY 11758. Upon information and belief, said school is a public institution which receives federal and state funding and financial assistance, and benefits from said federal funding for its educational curriculum and for its operation.

15.     Defendants "JOHN and JANE DOES 1-10", at all times hereinafter mentioned, are the assailants that viciously attacked, molested and sexually assaulted Plaintiff MEGAN TYRRELL on April 1, 2005. Further, "JOHN and JANE DOES 1-10" were directly or indirectly involved with posting the derogatory and elicit pictures of the heinous incident on the internet.

## FACTUAL ALLEGATIONS

16.     In April, 2005, Plaintiff TYRRELL was fifteen years of age and attended SEAFORD

-4-

high school.

17. Plaintiff TYRRELL was a bright, shy and sensitive girl of the Catholic faith..

18. Prior to the incident complained of herein, Plaintiff TYRRELL had a part time job at an Italian Ice Cream store. Additionally, Plaintiff TYRRELL's grades were consistently satisfactory or above.

19. On April 1, 2005, at approximately 8:00PM at Pathmark in Seaford, students from SEAFORD High School and MASSAPEQUA High School sexually assaulted and molested Plaintiff TYRRELL.

20. While being sexually assaulted by the SEAFORD and MASSAPEQUA students, pictures were taken of the assault and molestation. Upon information and belief, a student from Defendant MASSAPEQUA, John Rollo, used digital camera and took elicit pictures of Plaintiff to post on the Internet.

21. Upon information and belief, a boy named John (last name currently unknown) was the owner/possessor of the vehicle involved in the incident.

22. Plaintiff TYRRELL does not recall the tragic events that took place on April 1st.

23. The derogatory pictures of the assault and molestation were posted on the Internet for her peers and other members of the community to view. Specifically, some of the pictures depicted sexual interaction between Plaintiff TYRRELL and another female.

24. At no time did Plaintiff TYRRELL consent to the violative, intrusive and abusive acts by students from SEAFORD.

25. Soon after the incident, a student from St. Anthony's High School and friend of Plaintiff TYRRELL, Matt Burnhauser, reported to his guidance counselors, Mr. Hut and Mrs. Walsh,

about the incident and that he (Matt) feared Plaintiff TYRRELL was a threat to herself.

26.    Upon information and belief, on the same day, Mr. Hut and Mrs. Walsh proceeded to contact a social worker from SEAFORD, Defendant SUSSMAN.

27.    On April 4, 2005, Defendant SUSSMAN called out of class to speak with her regarding the tragic events of April 1, 2005.

28.    Upon information and belief, Plaintiff TYRELL informed Defendant SUSSMAN that a few students that were involved in the incident attended Massapequa High School. Defendant SUSSMAN called the Massapequa High School Guidance Department to inform them of the incident.

29.    However, even though Defendant SUSSMAN was aware of the facts and circumstances of the incident, absolutely no notice was given to Plaintiff's parents, Lisa and James Tyrrell, nor were any school officials or authorities informed of the incident.

30.    On April 13, 2005, Plaintiff's mother, Mrs. Tyrrell first became aware of the explicit and derogatory photographs that were spread on the internet with respect to her daughter. Mrs. Tyrrell was informed by her sister who employed a student from Defendant SEAFORD high school.

31.    Immediately thereafter, on April 14, 2005, Mrs. Tyrrell took her daughter to a therapist to discern whether a therapist could help Plaintiff recall and recount the events from April 1st. Unfortunately, Plaintiff TYRRELL could not recall the events after speaking with a therapist.

32.    The next day, on April 15, 2005, Mrs. Tyrrell went to SEAFORD high school to collect more information about the incident. Defendant SUSSMAN was not in that day and Mrs. Tyrrell spoke briefly to the Assistant Principal, Dr. Niedel. Mrs. Tyrrell left a message for Defendant SUSSMAN to contact her. Mrs. Tyrrell informed Dr. Niedel that Plaintiff could have been sexually

abused.

33. Still very concerned about her daughter, and in the dark about the events that transpired on April 1st, 2005, Mrs. Tyrrell took Plaintiff to her gynecologist to learn whether Megan contracted any sexually transmitted disease(s), or other sickness(es), from the incident.

34. On April 18, 2005, at approximately 8:00AM, Plaintiff informed her mother that Defendant SUSSMAN saw the explicit photographs of Megan.

35. On that same day, Mrs. Tyrrell went to Defendant SEAFORD to speak with Defendant SUSSMAN. Upon arriving, Mrs. Tyrrell began asking Defendant SUSSMAN questions regarding the incident to which Defendant SUSSMAN *rudely responded* that due to student confidentiality, she did not have to cooperate.

36. Mrs. Tyrrell immediately left the school and called the sex crime unit to learn about the rules and regulations regarding reporting alleged crimes. Upon information and belief, Mrs. Tyrrell was informed by the sex crime unit that the Defendant SEAFORD was mandated to report the unlawful and criminal acts that occurred on April 1, 2005.

37. On April 19, 2005, Defendant RAGON, SEAFORD high school's principal, called Mrs. Tyrrell and informed her that he spoke with a school lawyer and set up a meeting to meet with Mrs. Tyrrell later that day.

38. Later that day, when Defendant RAGON met with Mrs. Tyrrell, he stated that he first became aware of the elicit pictures on the internet and the incident on April 11, 2005.

39. Upon information and belief, the pictures were used as "wallpaper" on computer screens in computer class.

40. Defendant SEAFORD and DISTRICT have a school policy with respect to the

-7-

"Acceptable Use Policy" of the internet. The policy states, in relevant part:

> ### Filtering
> To the greatest extent practicable, the District will block access for both minors and adults to visual depictions that are (1) obscene, (2) child pornography or (3) harmful to minors. Access shall be blocked to such material that appears on the Internet or other forms of electronic communication.
>
> ### Definitions
> Obscenity shall be defined by section 1460 of title 18 of the United States Code. Child pornography shall be defined by section 2256 of title 18 of the United States Code. The District shall determine what it deems to be "harmful to minors" and use the filtering technology in accordance with that determination.

41.    Upon information and belief, Defendants DISTRICT and SEAFORD failed to follow their own "Acceptable Use Policy" with respect to internet use.

42.    Defendant RAGON proceeded to tell Mrs. Tyrrell that Matt Burnhauser, the St. Anthony's student, told a counselor at his school that Plaintiff "blacked out" and that he believed Plaintiff TYRRELL was a victim of date rape. St. Anthony's high school had a seminar on date rape where Matt learned about the dangers of date rape.

43.    Gerald Travato, a 9th grade student at SEAFORD and cousin to John Rollo (SEAFORD student involved in pictures and internet), assaulted Matt Burnhauser because Matt accused Gerald for the explicit pictures on school computer screens as "wallpaper".

44.    Mrs. Tyrrell asked Defendant RAGON if any report was made regarding the incident. Defendant RAGON responded, "No." Mrs. Tyrrell said that according to the law, he and/or the school were mandated to report the incident. Defendant RAGON did not respond.

45.    On April 20, 2005, Mrs. Tyrell took Plaintiff out of school.

46.    Plaintiff TYRRELL's peers in school were whispering about Plaintiff and ridiculing

-8-

her, calling her a lesbian and other names. Students were even writing derogatory comments about Plaintiff TYRRELL on the bathroom walls.

47.    On April 22, 2005, Mrs. Tyrell called the superintendent of schools, George Duffy, III, and requested home tutoring/schooling.

48.    Defendant RAGON called that evening in response to Mrs. Tyrrell's request for home school and stated that he feels Plaintiff TYRRELL will be "*just fine*" and that the school would "watch out for her." Mrs. Tyrrell responded that they already did a poor job of that.

49.    On April 21, 2005, Plaintiff TYRRELL went to the 7th Precinct to file a police report regarding the incident on April 1, 2005.

50.    On May 2, 2005, Defendant RAGON called Mrs. Tyrrell and informed her that Plaintiff will get a home tutor, although he feels that she doesn't need it.

51.    Also on May 2, 2005, Defendant DUFFY sent Mr. & Mrs. Tyrrell a letter stating that their request for home instruction had been granted.

52.    On May 3, 2005, Defendant CONBOY called Mrs. Tyrrell and stated that there will be a full investigation conducted regarding the matter.

53.    After Defendants' alleged investigation of the incident, Defendants did not at any time inform Plaintiff TYRRELL's parents about the results of the investigation.

54.    Additionally, Defendant RAGON told Mr. & Mrs. Tyrrell that he was not sure whether Plaintiff would receive home tutoring the next year.

55.    Plaintiff TYRRELL did not experience any serious trauma in her life prior to this life changing event.

56.    Since the time of the incident, Plaintiff TYRRELL's school performance dropped to

below satisfactory level. In fact, Plaintiff TYRRELL's report card as of the Spring Semester of 2005 contained 'incomplete' marks for at least two subjects. At no time prior to the incident did Plaintiff have any incomplete grades on her report card.

57.    However, Plaintiff TYRRELL missed approximately three (3) weeks of school before Defendant SEAFORD and DISTRICT provided home instruction. Mrs. Tyrrell had to fight for it.

58.    When Plaintiff TYRRELL finally received home instruction, the educational services were far below satisfactory. Tutors came to the Tyrrell home without a proper syllabus or books. Their instruction and professionalism was well below a satisfactory level.

59.    On September 28, 2005, Defendant SEAFORD gave Mrs. Tyrrell the wrong contact information for home school instruction to begin.

60.    Additionally, at no time did the DISTRICT or SEAFORD provide any help or aid to Plaintiff TYRRELL mentally or emotionally to aid her in getting through this traumatic experience.

61.    In addition to the ridicule Plaintiff received in school, the entire Tyrrell family was harassed and ridiculed by members of the community and neighborhood leaders.

62.    As a result of all the ridicule and harassment by members of the community and the traumatic, emotionally suppressive environment Plaintiff was forced to live and be educated in without any help from Defendants, the Tyrrell's put their house up for sale in or about 2006. Thereafter, the Tyrrell's sold their house and moved to Bethpage.

63.    Defendants failed to address the serious injustice suffered by Plaintiff TYRRELL.

64.    As a result Defendants actions and/or inactions, collectively and individually, Plaintiff TYRRELL suffered serious physical and emotional injuries, psychological distress, pain and suffering and permanent injuries.

-10-

## AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY
### NEGLIGENT SUPERVISION / FAILURE TO SUPERVISE

65.    Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "64" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

66.    By requiring the Plaintiff TYRRELL to attend school and remain on school grounds at SEAFORD during the time immediately after the assault, defendants SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY, had a special duty of care, to ensure the protection and safety of the then infant plaintiff /student, MEGAN TYRRELL, and to protect her from harm by other students.

67.    The defendants, SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY, were negligent, careless and / or reckless, in failing to properly supervise their students, and failing to properly train teachers and staff as to methods of supervision.  Said negligence/recklessness thus provided the opportunity / "opening" for the defendant / assailants, "JANE and JOHN DOES 1-10".

68.    Defendants further breached their duty of care to the then infant plaintiff, MEGAN TYRRELL, by failing to address, rectify, investigate the attack, violent assault and/or harassment against Plaintiff.

69.    Defendants created a dangerous condition of property, by permitting the assailants (defendants "JOHN and JANE DOES 1-10") to return to school without any discipline, and by failing to take any steps to prevent future attacks by the defendant students. Defendants particularly

-11-

failed to hold any assembly with respect to the attack, and failed to communicate to the student body that sexually motivated attacks such as the one against MEGAN TYRRELL would not be tolerated.

70.    As a result of the aforesaid defendants' breach of security and negligent failure to supervise students, the then infant plaintiff, MEGAN TYRRELL, suffered serious physical and emotional injuries, psychological distress, pain and suffering and permanent injuries. Plaintiff further suffered irreparable injuries as she was forced to move out of the SEAFORD DISTRICT to attend another high school.

71.    As a result of the above negligence and the consequential harm suffered by Plaintiff MEGAN TYRRELL, Plaintiff seeks compensatory damages in the amount of $5,000,000.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS
## NEGLIGENCE:

72.    Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "71" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

73.    By requiring the then infant Plaintiff MEGAN TYRRELL to attend school and remain on school grounds at SEAFORD immediately after the sexual assault, Defendants had a special duty of care, to ensure the protection and safety of the then infant plaintiff/student, MEGAN TYRRELL, and to protect her from harm, ridicule, harassment and abuse by other students.

74.    The Defendants, individually and collectively, failed to properly supervise their students, failed to properly train teachers and staff as to methods of supervision, and thus provided the opportunity/"opening" for the defendant/assailants, "JOHN and JANE DOES 1-10" to sexually

-12-

assault and molest Plaintiff MEGAN TYRRELL.

75.   The Defendants, individually and collectively, failed to properly supervise their students, failed to properly train teachers and staff as to methods of supervision, and thus provided the opportunity / "opening" for the defendant / assailants, "JOHN and JANE DOES 1-10" to post the sexually explicit and derogatory pictures of Plaintiff MEGAN TYRRELL from the incident on the internet.

76.   Defendants further breached their duty of care to the then infant plaintiff, MEGAN TYRRELL, by failing to address, rectify, investigate the attack, violent assault and/or harassment against Plaintiff.

77.   Defendants created a dangerous condition of property, by permitting the assailants (defendants "JOHN and JANE DOES 1-10") to return to school without any discipline, and by failing to take any steps to prevent future attacks by the defendant students. Defendants particularly failed to hold any assembly with respect to the attack, and failed to communicate to the student body that sexually motivated attacks such as the one against MEGAN TYRRELL would not be tolerated.

78.   The Defendants could reasonably foresee that their breach of a duty of care to protect the then infant plaintiff would result in harm to her. Additionally, the Defendants could reasonably foresee that their breach of duty of care to properly address the incident immediately after the sexual assault and molestation and properly locate and discipline the assailants would result in further harm to Plaintiff MEGAN TYRRELL.

79.   As a direct and proximate cause of the aforesaid defendants' breach of their duty of care to MEGAN TYRRELL, said Plaintiff did suffer serious physical and emotional injuries, psychological distress, pain and suffering and permanent injuries.   Plaintiff further suffered

-13-

irreparable injuries as she was forced to move out of the SEAFORD DISTRICT to attend another high school.

80.    As a result of the above negligence and the consequent harm suffered by plaintiff MEGAN TYRRELL, Plaintiff seeks compensatory damages in the amount of $5,000,000.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

81.    Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "80" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

82.    The Defendants, SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA; RAGON, SUSSMAN, DUFFY and CONBOY, should have known that their conduct of (i) failing to protect the infant plaintiff from an attack, (ii) refusing to call the police on MEGAN TYRRELL's after becoming aware of the vicious attack against Plaintiff, and (iii) taking no measures to protect MEGAN TYRRELL from further attacks, and (iv) failing to address the motivation for the aforesaid assault, constituted extreme and outrageous conduct, beyond the bounds of decency within a civilized society.

81.    The defendants SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY, knew or should have known that their conduct would cause extreme emotional distress to Plaintiff MEGAN TYRRELL.  Yet, defendants continued with their course of conduct, and failed to remedy the extreme emotional distress that they knew and / or should have known was being visited upon the Plaintiff MEGAN TYRRELL.

-14-

82. As a result of the aforesaid outrageous conduct by the defendants, the Plaintiff MEGAN TYRRELL suffered extreme emotional distress, psychological injuries, and physical symptoms, pain and suffering, resulting from the emotional distress that they endured at the hands of the Defendants SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY.

83. Plaintiff MEGAN TYRRELL seeks compensatory damages for his aforesaid psychological injuries, in the amount of $5,000,000.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANTS "JOHN and JANE DOES 1-10"
## BATTERY

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "83" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

85. The Defendants, "JOHN and JANE DOES 1-10", visited unwanted, offensive and harmful physical contact upon the then infant Plaintiff, with the intention of causing harm to Plaintiff MEGAN TYRRELL.

86. Defendants, "JOHN and JANE DOES 1-10", did cause physical injuries and harm to plaintiff TYRRELL, by sexually assaulting and molesting her without consent and then posting derogatory and elicit pictures on the internet of the sexually abusive acts.

87. The then infant-plaintiff, MEGAN TYRRELL, did not in any way provoke or instigate such an attack, and did not create any threat of harm to the defendants, "JOHN and JANE DOES 1-10".

88. As a direct and proximate cause of the aforesaid Defendants' assault and battery of

-15-

MEGAN TYRRELL, said Plaintiff did suffer serious physical and emotional injuries, psychological

distress, pain and suffering and permanent injuries. Plaintiff further suffered irreparable injuries as

she was forced to move out of the SEAFORD DISTRICT to attend another high school.

89.    As a result of the above assault and battery suffered by Defendants, Plaintiff seeks

compensatory damages in the amount of $5,000,000.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST DEFENDANTS SEAFORD DISTRICT, SEAFORD, MASSAPEQUA
## DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY
### 42 U.S.C.§ 1983

90.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

Paragraphs "1" through "89" of the Complaint, inclusive, with the same full force and effect as if

fully set forth herein.

91.    At all times relevant to the claims in this matter, RAGON, SUSSMAN, DUFFY and

CONBOY, were employees of the SEAFORD DISTRICT and were state actors, and maintained as

a result of that official status a special relationship with MEGAN TYRRELL.

92.    RAGON, SUSSMAN, DUFFY and CONBOY as a state actors had a duty to protect

MEGAN TYRRELL and provide an environment of care and safety in which to attend the public

school.

93.    The Defendants, SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT

and MASSAPEQUA were required under the Due Process Clause of the Fourteenth Amendment to

the United States Constitution to provide reasonable safety and care of students in their control and

custody, including but not limited to MEGAN TYRRELL.

94.    At all time relevant to the claims in this case, MEGAN TYRRELL, was under the

-16-

control, direction and care of Defendants SEAFORD DISTRICT and SEAFORD.

95.    Defendants SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY failed to properly supervise and discipline their students that were involved in the April 1, 2005 sexual assault and molestation. Further, SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY failed to contact the police regarding the heinous acts, thereby compromising the safety and interest of Plaintiff MEGAN TYRRELL.

96.    Defendants, SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY, collectively and individually, failed to protect MEGAN TYRRELL, failed to provide reasonable safety and care to MEGAN TYRRELL, and failed to meet its responsibility to provide for the well being of MEGAN TYRRELL.

97.    Plaintiff MEGAN TYRRELL, had a right to be free in his person from battery and sexual assault and molestation and had a constitutional right to bodily integrity. The duty of RAGON, SUSSMAN, DUFFY and CONBOY, to secure and protect this right was clearly established.

98.    Defendants failure to act secure, protect and provide these rights and then to fail to call Police, and have "JOHN and JANE DOES 1-10" arrested for the sexual assault and molestation of MEGAN TYRRELL amounted to a deliberate indifference to the clearly established rights of MEGAN TYRRELL.

99.    By their inaction and failures Defendants failed to provide reasonable conditions of safety and bodily integrity that rose to the level of deliberate indifference for the harm and

-17-

violations visited on MEGAN TYRRELL.

100.    Further, by their inaction and failures, Defendants failed to properly address the abusive and heinous incident after becoming fully aware of the grossly derogatory acts of April 1, 2005 against MEGAN TYRRELL.

101.    As a direct and proximate cause of the aforesaid defendants' inactions, failures and indifference for the rights of MEGAN TYRRELL, said Plaintiff did suffer serious physical and emotional injuries, psychological distress, pain and suffering and permanent injuries. Plaintiff further suffered irreparable injuries as she was forced to move out of the SEAFORD DISTRICT to attend another high school and the failure of Defendants to provide for her constitutional and civil rights.

102.    As a result of the above battery suffered by plaintiff MEGAN TYRRELL, plaintiff seeks compensatory damages in the amount of $5,000,000.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS AGAINST DEFENDANTS SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY VIOLATION OF SECTIONS 413 and 420 of the SOCIAL SERVICES LAW

103.    Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "102" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

104.    Defendants SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT and MASSAPEQUA, are official institutions required by New York State Law to report a case of suspected child abuse or maltreatment.

105.    Defendants RAGON, SUSSMAN, DUFFY and CONBOY, are official persons

-18-

required by New York State law to report a case of suspected child abuse or maltreatment.

106.   Defendants SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY knowingly and willfully failed to report a case of suspected and/or known child abuse or maltreatment against Plaintiff MEGAN TYRRELL.

107.   By knowingly and willfully failing to report the case of suspected and/or known child abuse or maltreatment against Plaintiff MEGAN TYRRELL, Defendants SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY proximately caused severe emotional and psychological damage to Plaintiff TYRRELL.

108.   As a result of the above mentioned inaction and failures of Defendants SEAFORD DISTRICT, SEAFORD, MASSAPEQUA DISTRICT, MASSAPEQUA, RAGON, SUSSMAN, DUFFY and CONBOY Plaintiff MEGAN TYRRELL compensatory damages in the amount of $2,000,000.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request the following damages and relief:

a.      On the First Count in the sum of Five Million dollars ($5,000,000.00);

b.      On the Second Count in the sum of Five Million dollars ($5,000,000.00);

c.      On the Third Count in the sum of Five Million dollars ($5,000,000.00);

d.      On the Fourth Count in the sum of Five Million dollars ($5,000,000.00);

e.      On the Fifth Count in the sum of Five Million dollars ($5,000,000.00);

f.      On the Sixth Count in the sum of Five Million dollars ($5,000,000.00);

g.      On the Seventh Count in the sum of Two Million dollars ($2,000,000.00);

I.     Injunctive Relief against the Defendants as this Court may deem just and proper;

j.     Compensatory and Punitive damages, as outlined in the aforementioned paragraphs and aforementioned counts, in total of twelve million dollars ($32,000,000.00), as well as costs and attorneys fees pursuant to 42 U.S.C § 1988 and 42 U.S.C. §3612, and as otherwise allowed by law; and

k.     Any and all other relief as this Court deems appropriate and just.

### *A TRIAL BY JURY IS HEREBY DEMANDED*

Dated:     November 28, 2008
           Hempstead, New York

                        Respectfully submitted,

                        THE LAW OFFICES OF
                        FREDERICK K. BREWINGTON

                 By:    FREDERICK K. BREWINGTON
                        *Attorneys for Plaintiff*
                        50 Clinton Street, Suite 501
                        Hempstead, New York 11550
                        (516) 489-6959

DOCKET NO.: CV-08-4811

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

MEGAN TYRRELL,

Plaintiff,

-against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, MASSAPEQUA SCHOOL DISTRICT,
MASSAPEQUA HIGH SCHOOL,

Defendants.

## SUMMONS AND COMPLAINT

LAW OFFICES OF
FREDERICK K. BREWINGTON
*Attorneys for the Plaintiffs*
50 Clinton Street, Suite 501
Hempstead, New York 11550
(516) 489-6959

EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

MEGAN TYRRELL,

                                        Plaintiff,

        -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY, III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, MASSAPEQUA SCHOOL DISTRICT,
MASSAPEQUA HIGH SCHOOL,

                                        Defendants.
--------------------------------------------------------------X

**Index No.: CV-08-4811**

**STIPULATION
AND ORDER EXTENDING
DEFENDANTS' TIME TO
ANSWER OR MOVE**

        IT IS HEREBY STIPULATED, that the time in which defendants, SEAFORD UNION FREE

SCHOOL DISTRICT, SEAFORD HIGH SCHOOL, MICHAEL J. RAGON, in his individual and official

capacity, PAULA SUSSMAN, in her individual and official capacity, GEORGE DUFFY, III, in his

individual and official capacity, BRIAN CONBOY, in his individual and official capacity, have to appear

and to answer, amend or supplement the answer as of course or to make any motion with relation to the

summons or to the complaint in this action, be and the same hereby is extended to and including April 8,

2009.                                                                    MARCH 27th

Dated: March 9, 2009

By: Mili Makhijani, Esq.
LAW OFFICES OF FREDERICK K.
BREWINGTON
Attorneys for Plaintiffs
50 Clinton Street, Suite 501
Hempstead, New York   11550
(516) 489-6965

By:      Lawrence J. Brennan
CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER
Attorneys for Defendant – SEAFORD UNION
FREE SCHOOL DISTRICT
333 Earle Ovington Blvd., Suite 502
Uniondale, New York   11553-3625
(516) 542-5900

                        SO ORDERED,

                        _____
                        MICHAEL J. ORENSTEIN, M.J.

**LAWRENCE BRENNAN - Activity in Case 2:08-cv-04811-SJF-MLO Tyrrell v. Seaford Union Free School District et al Order to Answer**

| | |
|---|---|
| **From:** | <ecf_bounces@nyed.uscourts.gov> |
| **To:** | <nobody@nyed.uscourts.gov> |
| **Date:** | 3/12/2009 2:14 PM |
| **Subject:** | Activity in Case 2:08-cv-04811-SJF-MLO Tyrrell v. Seaford Union Free School District et al Order to Answer |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Eastern District of New York

#### Notice of Electronic Filing

The following transaction was entered on 3/12/2009 at 1:13 PM EDT and filed on 3/12/2009
**Case Name:**      Tyrrell v. Seaford Union Free School District et al
**Case Number:**      2:08-cv-4811
**Filer:**
**Document Number:** 9

**Docket Text:**
**ORDER TO ANSWER re [8] Stipulation filed by Brian Conboy, George Duffy, III, Seaford High School, Seaford Union Free School District, Michael J. Ragon, Paula Sussman Massapequa High School answer due 3/27/2009; Seaford Union Free School District answer due 3/27/2009; Seaford High School answer due 3/27/2009; Michael J. Ragon answer due 3/27/2009; Paula Sussman answer due 3/27/2009; George Duffy, III answer due 3/27/2009; Brian Conboy answer due 3/27/2009; Massapequa School District answer due 3/27/2009. Ordered by Magistrate Judge Michael L. Orenstein on 3/12/2009. (Imrie, Robert)**

**2:08-cv-4811 Notice has been electronically mailed to:**

Frederick K. Brewington office@brewingtonlaw.com

Lawrence Joseph Brennan lbrennan@cfolegal.com

Steven C. Stern sstern@sokoloffstern.com

**2:08-cv-4811 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=3/12/2009] [FileNumber=4289507-0]

[1fcb3b552b4b28c9654c1be544c8c179d48acb3d0352ecafd41c90c1566cfe37e96bc
a34139b3ede9dfe437d9d4782a1a47aeb33be7f9e43145812d09c2e934b]]

EXHIBIT "C"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MEGAN TYRRELL,

                              Plaintiff,

     -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY, III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, MASSAPEQUA SCHOOL DISTRICT,
MASSAPEQUA HIGH SCHOOL,

                          Defendants.
---------------------------------------------------------X

Index No.: CV-08-4811

**STIPULATION
AND ORDER EXTENDING
DEFENDANTS' TIME TO
ANSWER OR MOVE**

     IT IS HEREBY STIPULATED, that the time in which defendants, SEAFORD UNION FREE

SCHOOL DISTRICT, SEAFORD HIGH SCHOOL, MICHAEL J. RAGON, in his individual and official

capacity, PAULA SUSSMAN, in her individual and official capacity, GEORGE DUFFY, III, in his

individual and official capacity, BRIAN CONBOY, in his individual and official capacity, have to appear

and to answer, amend or supplement the answer as of course or to make any motion with relation to the

summons or to the complaint in this action, be and the same hereby is extended to and including March

11, 2009.

Dated: January 28, 2009

_____
LAW OFFICES OF FREDERICK K.
BREWINGTON
Attorneys for Plaintiffs
50 Clinton Street, Suite 501
Hempstead, New York 11550
(516) 489-6965

By: _____ Lawrence J. Brennan
CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER
Attorneys for Defendant – SEAFORD UNION
FREE SCHOOL DISTRICT
333 Earle Ovington Blvd., Suite 502
Uniondale, New York 11553-3625
(516) 542-5900

          SO ORDERED,

          _____
          MICHAEL J. ORENSTEIN, M.J.

EXHIBIT "D"

**LAWRENCE BRENNAN - Activity in Case 2:08-cv-04811-SJF-MLO Tyrrell v. Seaford Union Free School District et al Order Dismissing Parties**

| | |
|---|---|
| **From:** | <ecf_bounces@nyed.uscourts.gov> |
| **To:** | <nobody@nyed.uscourts.gov> |
| **Date:** | 3/27/2009 4:41 PM |
| **Subject:** | Activity in Case 2:08-cv-04811-SJF-MLO Tyrrell v. Seaford Union Free School District et al Order Dismissing Parties |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of New York

#### Notice of Electronic Filing

The following transaction was entered on 3/27/2009 at 3:39 PM EDT and filed on 3/27/2009
**Case Name:** Tyrrell v. Seaford Union Free School District et al
**Case Number:** 2:08-cv-4811
**Filer:**
**Document Number:** 13

**Docket Text:**
**STIPULATION AND ORDER Dismissing Parties. Party Massapequa High School and Massapequa School District terminated. SO ORDERED. Ordered by Judge Sandra J. Feuerstein on 3/27/2009. (Brienza, Lauren)**

**2:08-cv-4811 Notice has been electronically mailed to:**

Frederick K. Brewington office@brewingtonlaw.com

Lawrence Joseph Brennan lbrennan@cfolegal.com

Steven C. Stern sstern@sokoloffstern.com

Mili Makhijani mili.makhijani@brewingtonlaw.com, office@brewingtonlaw.com

**2:08-cv-4811 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=3/27/2009] [FileNumber=4325070-0]

[d2b4e335bd43fd65f38db41dee08a4349355103e04994dc32907124f88c9f4801deb8
155d1ee8710722130dad8ee5a756d9212531db5208eef5f04442641743f]]

**LAWRENCE BRENNAN - Activity in Case 2:08-cv-04811-SJF-MLO Tyrrell v. Seaford Union Free School District et al Stipulation of Dismissal**

| | |
|---|---|
| **From:** | <ecf_bounces@nyed.uscourts.gov> |
| **To:** | <nobody@nyed.uscourts.gov> |
| **Date:** | 3/25/2009 6:21 PM |
| **Subject:** | Activity in Case 2:08-cv-04811-SJF-MLO Tyrrell v. Seaford Union Free School District et al Stipulation of Dismissal |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of New York

#### Notice of Electronic Filing

The following transaction was entered by Stern, Steven on 3/25/2009 at 5:20 PM EDT and filed on 3/25/2009

| | |
|---|---|
| **Case Name:** | Tyrrell v. Seaford Union Free School District et al |
| **Case Number:** | 2:08-cv-4811 |
| **Filer:** | Massapequa School District |
| | Massapequa High School |

**Document Number:** 11

**Docket Text:**
**STIPULATION of Dismissal** *against Massapequa School District and High School* **by Massapequa High School, Massapequa School District (Stern, Steven)**

**2:08-cv-4811 Notice has been electronically mailed to:**

Frederick K. Brewington     office@brewingtonlaw.com

Lawrence Joseph Brennan     lbrennan@cfolegal.com

Mili Makhijani     mili.makhijani@brewingtonlaw.com, office@brewingtonlaw.com

Steven C. Stern    sstern@sokoloffstern.com

**2:08-cv-4811 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=3/25/2009] [FileNumber=4319556-0]

[081663fe913b69bf73c9f29d0f0541b48413e98bf12673d8c18112d32eac1868e49ab
7ebc4caf82cf878eb3e6d434c69adad632a4ca39cfe50d885f665a504b5]]

EXHIBIT "E"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————————X

MEGAN TYRRELL,

Plaintiff,

-against-

SEAFORD UNION FREE SCHOOL DISTRICT,
(Seaford High School), MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, JOHN and JANE DOES 1-10,

Defendants.
————————————————————————————X

**Docket No.:  CV 08-4811
(SJF) (MLO)**

**AMENDED
COMPLAINT**

*Jury Trial is Demanded*

PLAINTIFF, MEGAN TYRRELL, by and through her attorneys, THE LAW OFFICES OF

FREDERICK K. BREWINGTON, submit the following Amended Complaint, as of right, and states

and alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a civil action, seeking monetary and injunctive relief for the Plaintiff MEGAN

TYRRELL. Plaintiff asserts federal and state law claims for denial of due process and violations of

the Plaintiffs' constitutional and civil rights under the United States Constitution, Title IX,

Educational Amendments of 1972, §901(a), as amended, 20 U.S.C.A. §1681, *et seq.*, 42 USC §

1983. Plaintiffs' state law claims including, negligence/gross negligence, failure to supervise,

negligent infliction of emotional distress, battery and punitive damages.

2.      Specifically, Plaintiff seeks the following forms of redress: (i) monetary damages,

including punitive damages,  for Plaintiffs' pain and suffering, including the psychological and

emotional harm, mental anguish, and emotional distress caused to Plaintiff TYRRELL, as a result of the Defendants' failure to properly address a criminal, intentional and/or reckless incident that occurred with students from SEAFORD and MASSAPEQUA High Schools, failure to notify parents, failure to notify authorities, conducting unlawful interviews and failing to protect the privacy of Plaintiff TYRRELL. and (ii) monetary damages in an amount to be determined by a jury, for the Plaintiff's invaluable losses of educational opportunity, impairment of learning, denied and inadequate educational opportunities, severe psychological trauma, post-traumatic stress disorder, humiliation, pain and suffering, resulting from the defendants' individual and collective abuses of power, as set forth in the within Amended Complaint.

## JURISDICTION AND VENUE

3.    Jurisdiction of this Court is invoked under 28 U.S.C. S 1331 and 42 U.S.C. Section 1983. Pendent Jurisdiction over Plaintiff's state law claims exist, pursuant to 42 U.S.C. Section 1367.

4.    Prior to commencing the within action, Plaintiff timely filed and served a Notice of Claim against the defendants SEAFORD UNION FREE SCHOOL DISTRICT pursuant to General Municipal Law on June 27, 2005. The Defendants failed to settle or conciliate said claim, and the within amended complaint timely follows. Additionally, Defendants failed, and ultimately waived their right, to conduct a hearing pursuant to General Municipal Law §50h.

5.    As of the date of this Amended Complaint, Defendants have not filed any responsive pleading, therefore, the Amended Complaint is filed as of right.

6.    Venue is proper, under 28 U.S.C. Section 1391(b).

-2-

## PARTIES

7. Plaintiff, MEGAN TYRRELL (hereinafter "Plaintiff" or "TYRRELL"), is 19-years-old, born on November 29, 1989, residing in the County of Nassau, State of New York. At all times relevant to the Amended Complaint, Plaintiff was a student at Seaford High School.

8. Defendant, SEAFORD UNION FREE SCHOOL DISTRICT (hereinafter "SEAFORD"), is a school district comprised of several schools, with its central offices located at 1600 Washington Avenue, Seaford, New York, 11783. Said School District exists and operates by virtue of the laws of New York State, is governed by the laws of the State of New York and the United States. Seaford High School is a high school within the Seaford Union Free School District located at 1575 Seamans Neck Road, Seaford, New York 11783. Upon information and belief, said school is a public institution which receives federal and state funding and financial assistance, and benefits from said federal funding for its educational curriculum and for its operation.

9. MICHAEL J. RAGON (hereinafter "RAGON") was, at all relevant times to the instant Amended Complaint, the principal within SEAFORD High School, and as such, had a duty of care to oversee the safety, well-being and security of the students, including the Plaintiff MEGAN TYRRELL. Defendant RAGON is being sued herein in his individual and official capacities.

10. PAULA SUSSMAN (hereinafter "SUSSMAN) was, at all relevant times to the instant Amended Complaint, a social worker within SEAFORD High School, and as such, had a duty of care to oversee the safety, well-being and security of the students, including the Plaintiff MEGAN TYRRELL. Defendant SUSSMAN is being sued herein in her individual and official capacities.

11. GEORGE DUFFY III (hereinafter "DUFFY") was, at all relevant times to the instant Amended Complaint, the superintendent of SEAFORD Union Free School District, and as such, had

a duty to oversee SEAFORD High School and any representative thereof. Defendant DUFFY also had a duty of care to oversee the safety, well-being and security of the students, including the Plaintiff MEGAN TYRRELL.

12.     Defendant BRIAN CONBOY (hereinafter "CONBOY") was, at all relevant times to the instant Amended Complaint, the assistant superintendent of SEAFORD Union Free School District, and as such, had a duty to oversee SEAFORD High School and any representative thereof. Defendant CONBOY also had a duty of care to oversee the safety, well-being and security of the students, including the Plaintiff MEGAN TYRRELL.

13.     Defendants "JOHN and JANE DOES 1-10", at all times hereinafter mentioned, are the assailants that viciously attacked, molested and sexually assaulted Plaintiff MEGAN TYRRELL on April 1, 2005. Further, "JOHN and JANE DOES 1-10" were directly or indirectly involved with posting the derogatory and illicit pictures of the heinous incident on the internet.

## FACTUAL ALLEGATIONS

14.     In April, 2005, Plaintiff TYRRELL was fifteen years of age and attended SEAFORD high school.

15.     Plaintiff TYRRELL was a bright, shy and sensitive girl of the Catholic faith.

16.     Prior to the incident complained of herein, Plaintiff TYRRELL had a part time job at an Italian Ice Cream store. Additionally, Plaintiff TYRRELL's grades were consistently satisfactory or above.

17.     On April 1, 2005, at approximately 8:00PM at Pathmark in Seaford, students from SEAFORD High School and Massapequa High School sexually assaulted and molested Plaintiff TYRRELL.

-4-

18.	More specifically, upon information and belief, Plaintiff TYRRELL was drugged and made to perform derogatory sexual acts with another female student (JANE DOE). At no time did Plaintiff TYRRELL consent to any sexual, derogatory acts that occurred with the other female student.

19.	While being sexually assaulted by the SEAFORD and Massapequa students, pictures were taken of the assault and molestation. Upon information and belief, a student from Massapequa, John Rollo, used digital camera and took illicit pictures of Plaintiff to post on the Internet.

20.	Upon information and belief, a boy named John (last name currently unknown) was the owner/possessor of the vehicle involved in the incident.

21.	Plaintiff TYRRELL does not recall the tragic events that took place on April 1st. Upon information and belief, Plaintiff TYRRELL lacks any memory of the incident because she was involuntarily and without her knowledge may have ingested a drug commonly known as the "date rape" drug.

22.	The derogatory pictures of the assault and molestation were posted on the Internet by SEAFORD students for her peers and other members of the community to view. Specifically, some of the pictures depicted sexual interaction between Plaintiff TYRRELL and another female.

23.	At no time did Plaintiff TYRRELL consent to the violative, intrusive and abusive acts by students from SEAFORD.

24.	Soon after the incident, a student from St. Anthony's High School and friend of Plaintiff TYRRELL, Matt Burnhauser, reported to his guidance counselors, Mr. Hut and Mrs. Walsh, about the incident and that he (Matt) feared Plaintiff TYRRELL was a threat to herself.

25.	Upon information and belief, on the same day, Mr. Hut and Mrs. Walsh proceeded

-5-

to contact a social worker from SEAFORD, Defendant SUSSMAN.

26. On April 4, 2005, Defendant SUSSMAN called Plaintiff out of class to speak with her regarding the tragic events of April 1, 2005.

27. Upon information and belief, Plaintiff TYRELL informed Defendant SUSSMAN that a few students that were involved in the incident attended Massapequa High School. Defendant SUSSMAN called the Massapequa High School Guidance Department to inform them of the incident.

28. However, even though Defendant SUSSMAN was aware of the facts and circumstances of the incident, absolutely no notice was given to Plaintiff's parents, Lisa and James Tyrrell, nor were any school officials or authorities informed of the incident.

29. On April 13, 2005, Mrs. Tyrrell was informed by her sister, an employee of Defendant SEAFORD, that the illicit and derogatory photographs were spread on the internet. This was the first time Mrs. Tyrrell became aware of the photographs.

30. Immediately thereafter, on April 14, 2005, Mrs. Tyrrell took her daughter to a therapist to discern whether a therapist could help Plaintiff recall and recount the events from April 1st. Unfortunately, Plaintiff TYRRELL could not recall the events after speaking with a therapist.

31. The next day, on April 15, 2005, Mrs. Tyrrell went to SEAFORD high school to collect more information about the incident. Defendant SUSSMAN was not in that day and Mrs. Tyrrell spoke briefly to the Assistant Principal, Dr. Niedel. Mrs. Tyrrell left a message for Defendant SUSSMAN to contact her. Mrs. Tyrrell informed Dr. Niedel that Plaintiff could have been sexually abused.

32. Still very concerned about her daughter, and in the dark about the events that

transpired on April 1st, 2005, Mrs. Tyrrell took Plaintiff to her gynecologist to learn whether Megan contracted any sexually transmitted disease(s), or other sickness(es), from the incident.

33. On April 18, 2005, at approximately 8:00AM, Plaintiff informed her mother that Defendant SUSSMAN saw the illicit photographs of Megan.

34. On that same day, Mrs. Tyrrell went to Defendant SEAFORD to speak with Defendant SUSSMAN. Upon arriving, Mrs. Tyrrell began asking Defendant SUSSMAN questions regarding the incident to which Defendant SUSSMAN *rudely responded* that due to student confidentiality, she did not have to cooperate.

35. Mrs. Tyrrell immediately left the school and called the sex crime unit to learn about the rules and regulations regarding reporting alleged crimes. Upon information and belief, Mrs. Tyrrell was informed by the sex crime unit that the Defendant SEAFORD was mandated to report the unlawful and criminal acts that occurred on April 1, 2005.

36. On April 19, 2005, Defendant RAGON, SEAFORD high school's principal, called Mrs. Tyrrell and informed her that he spoke with a school lawyer and set up a meeting to meet with Mrs. Tyrrell later that day.

37. Later that day, when Defendant RAGON met with Mrs. Tyrrell, he stated that he first became aware of the illicit pictures on the internet and the incident on April 11, 2005.

38. Upon information and belief, the pictures were used as "wallpaper" on computer screens in computer class.

39. Defendant SEAFORD and DISTRICT have a school policy with respect to the "Acceptable Use Policy" of the internet. The policy states, in relevant part:

**Filtering**

To the greatest extent practicable, the District will block access for both minors and adults to visual depictions that are (1) obscene, (2) child pornography or (3) harmful to minors. Access shall be blocked to such material that appears on the Internet or other forms of electronic communication.

**Definitions**
Obscenity shall be defined by section 1460 of title 18 of the United States Code. Child pornography shall be defined by section 2256 of title 18 of the United States Code. The District shall determine what it deems to be "harmful to minors" and use the filtering technology in accordance with that determination.

40.     Upon information and belief, Defendant SEAFORD failed to follow their own "Acceptable Use Policy" with respect to internet use.

41.     Defendant RAGON proceeded to tell Mrs. Tyrrell that Matt Burnhauser, the St. Anthony's student, told a counselor at his school that Plaintiff "blacked out" and that he believed Plaintiff TYRRELL was a victim of date rape. St. Anthony's high school had a seminar on date rape where Matt learned about the dangers of date rape.

42.     Gerald Travato, a 9th grade student at SEAFORD and cousin to John Rollo (SEAFORD student involved in pictures and internet), assaulted Matt Burnhauser because Matt accused Gerald for the illicit pictures on school computer screens as "wallpaper".

43.     Mrs. Tyrrell asked Defendant RAGON if any report was made regarding the incident. Defendant RAGON responded, "No." Mrs. Tyrrell said that according to the law, he and/or the school were mandated to report the incident. Defendant RAGON did not respond.

44.     On April 20, 2005, Mrs. Tyrell took Plaintiff out of school.

45.     Plaintiff TYRRELL's peers in school were whispering about Plaintiff and ridiculing her, calling her a lesbian and other names. Students were even writing derogatory comments about

-8-

Plaintiff TYRRELL on the bathroom walls.

46. Defendants, collectively and individually, failed to take any action whatsoever with respect to the pictures being posted during classes, writings on the bathroom walls, or any of the derogatory and sexually harassing statements that were made regarding Plaintiff TYRRELL.

47. On April 22, 2005, Mrs. Tyrell called the superintendent of schools, George Duffy, III, and requested home tutoring/schooling.

48. Defendant RAGON called that evening in response to Mrs. Tyrrell's request for home schooling and stated that he feels Plaintiff TYRRELL will be "*just fine*" and that the school would "watch out for her." Mrs. Tyrrell responded that they already did a poor job of that.

49. On April 21, 2005, Plaintiff TYRRELL went to the 7th Precinct to file a police report regarding the incident on April 1, 2005.

50. On May 2, 2005, Defendant RAGON called Mrs. Tyrrell and informed her that Plaintiff will get a home tutor, although he feels that she doesn't need it.

51. Also on May 2, 2005, Defendant DUFFY sent Mr. & Mrs. Tyrrell a letter stating that their request for home instruction had been granted.

52. On May 3, 2005, Defendant CONBOY called Mrs. Tyrrell and stated that there will be a full investigation conducted regarding the matter.

53. After Defendants' alleged investigation of the incident, Defendants did not at any time inform Plaintiff TYRRELL's parents about the results of the investigation.

54. Upon information and belief, Defendants failed to take any appropriate action regarding the incident.

55. Additionally, Defendant RAGON told Mr. & Mrs. Tyrrell that he was not sure

whether Plaintiff would receive home tutoring the next year.

56.    Plaintiff TYRRELL did not experience any serious trauma in her life prior to this life changing event. However, since the event Plaintiff TYRRELL has suffered severe trauma and emotional distress.

57.    Since the time of the incident, Plaintiff TYRRELL's school performance dropped to below satisfactory level. In fact, Plaintiff TYRRELL's report card as of the Spring Semester of 2005 contained 'incomplete' marks for at least two subjects. At no time prior to the incident did Plaintiff have any incomplete grades on her report card.

58.    However, Plaintiff TYRRELL missed approximately three (3) weeks of school before Defendant SEAFORD provided home instruction. Mrs. Tyrrell had to fight for it.

59.    When Plaintiff TYRRELL finally received home instruction, the educational services were far below satisfactory. Tutors came to the Tyrrell home without a proper syllabus or books. Their instruction and professionalism was well below a satisfactory level.

60.    On September 28, 2005, Defendant SEAFORD gave Mrs. Tyrrell the wrong contact information for home school instruction to begin.

61.    Additionally, at no time did SEAFORD provide any help or aid to Plaintiff TYRRELL mentally or emotionally to aid her in getting through this traumatic experience.

62.    In addition to the ridicule Plaintiff received in school, the entire Tyrrell family was harassed and ridiculed by members of the community and neighborhood leaders.

63.    As a result of all the ridicule and harassment by members of the community and the traumatic, emotionally suppressive environment Plaintiff was forced to live and be educated in without any help from Defendants, the Tyrrell's put their house up for sale in or about 2006.

Thereafter, the Tyrrell's sold their house and moved to Bethpage.

64. Defendants failed to address the serious injustice suffered by Plaintiff TYRRELL.

65. Defendants were aware that Plaintiff TYRRELL, as a woman, would be subjected to further ridicule, harassment and offensive conduct after the incident of April 1, 2005.

66. Nevertheless, Defendants failed to discipline the students involved in the incident after repeated requests by Plaintiff's mother for the matter to be investigated and for the incident to be reported to the appropriate legal authorities.

67. As a result Defendants actions and/or inactions, collectively and individually, Plaintiff TYRRELL suffered serious physical and emotional injuries, psychological distress, pain and suffering and permanent injuries.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS SEAFORD, RAGON, SUSSMAN, DUFFY and CONBOY
## NEGLIGENT SUPERVISION / FAILURE TO SUPERVISE

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "67" of the Amended Complaint, inclusive, with the same full force and effect as if fully set forth herein.

69. By requiring the Plaintiff TYRRELL to attend school and remain on school grounds at SEAFORD during the time immediately after the assault, defendants SEAFORD, RAGON, SUSSMAN, DUFFY and CONBOY, had a special duty of care, to ensure the protection and safety of the then infant plaintiff /student, MEGAN TYRRELL, and to protect her from harm by other students.

70. The defendants, SEAFORD, RAGON, SUSSMAN, DUFFY and CONBOY, were negligent, careless and / or reckless, in failing to properly supervise their students, and failing to

properly train teachers and staff as to methods of supervision. Said negligence/recklessness thus provided the opportunity / "opening" for the defendant / assailants, "JANE and JOHN DOES 1-10" to ridicule, harass and embarrass Plaintiff TYRRELL.

71.    Defendants further breached their duty of care to the then infant plaintiff, MEGAN TYRRELL, by failing to address, rectify, investigate the attack, violent assault and/or harassment against Plaintiff.

72.    Defendants created a dangerous condition of property, by permitting the assailants (defendants "JOHN and JANE DOES 1-10") to return to school without any discipline, and by failing to take any steps to prevent future attacks by the defendant students. Defendants particularly failed to hold any assembly with respect to the attack, and failed to communicate to the student body that sexually motivated attacks such as the one against MEGAN TYRRELL would not be tolerated.

73.    As a result of the aforesaid defendants' breach of security and negligent failure to supervise students, the then infant plaintiff, MEGAN TYRRELL, suffered serious physical and emotional injuries, psychological distress, pain and suffering and permanent injuries. Plaintiff further suffered irreparable injuries as she was forced to move out of the SEAFORD DISTRICT to attend another high school.

74.    As a result of the above negligence and the consequential harm suffered by Plaintiff MEGAN TYRRELL, Plaintiff seeks compensatory damages in the amount of $5,000,000.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANTS
### NEGLIGENCE/GROSS NEGLIGENCE:

75.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

Paragraphs "1" through "74" of the Amended Complaint, inclusive, with the same full force and effect as if fully set forth herein.

76. By requiring the then infant Plaintiff MEGAN TYRRELL to attend school and remain on school grounds at SEAFORD immediately after the sexual assault, Defendants had a special duty of care, to ensure the protection and safety of the then infant plaintiff/student, MEGAN TYRRELL, and to protect her from harm, ridicule, harassment and abuse by other students.

77. The Defendants, individually and collectively, failed to properly supervise their students, failed to properly train teachers and staff as to methods of supervision, and thus provided the opportunity / "opening" for the defendant / assailants, "JOHN and JANE DOES 1-10" to ridicule, harass and embarrass Plaintiff TYRRELL.

78. The Defendants, individually and collectively, failed to properly supervise their students, failed to properly train teachers and staff as to methods of supervision, and thus provided the opportunity / "opening" for the defendant / assailants, "JOHN and JANE DOES 1-10" to post the sexually illicit and derogatory pictures of Plaintiff MEGAN TYRRELL from the incident on the internet on school property .

79. Defendants further breached their duty of care to the then infant plaintiff, MEGAN TYRRELL, by failing to address, rectify, investigate the attack, violent assault and/or harassment against Plaintiff.

80. Defendants created a dangerous condition of property, by permitting the assailants (defendants "JOHN and JANE DOES 1-10") to return to school without any discipline, and by failing to take any steps to prevent future attacks by the defendant students. Defendants particularly failed to hold any assembly with respect to the attack, and failed to communicate to the student body

that sexually motivated attacks such as the one against MEGAN TYRRELL would not be tolerated.

81. The Defendants could reasonably foresee that their breach of a duty of care to protect the then infant plaintiff would result in harm to her. Additionally, the Defendants could reasonably foresee that their breach of duty of care to properly address the incident immediately after the sexual assault and molestation and properly locate and discipline the assailants would result in further harm to Plaintiff MEGAN TYRRELL.

82. Defendants above mentioned failures constitutes negligence/gross negligence. Defendants negligence/gross negligence proximately caused Plaintiff's injuries.

83. As a direct and proximate cause of the aforesaid defendants' breach of their duty of care to MEGAN TYRRELL, said Plaintiff did suffer serious physical and emotional injuries, psychological distress, pain and suffering and permanent injuries. Plaintiff further suffered irreparable injuries as she was forced to move out of the SEAFORD to attend another high school.

84. As a result of the above negligence and the consequent harm suffered by plaintiff MEGAN TYRRELL, Plaintiff seeks compensatory damages in the amount of $5,000,000.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "84" of the Amended Complaint, inclusive, with the same full force and effect as if fully set forth herein.

86. The Defendants, SEAFORD, RAGON, SUSSMAN, DUFFY and CONBOY, should have known that their conduct of (i) failing to protect the infant plaintiff from an attack, (ii) refusing to call the police on MEGAN TYRRELL's after becoming aware of the vicious attack against

-14-

Plaintiff, and (iii) taking no measures to protect MEGAN TYRRELL from further attacks, and (iv) failing to address the motivation for the aforesaid assault, constituted extreme and outrageous conduct, beyond the bounds of decency within a civilized society.

81.   The defendants SEAFORD, RAGON, SUSSMAN, DUFFY and CONBOY, knew or should have known that their conduct would cause extreme emotional distress to Plaintiff MEGAN TYRRELL. Yet, defendants continued with their course of conduct, and failed to remedy the extreme emotional distress that they knew and / or should have known was being visited upon the Plaintiff MEGAN TYRRELL.

82.   As a result of the aforesaid outrageous conduct by the defendants, the Plaintiff MEGAN TYRRELL suffered extreme emotional distress, psychological injuries, and physical symptoms, pain and suffering, resulting from the emotional distress that they endured at the hands of the Defendants SEAFORD, RAGON, SUSSMAN, DUFFY and CONBOY.

83.   Plaintiff MEGAN TYRRELL seeks compensatory damages for his aforesaid psychological injuries, in the amount of $5,000,000.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANTS "JOHN and JANE DOES 1-10"
## BATTERY

84.   Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "83" of the Amended Complaint, inclusive, with the same full force and effect as if fully set forth herein.

85.   The Defendants, "JOHN and JANE DOES 1-10", visited unwanted, offensive and harmful physical contact upon the then infant Plaintiff, with the intention of causing harm to Plaintiff MEGAN TYRRELL.

-15-

86. Defendants, "JOHN and JANE DOES 1-10", did cause physical injuries and harm to plaintiff TYRRELL, by sexually assaulting and molesting her without consent and then posting derogatory and illicit pictures on the internet of the sexually abusive acts.

87. The then infant-plaintiff, MEGAN TYRRELL, did not in any way provoke or instigate such an attack, and did not create any threat of harm to the defendants, "JOHN and JANE DOES 1-10".

88. As a direct and proximate cause of the aforesaid Defendants' assault and battery of MEGAN TYRRELL, said Plaintiff did suffer serious physical and emotional injuries, psychological distress, pain and suffering and permanent injuries. Plaintiff further suffered irreparable injuries as she was forced to move out of the SEAFORD DISTRICT to attend another high school.

89. As a result of the above assault and battery suffered by Defendants, Plaintiff seeks compensatory damages in the amount of $5,000,000.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST DEFENDANTS SEAFORD, RAGON, SUSSMAN, DUFFY and CONBOY
### 42 U.S.C.§ 1983

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "89" of the Amended Complaint, inclusive, with the same full force and effect as if fully set forth herein.

91. At all relevant times, Plaintiff TYRRELL enjoyed a federally protected right to have equal access to the education system.

92. At all relevant times, Plaintiff TYRRELL enjoyed a federally protected right to enjoy an education free from harassment, ridicule, embarrassment and hostility.

-16-

93.    At all times relevant to the claims in this matter, RAGON, SUSSMAN, DUFFY and CONBOY, were employees of SEAFORD and were state actors.

94.    RAGON, SUSSMAN, DUFFY and CONBOY as a state actors had a duty to protect MEGAN TYRRELL and provide an environment of care and safety in which to attend the public school.

95.    The Defendant SEAFORD was required under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to provide reasonable safety and care of students in their control and custody, including but not limited to MEGAN TYRRELL.

96.    Defendants SEAFORD, RAGON, SUSSMAN, DUFFY and CONBOY failed to properly discipline their students that were involved in the April 1, 2005 sexual assault and molestation. Further, SEAFORD, RAGON, SUSSMAN, DUFFY and CONBOY failed to contact the police regarding the heinous acts, thereby compromising the safety and interest of Plaintiff MEGAN TYRRELL.

97.    Defendants, individually and collectively failed to address, rectify, investigate the attack, violent assault and/or harassment against Plaintiff; failed to properly supervise their students, failed to properly train teachers and staff as to methods of supervision, and thus provided the opportunity / "opening" for the defendant / assailants, "JOHN and JANE DOES 1-10" to post the sexually illicit and derogatory pictures of Plaintiff MEGAN TYRRELL from the incident on the internet on school property; failed to properly train teachers and staff as to methods of supervision, and thus provided the opportunity / "opening" for the defendant / assailants, "JOHN and JANE DOES 1-10" to ridicule, harass and embarrass Plaintiff TYRRELL.

98.    Defendants failures amounted to deliberate indifference toward the constitutional

-17-

and/or federal statutory rights of Plaintiff.

99. Defendants failure to properly investigate the incident, discipline the assailants, stop the derogatory commentary and postings of Plaintiff and failure to report the incident to proper authorities was a conscious disregard and deliberately indifferent to Plaintiff's rights.

100. Defendants, SEAFORD, RAGON, SUSSMAN, DUFFY and CONBOY's actions represented a reckless and callous disregard for Plaintiff's rights amounting to actions that are punitive in nature.

101. Defendants, SEAFORD, RAGON, SUSSMAN, DUFFY and CONBOY, collectively and individually, failed to protect MEGAN TYRRELL, failed to provide reasonable safety and care to MEGAN TYRRELL, and failed to meet its responsibility to provide for the well being of MEGAN TYRRELL.

102. Plaintiff MEGAN TYRRELL, had a right to equal access to an education. Plaintiff had the right to attend an educational environment free from harassment, ridicule and hostility. The duty of RAGON, SUSSMAN, DUFFY and CONBOY, to investigate, discipline, inquire and prevent further harassment at school on school property after the incident was a clearly established duty.

103. Defendants were personally involved in the failure to act and secure, protect and provide these rights to Plaintiff. Defendants were personally involved in their failure to call Police, and have "JOHN and JANE DOES 1-10" arrested for the sexual assault and molestation of MEGAN TYRRELL amounted to a deliberate indifference to the clearly established rights of MEGAN TYRRELL.

104. By their inaction and failures Defendants failed to provide reasonable conditions of safety and bodily integrity that rose to the level of deliberate indifference for the harm and

-18-

violations visited on MEGAN TYRRELL.

105. Further, by their inaction and failures, Defendants failed to properly address the abusive and heinous incident after becoming fully aware of the grossly derogatory acts of April 1, 2005 against MEGAN TYRRELL.

106. As a direct and proximate cause of the aforesaid defendants' inactions, failures and indifference for the rights of MEGAN TYRRELL, said Plaintiff did suffer serious physical and emotional injuries, psychological distress, pain and suffering and permanent injuries. Plaintiff further suffered irreparable injuries as she was forced to move out of the SEAFORD DISTRICT to attend another high school and the failure of Defendants to provide for her constitutional and civil rights.

107. As a result of the above battery suffered by plaintiff MEGAN TYRRELL, plaintiff seeks compensatory damages in the amount of $5,000,000.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT SEAFORD
## TITLE IX, 20 USCA §1681

108. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "107" of the Amended Complaint, inclusive, with the same full force and effect as if fully set forth herein.

109. Defendant SEAFORD is a recipient of federal financial assistance.

110. Defendant SEAFORD was on notice that it may be liable for its failure to respond to the discriminatory acts of certain non-agents.

111. Defendant SEAFORD was aware that Plaintiff TYRRELL was a female and that the incident would cause her humiliation, embarrassment and harm to her person in that she would be

-19-

subject to ridicule as a result of the incident.

112. Defendant SEAFORD's response, or lack thereof, to the incident was deliberately indifferent and clearly unreasonable in light of the known circumstances.

113. Defendant SEAFORD, by its failure to properly respond to the incident and permit further ridicule, harassment, embarrassment and offensive conduct to Plaintiff, subjected Plaintiff to sexual harassment.

114. Defendant SEAFORD was made aware of the incident immediately after it occurred. After learning of the incident, Defendant SEAFORD allowed, permitted and/or condoned further student-on-student harassment by failing to investigate the incident, failing to discipline the students involved in the harassment, allowing obscene and illicit pictures to be posted on students' computers and remain there, permitting writings on bathroom walls regarding the Plaintiff, failing to discipline students that called Plaintiff a "lesbian", and other incidents of harassment.

115. The harassment, ridicule and comments targeted differences in gender. The behavior of the students after the incident and harassment was serious and debilitating and denied Plaintiff equal access to an educational program or activity.

116. As a result of the harassment and SEAFORD's deliberate indifference to same, Plaintiff missed three (3) weeks of school, Plaintiff's grades declined significantly, and Plaintiff was ultimately home-schooled.

117. SEAFORD failed to assist Plaintiff emotionally or educationally after the egregious incident that occurred on April 1, 2005.

118. The harassment suffered by Plaintiff was so severe, pervasive and offensive that it deprived the Plaintiff access to the opportunities and benefits by the school on the basis of her gender

in that it undermined and detracted from Plaintiff's educational experience.

119.   SEAFORD's failures caused Plaintiff to undergo harassment and made her liable and vulnerable to it.

120.   As a direct and proximate cause of the aforesaid defendants' inactions, failures and deliberate indifference for the rights of MEGAN TYRRELL, said Plaintiff was denied access to SEAFORD's programs and activities.

121.   As a result of the above battery suffered by plaintiff MEGAN TYRRELL, plaintiff seeks compensatory damages in the amount of $5,000,000.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs request the following damages and relief:

a.   On the First Count in the sum of Five Million dollars ($5,000,000.00);

b.   On the Second Count in the sum of Five Million dollars ($5,000,000.00);

c.   On the Third Count in the sum of Five Million dollars ($5,000,000.00);

d.   On the Fourth Count in the sum of Five Million dollars ($5,000,000.00);

e.   On the Fifth Count in the sum of Five Million dollars ($5,000,000.00);

f.   On the Sixth Count in the sum of Five Million dollars ($5,000,000.00);

g.   On the Seventh Count in the sum of Two Million dollars ($5,000,000.00);

i.   Injunctive Relief against the Defendants as this Court may deem just and proper;

j.   Compensatory and Punitive damages, as outlined in the aforementioned paragraphs and aforementioned counts, in total of twelve million dollars ($35,000,000.00), as well as costs and attorneys fees pursuant to 42 U.S.C § 1988 and 42 U.S.C. §3612, and as otherwise allowed by law; and

k.    Any and all other relief as this Court deems appropriate and just.

## *A TRIAL BY JURY IS HEREBY DEMANDED*

Dated:    November 28, 2008
Hempstead, New York

Respectfully submitted,

THE LAW OFFICES OF
FREDERICK K. BREWINGTON

By:         /s/
        FREDERICK K. BREWINGTON
        *Attorneys for Plaintiff*
        50 Clinton Street, Suite 501
        Hempstead, New York 11550
        (516) 489-6959

DOCKET NO.:
CV-08-4811
(SJF)(MLO)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

MEGAN TYRRELL,

Plaintiff,

-against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, MASSAPEQUA SCHOOL DISTRICT,
MASSAPEQUA HIGH SCHOOL,

Defendants.

## AMENDED COMPLAINT

LAW OFFICES OF
FREDERICK K. BEWINGTON
*Attorneys for the Plaintiffs*
50 Clinton Street, Suite 501
Hempstead, New York 11550
(516) 489-6959

EXHIBIT "F"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MEGAN TYRRELL,

Plaintiff,

-against-

SEAFORD UNION FREE SCHOOL DISTRICT,
(Seaford High School), MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, JOHN and JANE DOES 1-10,

Defendants.
-------------------------------------------------------------X

Docket No.:   **CV 08-4811**
**(SJF) (MLO)**

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties that, in light of

the Amended Complaint filed by Plaintiff on April 27, 2009, the motion to dismiss Plaintiff's

Complaint dated November 28, 2008, is hereby withdrawn;

IT IS FURTHER STIPULATED AND AGREED, by and between the Parties that counsel

for Defendants SEAFORD UNION FREE SCHOOL DISTRICT, MICHAEL J. RAGON, PAULA

SUSSMAN, GEORGE DUFFY III, and BRIAN CONBOY, will accept service of the Amended

Complaint on behalf of all said Defendants and personal service of the Amended Complaint on each

individual Defendant need not be effectuated;

IT IS FURTHER STIPULATED AND AGREED, by and between the Parties that Defendants

do not waive any rights in equity and law and reserve all defenses and affirmative defenses against

Plaintiff's Amended Complaint;

IT IS FURTHER STIPULATED AND AGREED, by and between the Parties that

Defendants' time to answer the Amended Complaint, or otherwise move, is extended thirty (30) days

from the date of this Stipulation *i.e*, May 30, 2009

IT IS FURTHER STIPULATED AND AGREED, by and between the Parties that this

Stipulation may be executed in counterparts, and facsimile signatures shall be accepted as originals

for the purposes of this stipulation.

MILI MAKHIJANI
LAW OFFICES OF
FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
50 Clinton Street, Suite 501
Hempstead, New York 11550

Dated: Hempstead, New York
April 30, 2009

LAWRENCE J. BRENNAN
CONGDON, FLAHERTY,
O'CALLAGHAN, etc.
*Attorneys for Defendants*
333 Earle Irvington Blvd.
Uniondale, NY 11530

So Ordered: 4/30/09

HONORABLE MICHAEL L. ORENSTEIN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MEGAN TYRRELL,

                              Plaintiff,

          -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
(Seaford High School), MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, JOHN and JANE DOES 1-10,


                              Defendants.
------------------------------------------------------------X

Docket No.:   **CV 08-4811**
              **(SJF) (MLO)**



              <u>**STIPULATION**</u>

          IT IS HEREBY STIPULATED AND AGREED, by and between the Parties that, in light of

the Amended Complaint filed by Plaintiff on April 27, 2009, the motion to dismiss Plaintiff's

Complaint dated November 28, 2008, is hereby withdrawn;

          IT IS FURTHER STIPULATED AND AGREED, by and between the Parties that counsel

for Defendants SEAFORD UNION FREE SCHOOL DISTRICT, MICHAEL J. RAGON, PAULA

SUSSMAN, GEORGE DUFFY III, and BRIAN CONBOY, will accept service of the Amended

Complaint on behalf of all said Defendants and personal service of the Amended Complaint on each

individual Defendant need not be effectuated;

          IT IS FURTHER STIPULATED AND AGREED, by and between the Parties that Defendants

do not waive any rights in equity and law and reserve all defenses and affirmative defenses against

Plaintiff's Amended Complaint;

04/29/2009 13:35 FAX
Case 2:08-cv-04811-SJF-MLO     Document 19     Filed 04/30/2009     Page 2 of 2     ☒003/003
04/29/2009 10:14 FAX
Case 2:08-cv-04811-SJF-MLO     Document 18     Filed 04/29/2009     Page 2 of 2     ☒003/003

IT IS FURTHER STIPULATED AND AGREED, by and between the Parties that

Defendants' time to answer the Amended Complaint, or otherwise move, is extended thirty (30) days

from the date of this Stipulation, i.e. *May 30, 2009*

IT IS FURTHER STIPULATED AND AGREED, by and between the Parties that this

Stipulation may be executed in counterparts, and facsimile signatures shall be accepted as originals

for the purposes of this stipulation.


MILI MAKHIJANI
LAW OFFICES OF
FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
50 Clinton Street, Suite 501
Hempstead, New York 11550


Dated: Hempstead, New York
       April 30, 2009


LAWRENCE J. BRENNAN
CONGDON, FLAHERTY,
O'CALLAGHAN, etc.
*Attorneys for Defendants*
333 Earle Irvington Blvd.
Uniondale, NY 11530


So Ordered: 4/30/09

HONORABLE MICHAEL L. ORENSTEIN
UNITED STATES MAGISTRATE JUDGE

EXHIBIT "G"

Case 2:08-cv-04811-SJF-MLO    Document 22    Filed 05/29/2009    Page 1 of 1
05/28/2009 13:24 FAX    Case 2:08-cv-04811-SJF-MLO    Document 20    Filed 05/28/2009    Page 1 of 1    ☑002/002
05/28/2009 11:48 FAX    ☑003/003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MEGAN TYRRELL,

                              Plaintiff,

          -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY, III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, MASSAPEQUA SCHOOL DISTRICT,
MASSAPEQUA HIGH SCHOOL,

                              Defendants.
-------------------------------------------------------X

Index No.: CV-08-4811

STIPULATION
AND ORDER EXTENDING
DEFENDANTS' TIME TO
ANSWER OR MOVE

IT IS HEREBY STIPULATED, that the time in which defendants, SEAFORD UNION FREE

SCHOOL DISTRICT, SEAFORD HIGH SCHOOL, MICHAEL J. RAGON, in his individual and official

capacity, PAULA SUSSMAN, in her individual and official capacity, GEORGE DUFFY, III, in his

individual and official capacity, BRIAN CONBOY, in his individual and official capacity, have to appear

and to answer, amend or supplement the answer as of course or to make any motion with relation to the

summons or to the complaint in this action, be and the same hereby is extended to and including June 12,

2009.

Dated: May 28, 2009

By: Mili Makhijani, Esq.
LAW OFFICES OF FREDERICK K.
BREWINGTON
Attorneys for Plaintiffs
50 Clinton Street, Suite 501
Hempstead, New York  11550
(516) 489-6965

By:     Lawrence J. Brennan
CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER
Attorneys for Defendant – SEAFORD UNION
FREE SCHOOL DISTRICT
333 Earle Ovington Blvd., Suite 502
Uniondale, New York  11553-3625
(516) 542-5900

SO ORDERED,

MICHAEL J. ORENSTEIN, M.J.

5/29/09

**LAWRENCE BRENNAN - Activity in Case 2:08-cv-04811-SJF-MLO Tyrrell v. Seaford Union Free School District et al Order to Answer**

| | |
|---|---|
| **From:** | <ecf_bounces@nyed.uscourts.gov> |
| **To:** | <nobody@nyed.uscourts.gov> |
| **Date:** | 6/1/2009 10:25 AM |
| **Subject:** | Activity in Case 2:08-cv-04811-SJF-MLO Tyrrell v. Seaford Union Free School District et al Order to Answer |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of New York

#### Notice of Electronic Filing

The following transaction was entered on 6/1/2009 at 10:23 AM EDT and filed on 5/29/2009

| | |
|---|---|
| **Case Name:** | Tyrrell v. Seaford Union Free School District et al |
| **Case Number:** | 2:08-cv-4811 |
| **Filer:** | |
| **Document Number:** | 22 |

**Docket Text:**
**ORDER TO ANSWER re [20] Stipulation filed by Brian Conboy, George Duffy, III, Seaford High School, Seaford Union Free School District, Michael J. Ragon, Paula Sussman Seaford Union Free School District answer due 6/12/2009; Seaford High School answer due 6/12/2009; Michael J. Ragon answer due 6/12/2009; Paula Sussman answer due 6/12/2009; George Duffy, III answer due 6/12/2009; Brian Conboy answer due 6/12/2009. Ordered by Magistrate Judge Michael L. Orenstein on 5/29/2009. (Imrie, Robert)**

**2:08-cv-4811 Notice has been electronically mailed to:**

Frederick K. Brewington office@brewingtonlaw.com

Lawrence Joseph Brennan lbrennan@cfolegal.com

Steven C. Stern sstern@sokoloffstern.com

Mili Makhijani mili.makhijani@brewingtonlaw.com, office@brewingtonlaw.com

**2:08-cv-4811 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=6/1/2009] [FileNumber=4458949-0] [
a871ee3f3af1378703f2c1396201ae919a0e9e5c61982963f8a51be45db0e6efd20d06
145e9e47e6dea475b15a308d16caee69c0a5a828f95fcaa9c12dc74f59]]

EXHIBIT "H"

Notice of Claim

6/27/2005

1. Claimant

_Tyrrell , James, Lisa,& Megan
_3635 Manhasset street _

_Seaford, N.Y 11783 _

. State the name and address of the state agency or agencies that you
claim caused your damage:

__ Seaford High School
___1600 Washington _ avenue Seaford New York 11783

Massapequa High School _
    4925 Merrick Road Massapequa N.Y 11758

This is to inform you we have been seriously injured as a result of negligence and
reckless conduct . We have been damaged at an amount unknown  at this time.

_Lisa Tyrrell_

Dated: 6/28/05
_Brian D. Griffin_





R E C E I V E D
JUN 2 8 2005
SUPERINTENDENT'S OFFICE
SEAFORD SCHOOLS

EXHIBIT "I"



# NEW YORK SCHOOLS INSURANCE RECIPROCAL
### THE OMNI • 333 EARLE OVINGTON BOULEVARD • UNIONDALE, NEW YORK 11553

July 20, 2005

Mr. & Mrs. James Tyrrell
3635 Manhasset St
Seaford, NY 11783

RE:    Megan Tyrrell
INSURED: Seaford Union Free School District
D/A:   4/1/05
FILE:  SEA-2004-002

Dear Mr. & Mrs. Tyrrell:

Please be advised that the New York Schools Insurance Reciprocal is the insurance carrier for the Seaford UFSD. We are in receipt of your Notice of Claim that was recently filed against the District. We must regretfully inform you that our office is rejecting your Notice of Claim due to being non-specific in nature.

Pursuant to General Municipal Law, Section 50e, the notice of claim must state following: The nature of the claim; the time, place and manner in which the claim arose; and the items of damage or injuries claimed.

If you should have any further questions regarding this matter, feel free to contact the undersigned.

Very truly yours,

Theresa Murnane
Litigation Examiner
516-750-9480

Cc: Seaford UFSD
1600 Washington Avenue
Seaford, NY 11783
Attn: Ed Wallowitz

# AFFIDAVIT OF SERVICE

State of New York )
               ) ss.:
County of Nassau )

EILEEN PICINICH, being duly sworn, deposes and says:

Your affirmant is not a party to this action, is over 18 years of age and resides at North Bellmore, New York. On March 27, 2009 your deponent served the within NOTICE OF MOTION AND ATTORNEY'S AFFIRMATION upon:

LAW OFFICES OF FREDERICK K. BREWINGTON
Attorneys for Plaintiff, MEGAN TYRRELL
50 Clinton Street, Suite 501
Hempstead, NY 11550
(516) 489-6959

the addresses designated for said attorneys for that purpose by delivering a true copy of same enclosed in a post-paid properly addressed wrapper, in --a post office-- official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York.

_____
EILEEN PICINICH

Sworn to before me this
27TH day of March, 2009.

_____
Notary Public

**CAROLYN RICHTER**
**Notary Public, State of New York**
**No. 01RI4716299**
**Qualified in Nassau County**
**Commission Expires December 31, 20__**

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MEGAN TYRRELL,

                              Plaintiff,

        -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY, III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, JOHN and JANE DOES 1-10,

                              Defendants.

---

## NOTICE OF MOTION TO DISMISS

---

### CONGDON, FLAHERTY, O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER, ESQS.
Attorneys for Defendants, SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY, III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity
The Omni
333 Earle Ovington Boulevard, Suite 502
Uniondale, New York 11553-3625
(516) 542-5900
TELEFAX NO. (516) 542-5912

---

TO:    ALL PARTIES

---

Service of a copy of the within

                Is hereby admitted.