UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MEGAN TYRRELL,

                                        Plaintiff,

          -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, JOHN and JANE DOES 1-10,

                                        Defendants.
-------------------------------------------------------------X

**Docket No.
CV-08-4811
(SJF) (MJO)**

**D.J. Sandra J. Feuerstein**

## MEMORANDUM OF LAW IN SUPPORT OF
## SEAFORD DEFENDANTS' MOTION TO DISMISS

CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER
Attorneys for Defts., SEAFORD UNION FREE
SCHOOL DISTRICT, SEAFORD HIGH
SCHOOL, MICHAEL J. RAGON, in his individual
and official capacity, PAULA SUSSMAN, in her
individual and official capacity, GEORGE DUFFY
III, in his individual and official capacity, BRIAN
CONBOY, in his individual and official capacity

Office & P.O. Address:
333 Earle Ovington Boulevard, Suite 502
Uniondale, NY 11553-3625
(516) 750-9462 (direct dial)
Our File No. NYSIR3-001

Of Counsel:
    Lawrence J. Brennan (SS-7867)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................1

POINT I

THE STATE LAW CLAIMS MUST BE DISMISSED BASED
UPON PLAINTIFF'S FAILURE TO FILE AN ADEQUATE NOTICE
OF CLAIM ...........................................................................................2

POINT II

THE INDIVIDUAL NAMED SEAFORD DEFENDANTS, MICHAEL J.
RAGON, PAULA SUSSMAN, GEORGE DUFFY III, AND BRIAN
CONBOY, SUED IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES, ARE ENTITLED TO QUALIFIED IMMUNITY AND
SHOULD BE DISMISSED FROM THIS ACTION ......................................5

POINT III

THERE IS NO COGNIZABLE CLAIM FOR PUNITIVE DAMAGES
AGAINST THE SEAFORD DEFENDANTS, MICHAEL J.
RAGON, PAULA SUSSMAN, GEORGE DUFFY III, AND BRIAN
CONBOY, SUED IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES.........................................................................................7

POINT IV

THE PLAINTIFF DOES NOT SET FORTH ANY COGNIZABLE
FEDERAL CLAIM UNDER 42 U.S.C §1983 ..........................................9

POINT V

THE NEGLIGENCE AND THE NEGLIGENT
INFLICTION OF EMOTIONAL DISTRESS CAUSES
OF ACTION SHOULD BE DISMISSED.................................................13

POINT VI

PLAINTIFF'S AMENDED COMLAINT DOES NOT SET FORTH
A CAUSE OF ACTION UNDER TITLE IX, 20 U.S.C. §1681...................14

CONCLUSION ...................................................................................17

i

# TABLE OF AUTHORITIES

## CASES

Altamayer v. City of New York,
149 A.D.2d 638, 540 N.Y.S.2d 459 (2d Dep't 1989).................................................2

Baker v. McCollan,
443 U.S. 13799 S. Ct. 2689 (1979)...........................................................................9

Berkowitz v. Lieber,
286 A.D.2d 408, 729 N.Y.S.2d 897 (2d Dep't 2001)................................................2

Canelos v. City of New York,
37 A.D.3d 637, 830 N.Y.S.2d 334 (2d Dep't 2007)..............................................2, 3

Colon v. New York City Housing Authority,
23 A.D.3d 425, 805 N.Y.S.2d 601 (2d Dep't 2005)................................................2

Davis v. Monroe County Board of Education,
526 U.S. 629, 119 S. Ct. 1661 (1999)..........................................................5, 14, 15

DeJesus V. . New York City Transit Authority,
18 Misc.3d 104, 854 N.Y.S.2d 839 (App. Term 2007) ..........................................  2

DiMenna v. Long Island Lighting Co.,
209 A.D.2d 373, 618 N.Y.S.2d 425 (2d Dep't 1994)...............................................3

Farmer v. Brennan,
511 U.S. 825, 114 S. Ct. 1970 (1994)......................................................................12

Gant v. Wallingford Bd. of Ed.,
195 F.3d 134 (2d Dep't 1999)...................................................................................16

Gebser v. Lago Vista Independent School District,
524 U.S. 274, 118 S. Ct. 1989 (1998).....................................................................15

Graham v. Conner,
490 U.S. 386, 109 S. Ct. 1865 (1989).......................................................................9

Hardy v. N.Y.C. Health & Hosps. Corp.,
164 F.3d 789 (2d Cir. 1999)......................................................................................2

Hargraves v. Bath Central School District,
237 A.D.2d 977, 654 N.Y.S.2d 539 (4th Dep't 1979).............................................7

ii

Harlow v. Fitzgerald,
457 U.S. 800, 102 S. Ct 2727 (1992).................................................................5

Hayut v. State University of New York,
352 F.3d 733 (2d. Cir. 2003)..........................................................................10

Jones v. Parmley,
465 F.3d 46 (2d Cir. 2006)...............................................................................8

Martinez v. State of California,
444 U.S. 277, 100 S. Ct. 553 (1980).............................................................12

Mitchell v. Forsyth,
472 U.S. 511, 526, 105 S.Ct. 2806 (1985)......................................................5

Moitto v. Yonkers Public Schools,
534 F.Supp2d 422 (S.D.N.Y. 2008)..............................................................16

Morris v. Lindau,
196 F.3d 102 (2d Cir. 1999)..............................................................................7

Parise v. New York City Department of Sanitation,
2009 WL 106331 (2d Cir. 2009)...................................................................2, 3

Pearson v. Callahan,
---U.S.---, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).......................................8

Reynolds v. Giuliani,
506 F.3d 183, 191-192 (2d Cir. 2007) ..........................................................12

Saggio v. Spraddy,
475 F. Supp.2d 203, (E.D.N.Y. 2007) .....................................................11, 12

Saucier v. Katz,
533 U.S. 194, 171 S.Ct. 2151 (2001)..............................................................5

Scruggs v. Meriden Bd. Of Educ.,
No. 03-Civ-2224, 2007 WL 2318851, at **12-13 9D.Conn. Aug. 10, 2007 ...................12

Sharapata v. Town of Islip,
56 N.Y. 232, 452 N.Y.S.2d 347 (1982) ..........................................................7

Soriano v. Bd. of Ed. of City of New York,
2004 WL 2397610 (E.D.N.Y. 2004)..............................................................15

Tesoriero v. Syosset Central School District,
382 F. Supp.2d 387 (E.D.N.Y.2005) ...................................................16

T.Z. v. City of New York,
2009 WL 1456551 (E.D.N.Y. 2009)...................................................15

Valenti v. Torrington Board of Education
601 F. Supp.2d 427 (D. Conn., 2009)....................................................8

Walker v. City of N.Y.,
974 F.2d 293, 297-298 (2d Cir. 1992) ................................................12

Zamora v. North Salem Central School District,
414 F. Supp.2d 418 (S.D.N.Y. 2006)..................................................16

Zeno v. Pine Plains Central School District,
2009 WL 1403935 (S.D.N.Y. 2009)....................................................14

## **STATUTES**

42 U.S.C. §1983.................................................................................1, 11

20 U.S.C. §1681.....................................................................................14

N.Y. EDUC. LAW §3313..........................................................................1

N.Y. EDUC. LAW §3118..........................................................................2

N.Y. GEN. MUN. LAW §50-e..............................................................1, 2, 3

N.Y. GEN. MUN. LAW §50-i.................................................................1, 2

TITLE IX, 20 U.S.C. §1681 ................................................................1, 14

## PRELIMINARY STATEMENT

Defendants, SEAFORD UNION FREE SCHOOL DISTRICT, SEAFORD HIGH
SCHOOL, MICHAEL J. RAGON, in his individual and official capacity, PAULA SUSSMAN,
in her individual and official capacity, GEORGE DUFFY III, in his individual and official
capacity, and BRIAN CONBOY, in his individual and official capacity (hereinafter referred to as
the moving Seaford Defendants), make this Motion to Dismiss, pursuant to F.R.C.P. 12(b)(6),
*inter alia,* on the following grounds:  (a)  All of plaintiff's state law claims are barred based upon
her failure to file an adequate timely notice of claim pursuant to New York General Municipal
Law §§50-e and 50-i and New York Education Law §3313; (b) The individually-named Seaford
defendants are entitled to qualified immunity and should be dismissed from this action; (c) There
is no cognizable claim for punitive damages against the Seaford defendants; (d) The plaintiff
does not set forth any cognizable federal claims under 42 U.S.C. §1983 or other federal statutes;
(e) The plaintiff's negligence and negligent infliction of emotional harm causes of action are
state law claims and should be dismissed; and (f) The plaintiff's Amended Complaint does not
set forth a cause of action under Title IX, 20 U.S.C. §1681.

1

## POINT I

### THE STATE LAW CLAIMS MUST BE DISMISSED BASED UPON PLAINTIFF'S FAILURE TO FILE AN ADEQUATE NOTICE OF CLAIM

Section 50-e of the New York General Municipal Law requires that a claimant serve a written notice of claim as a condition precedent to bringing an action against a municipality. See New York General Municipal Law §50-e and 50-i(1)(a) (McKinney 2007). In addition to the General Municipal Law, the New York Education Law requires that a notice of claim be filed with a school district within three months of the accrual of the cause of action. See New York Education Law §3118. Federal courts apply state notice of claim statutes to state law claims. Hardy v. N.Y.C. Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999).

The General Municipal Law requires that the notice of claim specifies the "nature of the claim," and "the time when, the place where and the manner in which the claim arose." New York General Municipal Law 50-e(2). (McKinney 2007) The purpose of the statute is to enable the municipality to locate the alleged defect, and to investigate and assess the merits of plaintiff's claim. See Altamayer v. City of New York, 149 A.D.2d 638, 540 N.Y.S.2d 459 (2d Dep't 1989). A notice of claim meets the requirements of the statute "when the notice describes the accident with sufficient particularity so as to enable the defendant to conduct a proper investigation and to assess the merits of the claim. DeJesus v. New York City Transit Authority, 18 Misc3d 104, 107, 854 N.Y.S.2d 839, 841 (App. Term 2007).

Where a notice of claim is inadequate, an action brought pursuant to it will be dismissed. Parise v. New York City Department of Sanitation, 2009 WL 106331 (2d Cir. 2009); Canelos v. City of New York, 37 A.D.3d 637, 830 N.Y.S.2d 334 (2d Dep't 2007); Colon v. New York City Housing Authority, 23 A.D.3d 425, 805 N.Y.S.2d 601 (2d Dep't 2005); Berkowitz v. Lieber, 286

A.D.2d 408, 729 N.Y.S.2d 897 (2d Dep't 2001); DiMenna v. Long Island Lighting Co., 209

A.D.2d 373, 618 N.Y.S.2d 425 (2d Dep't 1994).

In Parise v. New York City Department of Sanitation, supra., the United States Court of

Appeals for the Second Circuit recently affirmed the granting of summary judgment to a

municipal defendant based upon an inadequate notice of claim.  The Court found that "the notice

of claim was deficient on its face because it failed to state the cause of Parise's fall or any theory

of Sanitation's liability".

In Canelos, supra., the plaintiff filed a motion seeking leave to amend a notice of claim

22 months after the injury causing incident.  The municipal defendant cross-moved, seeking

summary judgment dismissing the complaint on the ground that the notice of claim was

inadequate.  In affirming the trial court's granting of summary judgment to the defendant, the

Appellate Court held as follows:

> The plaintiff's mistaken description in her notice of claim
> of the location of the alleged sidewalk defect together with
> the 22 month delay in seeking leave to amend the notice of
> claim, prejudiced the defendants by depriving them of the
> opportunity to conduct the type of prompt investigation
> envisioned by General Municipal Law §50-e.

Id. at 637.

In this matter, on June 28, 2005, plaintiff and both her parents served a purported notice

of claim upon Seaford High School.  A copy of the notice of claim is annexed to the

accompanying affidavit as Exhibit "H".  The notice of claim fails to set forth any of the items

required by the General Municipal Law.  In this regard, the notice of claim does not set forth the

nature of the claim, the time when the claim arose, the place where the claim arose or the manner

in which the claim arose.  The notice of claim merely sets forth a boilerplate claim of negligent

and reckless conduct.  It in no way apprises Seaford of the nature of the alleged negligent or reckless acts on its part or how such acts caused injury to plaintiff.  As such, it is clearly inadequate.

Although plaintiff was advised of the defects in the notice of claim, more than four years have passed and plaintiff has not sought leave to serve an amended notice of claim.  Rather, the within action was commenced alleging numerous state law claims.  Since Seaford could not anticipate the nature of the claims that were eventually brought by plaintiff based upon the broad language of the notice of claim, it could not conduct a prompt investigation of the claims and is now manifestly prejudiced from doing given the time that has elapsed following the alleged incident.

Inasmuch as plaintiff served a patently inadequate notice of claim, all state common law and statutory supplemental claims brought pursuant to it should be dismissed.

## POINT II

### THE INDIVIDUAL NAMED SEAFORD DEFENDANTS, MICHAEL J. RAGON, PAULA SUSSMAN, GEORGE DUFFY III, AND BRIAN CONBOY, SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, ARE ENTITLED TO QUALIFIED IMMUNITY AND SHOULD BE DISMISSED FROM THIS ACTION

Qualified immunity is "an immunity from suit rather than the mere defense to liability and is effectively lost if the case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985). The purpose of qualified immunity is to protect government employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct 2727 (1992).

The qualified immunity determination begins with an analysis of whether, on the facts alleged, the official's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 200-01, 171 S.Ct. 2151 (2001). Assuming that proof is satisfied, and a constitutional violation is established on the facts alleged, "the next, sequential step is to ask whether the right was clearly established at the time of the incident. Id. at 201.

This incident complained of occurred at 8:00 p.m. on the evening of April 1, 2005, involving individuals who were not under the direction, control or supervision of the "Seaford Defendants" at such time (Exh. "E", ¶17). Thus, there can be no constitutional rights asserted by the plaintiff that could implicate or involve the "Seaford defendants".

The plaintiff alleges that the Seaford school officials failed to appropriately discipline unnamed and unidentified students. Courts must refrain from second-guessing the disciplinary decisions made by school administrators. See generally, Davis v. Monroe County Board of

Education, 526 U.S. 629, 119 S. Ct. 1661 (1999).  Although this decision involved a harassment situation involving Title IX, the enunciated principle is clear.

The plaintiff was placed on home tutoring at the specific request of her parents, and not as a result of any disciplinary action undertaken by the "Seaford defendants" (¶¶47, 50, 51).  The District did not exclude her from attending school.  It cannot be said that the District infringed upon her right to an education, which she characterizes as a property right.

<u>POINT III</u>

**THERE IS NO COGNIZABLE CLAIM FOR PUNITIVE DAMAGES
AGAINST THE SEAFORD DEFENDANTS, MICHAEL J. RAGON,
PAULA SUSSMAN, GEORGE DUFFY III, AND BRIAN CONBOY,
SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES**

In the plaintiff's Preliminary Statement and Prayer for Relief, she seeks punitive damages

against the Seaford Union Free School District, Seaford High School, Michael J. Ragon, in his

individual and official capacity, Paula Sussman, in her individual and official capacity, George

Duffy III, in his individual and official capacity and Brian Conboy, in his individual and official

capacity.

The Seaford Union Free School District and Seaford High School (named incorrectly

herein) are public corporations and are exempt from the assessment of punitive damages. <u>Morris

v. Lindau</u>, 196 F.3d 102, 112 (2d Cir. 1999); <u>Sharapata v. Town of Islip</u>, 56 N.Y. 232, 452

N.Y.S.2d 347 (1982); <u>Hargraves v. Bath Central School District</u>, 237 A.D.2d 977, 654 N.Y.S.2d

539 (4th Dep't 1979).  Concerning the individually named defendants, Michael J. Ragon, Paula

Sussman, George Duffy III and Brian Conboy, the plaintiff has made no allegations that would

satisfy the extraordinary remedy of punitive damages.

Even the most generous reading of the plaintiff's allegations fails to warrant the

imposition of punitive damages.

The elements of the plaintiff's various claims against the individual school personnel

consist of failing to prevent an off-premises, off-hours assault, of failing to investigate and of

failing to report her assault to police and to Child Protective Services, of requiring her to remain

at school following the assault, thereby creating a special duty to her, of failing to provide

appropriate and timely home tutoring services, of failing to have a school-wide meeting

concerning the plaintiff, of failing to arrest unnamed defendants "John and Jane Does #s 1-10",

of failing to prevent further unspecified attacks on the plaintiff, and of being deliberately

indifferent to the harm and violations visited on the plaintiff.

The plaintiff has not alleged that the actions of the Seaford defendants, individually or

collectively, were willful or malicious, that any of their actions were carried out in gross

disregard of their duties, or that they recklessly disregarded her rights.

"The Supreme Court has established a two-part inquiry to determine when a district court

should hold that the doctrine of qualified immunity bars a suit against government officials:  (1)

the court must first consider whether the facts alleged, when taken in the light most favorable to

the party asserting the injury, demonstrate a violation of a constitutional right, and (2) the court

must then consider whether the officials' actions violated clearly established statutory or

constitutional rights of which a reasonable person would have known." Jones v. Parmley, 465

F.3d 46, 55 (2d Cir. 2006).  Applying the two prong test is no longer mandatory, as the Supreme

Court recently held that the lower courts "should have the discretion to decide whether that

procedure is worthwhile in particular cases." Pearson v. Callahan, ---U.S.---, 129 S.Ct. 808, 172

L.Ed.2d 565 (2009); Valenti v. Torrington Board of Education, 601 F. Supp. 427 (D. Conn.,

2009).

The plaintiff's claim for punitive damages should be dismissed.

## POINT IV

### THE PLAINTIFF DOES NOT SET FORTH ANY COGNIZABLE CONSTITUTIONAL TORT OR FEDERAL CLAIM UNDER 42 U.S.C. §1983

In her Sixth Cause of Action, the plaintiff asserts a general claim for a violation of her civil rights under §1983. Section 1983 is "'not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Conner, 490 U.S. 386, 393-4, 109 S. Ct. 1865, 1870 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689, 2694, n.3 (1979)).

The plaintiff has alleged that the Seaford defendants failed to properly supervise and discipline their students that were involved in the April 1, 2005 sexual assault and molestation. (¶96) Any incidents involving unnamed students from Seaford High School and/or Massapequa High School took place after school hours in a parking lot of a retail store, wholly unrelated to the activities of the Seaford Union Free School District. (¶¶17, 19).

No special relationship with the Seaford UFSD has been alleged to have controlled the circumstances of the evening of April 1, 2005.

The Complaint is devoid of any specific allegations that the incident in question or that any further incidents involving the unnamed "John and Jane Does #s 1-10" occurred on any property owned, maintained and/or controlled by the Seaford UFSD.

Indeed, the bare assertion that the plaintiff's Constitutional due process rights were violated by the Seaford defendants' failure to have any of "John and Jane Does #s 1-10" arrested is devoid of legal merit. The plaintiff concedes that both she and her mother went directly to the police sex crimes unit (¶¶35, 49). The police had exclusive jurisdiction to investigate and effect arrests for an off-campus, off-hours incident involving the plaintiff and and/or "John and Jane

Does #s 1-10." Certainly no cohesive legal argument can be made that the failure of the Nassau County Police Department to arrest any individuals can result in a finding of deliberate indifference by school officials to the plaintiff's rights.

The plaintiff describes allegations about her peers commenting about her and writing on bathroom walls in school, but nowhere asserts that any of these unnamed individuals were defendants "John and Jane Does #s 1-10." (¶45) These allegations do not create a special duty to the plaintiff nor demonstrate deliberate indifference by school officials to the plaintiff. Indeed, nowhere is it alleged in the Amended Complaint that the plaintiff identified to Seaford personnel the names of any Seaford students who may have made such comments about her or who wrote on the bathroom walls. The plaintiff merely attempts to aggregate separate events in order to bring a deliberate indifference claim, thereby creating the constitutional infirmity of extreme and outrageous conduct.

There are no allegations that this alleged peer conduct was severe or pervasive enough to constitute actionable sexual harassment for purposes of Section 1983. See Hayut v. State University of New York, 352 F.3d 733 (2d. Cir. 2003).

Plaintiff contends that the "Seaford defendants" failed to take steps to prevent further attacks by "John and Jane Does #s 1-10" but nowhere identifies the individuals who assaulted her or indeed describes that any further attacks ever occurred at Seaford Schools or elsewhere.

A close reading of the complaint only alleges that "a few students that were involved in the incident attended Massapequa High School." (¶27) This information came directly from the plaintiff (¶¶27, 28). No specific students from Seaford Schools were identified by her.

Concerning the allegations of negligence in the Second Cause of Action, the plaintiff contends that by failing to train and supervise in methods of supervision that the defendants

"John and Jane Does #s 1-10" were provided with an opportunity or 'opening' to attack the plaintiff. No attenuated interpretation of the facts can support the inference that school personnel can be held legally responsible for after-school private evening activities of their "alleged" students while off-campus. (¶77)

The "Seaford defendants" had no legal obligation to have an assembly to advise the entire school of the plaintiff's off-campus incident (¶80). Again, the plaintiff seeks to use inflammatory phrases such as "created a dangerous condition of property" in an attempt to bypass constitutional requirements for civil right violations.

The "Seaford defendants" had no obligation to provide the plaintiff with an appropriate education other than what her parents requested, that being home tutoring. Any short-term delays alleged in providing these services was ministerial in nature.

They accommodated the plaintiff and her parents in removing her discomfiture from attending the high school where she felt awkward (¶50). No fellow students have been identified by the plaintiff who caused or created this environment at the school following the April 1, 2005 events.

Thus, there has been no deprivation of a federally protected property report by the "Seaford defendants". See generally, Saggio v. Spraddy, 475 F. Supp.2d 203, 210, 218 Ed. Law Rep. 234 (E.D.N.Y. 2007). Although the cited case involves summary judgment in a racial harassment case, the issue of property deprivation in a due process context is discussed. As in that case, the plaintiff was not coerced to avail herself of alternative schooling.

There have been no cognizable federal claims alleged herein under 42 U.S.C. §1983.

Analogizing the case at bar to a municipality's customs and practices is not inappropriate. A mere finding of negligence is not sufficient to impose liability against a municipality. Indeed,

liability for constitutional torts is more limited in scope than common law tort liability.  <u>Martinez v. State of California</u>, 444 U.S. 277, 285 (1980).

In analyzing the deliberate indifference allegations, the plaintiff must satisfy the standard of knowledge and disregard of an excessive risk.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). Even the most generous interpretation of the complaint does not satisfy that standard concerning the April 1, 2005 assault, the alleged comments made by the plaintiff's unidentified peers or the writing on the bathroom walls.  (See <u>Saggio v. Spraddy, 475 F.Supp.2d 203 (E.D.N.Y. 2007)</u>.

The plaintiff makes no claims herein that Seaford school officials encouraged or affirmatively permitted the alleged harassment by her peers, (See <u>Scruggs v. Meriden Bd. Of Educ.,</u> No. 03-Civ-2224, 2007 WL 2318851, at **12-13 9D.Conn. Aug. 10, 2007).

Furthermore, there are no allegations in the Amended Complaint that satisfy the standards enunciated wherein public officials could be determined to be deliberately indifferent herein.  See <u>Reynolds v. Giuliani</u>, 506 F.3d 183, 191-192 (2d Cir. 2007); <u>Walker v. City of N.Y.,</u> 974 F.2d 293, 297-298 (2d Cir. 1992).

## POINT V

### THE NEGLIGENCE AND THE NEGLIGENT
### INFLICTION OF EMOTIONAL DISTRESS
### CAUSES OF ACTION SHOULD BE DISMISSED

These causes of action are state supplemental claims and should be dismissed for the reasons previously discussed in Point I.

The plaintiff cannot seriously claim that the Seaford defendants failed to protect the plaintiff from the April 1, 2005 attack, or to protect her from further future attacks.  No specific allegations, indeed, have been made that any such additional attacks ever occurred (¶¶80, 81).

As previously discussed, the plaintiff's mother advised the principal that she had gone to the police, as had the plaintiff herself (¶¶35, 49).

With respect to item (iv) "failing to address the motivation for the aforesaid assault, constituted extreme and outrageous conduct beyond the bounds of decency in a civilized society." (¶86)  This again is nothing more than an opportunity to inject inflammatory phrases into the Amended Complaint in order to allege constitutional torts where none exist.

13

## POINT VI

### PLAINTIFF'S AMENDED COMPLAINT
### DOES NOT SET FORTH A CAUSE OF ACTION
### UNDER TITLE IX, 20 U.S.C. §1681

Title IX of the Education Amendments of 1972 prohibits sex discrimination in any educational program or activity at any educational institution that is a recipient of federal funds. Title IX also prohibits all forms of sex discrimination in federally funded educational institutions, including sexual harassment. Title IX of provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. §1681(a).

In order to establish a *prima facie* case of sexual harassment under Title IX, plaintiff must show Seaford was "deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." Davis v. Monroe County Board of Education, 526 U.S. 629, 650, 119 S. Ct. 1661 (1999). "Damages are not available for simple acts of teasing and name-calling among school children, however, even where these comments target differences in gender." Id. at 652.

A school district will only be held liable in damages where "their own deliberate indifference effectively caused the discrimination." Id. at 642. Deliberate indifference, at a minimum, must "cause students to undergo harassment or make them liable or vulnerable to it." Id. at 645 (citations omitted). In Zeno v. Pine Plains Central School District, 2009 WL 1403935 (S.D.N.Y. 2009), in a Title VI claim, the Court held that "deliberate indifference may be found either when the defendant's response to known discrimination is clearly unreasonable in light of

the known circumstances or when remedial action only follows after a lengthy and unjustifiable delay". Id. at *2. (citations omitted).  The plaintiff does not identify her peers who whispered about her and ridiculed her or who wrote derogatory comments on the bathroom walls (¶¶45, 46).

A District will be liable for damages only where they "exercise substantial control over both the harasser and the context in which the known harassment occurs." Davis at 645. A plaintiff seeking recovery for a violation of Title IX based on student-on-student harassment must prove that the alleged harassment took place in a location within the control of a recipient of federal funds.  T.Z. v. City of New York, 2009 WL 1456551 (E.D.N.Y. 2009). Only then can the District be said to 'expose' its students to harassment or 'cause' them to undergo harassment. Davis. at 645.

Further, plaintiff must establish that Seaford had actual knowledge of the alleged harassment. Gebser v. Lago Vista Independent School District, 524 U.S. 274, 118 S.Ct. 1989, 2000 (1998); Soriano v. Bd. of Ed. of City of New York, 2004 WL 2397610 (E.D.N.Y. 2004). To prevail, "plaintiff must demonstrate that someone 'vested with authority to address the alleged discrimination and to institute corrective measures' on behalf of the funding recipient had actual knowledge, as opposed to constructive knowledge, of the discrimination". Soriano at *3. (citations omitted)

In this matter, plaintiff's amended complaint does not set forth a cause of action under Title IX. In this regard, plaintiff sets forth separate discriminatory acts, the alleged assault; the photographing of the assault and publication of the photographs on the internet; and subsequent verbal harassment of plaintiff at school.  With respect to the assault, there is no basis for the imposition of liability upon Seaford as the incident did not occur in a location within Seaford's

control. Seaford cannot control the private conduct and acts of students which occur at night off of school premises in the parking lot of a supermarket unrelated to any school-involved activities, and therefore, cannot be held liable under Title IX as a result of such act. Likewise, the photographing of the incident and subsequent publication was alleged to have been done by John Rollo, a student of Massapequa School District. Exhibit "E", ¶19. Since a prerequisite to liability under Title IX is that the alleged "harasser is under the school's disciplinary authority," the acts of a Massapequa student cannot be the basis of liability on the part of Seaford. Gant v. Wallingford Bd. of Ed., 195 F.3d 134, 145 (2d Dep't 1999).

Further, there is no claim that any individual at Seaford had actual notice of the alleged verbal abuse of plaintiff after the assault. The amended complaint alleges that Seaford had actual notice of the assault and the posting of photographs on the internet. However, with respect to the alleged verbal harassment, it is claimed that Seaford allowed and permitted such student-on-student harassment as a result of its failure to investigate the alleged incident. There is no allegation that Seaford had actual knowledge of the identities of verbal abusers nor any facts alleged that show actual knowledge of the part of Seaford of the verbal abuse. As such, the amended complaint fails to set forth a cause of action under Title IX.

Finally, the Title IX cause of action is brought against Seaford and the individually named employees. It is well settled that individuals are not liable under Title IX since they are not recipients of federal funds. Zamora v. North Salem Central School District, 414 F.Supp.2d 418, 423 (S.D.N.Y. 2006); Tesoriero v. Syosset Central School District, 382 F.Supp.2d 387, 396 (E.D.N.Y.2005); Moitto v. Yonkers Public Schools, 534 F.Supp2d 422, 427 (S.D.N.Y. 2008).

As such, the Title IX cause of action, to the extent it is alleged against the individually named Seaford defendants, must be dismissed.

## CONCLUSION

For all of the foregoing reasons, the "Seaford Defendants" respectfully request that this Court dismiss this action in its entirety along with such other relief as this Court deems just and equitable.

CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER

BY: _____

LAWRENCE J. BRENNAN (SS 7867)

Attorneys for Defendants, SEAFORD UNION
FREE SCHOOL DISTRICT, SEAFORD HIGH
SCHOOL, MICHAEL J. RAGON, in his individual
and official capacity, PAULA SUSSMAN, in her
individual and official capacity, GEORGE DUFFY
III, in his individual and official capacity
and BRIAN CONBOY, in his individual and
official capacity

Office & P.O. Address
333 Earle Ovington Boulevard, Suite 502
Uniondale, NY  11553-3625
(516) 750-9462 (direct)
Our File No. NYSIR3-001

H:\WPDOCS\FILES\T\Tyrrell\nysir3-001\legal\UPDATED.FINAL.MEMO.OF.LAW.doc

17

AFFIDAVIT OF SERVICE

State of New York )
                  ) ss.:
County of Nassau )

EILEEN PICINICH, being duly sworn, deposes and says:

Your affirmant is not a party to this action, is over 18 years of age and resides at North Bellmore, New York.  On June 12, 2009 your deponent served the within MEMORANDUM OF LAW upon:

LAW OFFICES OF FREDERICK K. BREWINGTON
Attorneys for Plaintiff, MEGAN TYRRELL
50 Clinton Street, Suite 501
Hempstead, NY  11550
(516) 489-6959

the addresses designated for said attorneys for that purpose by delivering a true copy of same enclosed in a post-paid properly addressed wrapper, in --a post office-- official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York.

_____
EILEEN PICINICH

Sworn to before me this
12TH day of June, 2009.

_____
Notary Public

JOSEPHINE LEONARDI
Notary Public, State of New York
No. 01LE6032750
Qualified in Nassau County
Commission Expires November 8, 2009