UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MEGAN TYRRELL,

                       Plaintiff,

   -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, JOHN and JANE DOES 1-10,

                       Defendants.
------------------------------------------------------------------------X

**Index No.: CV-08-4811 (SJF) (MLO)**

**D.J. Sandra J. Feuerstein**

**ATTORNEY'S REPLY AFFIRMATION ON BEHALF OF SEAFORD DEFENDANTS**

      LAWRENCE J. BRENNAN, an attorney duly admitted to practice law before the Courts of the State of New York and this Court, affirms the following statements are true under the penalties of perjury:

      1.     I am counsel to the firm of CONGDON, FLAHERTY, O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER, attorneys for defendants, SEAFORD UNION FREE SCHOOL DISTRICT, SEAFORD HIGH SCHOOL, MICHAEL J. RAGON, in his individual and official capacity, PAULA SUSSMAN, in her individual and official capacity, GEORGE DUFFY III, in his individual and official capacity, and BRIAN CONBOY, in his individual and official capacity (hereinafter referred to collectively as "Seaford Defendants") and, as such, I am fully familiar with all the pleadings and proceedings heretofore had herein. I make this affirmation in reply to the plaintiff's opposition to the Seaford defendants' Motion to Dismiss which seeks an Order, pursuant to F.R.C.P. 12(b)(6), dismissing the within action on the grounds that: (a) plaintiff's state law claims are barred by plaintiff's failure to serve an adequate notice of claim pursuant to N.Y. Gen. Mun. Law §50-I and N.Y. Educ. Law §3813; (b) the individual

named "Seaford Defendants" are entitled to qualified immunity; (c) plaintiff failed to set forth any cognizable federal cause of action or claim; (d) there is no cognizable claim for punitive damages against the Seaford defendants, Michael J. Ragon, Paula Sussman, George Duffy III and Brian Conboy, sued in their individual and official capacities; and (e) the plaintiff does not set forth any cognizable federal claim under 42 U.S. Code Section 1983 or Title IX, 20 U.S.C §1681.

2. The Seaford defendants do not accept the plaintiff's characterizations concerning factual allegations asserted by her in the plaintiff's Amended Complaint.

I. **THE NOTICE OF CLAIM FILED BY THE PLAINTIFF AND HER PARENTS WAS DEFICIENT AND DID NOT SATISFY THE LEGAL REQUIREMENTS OF NEW YORK LAW.**

3. The plaintiff concedes in her Memorandum of Law (page 5, lines 15-17) that "However, although certain facts were inadvertently omitted from the *pro se* Notice of Claim, defendant, SEAFORD failed to set forth any facts tending to establish that it was prejudiced by the alleged defect."[1]

4. The plaintiff's obligation under New York law is to apprise the defendant of the nature of the claims. The purported Notice of Claim is defective on its face.

---

[1] Concerning the statement that the Notice of Claim was *pro se,* your affirmant points out that the Notice of Claim, dated June 27, 2005, was notarized by Brian D. Griffin. Upon information and belief, Mr. Griffin is an attorney. However, your deponent cannot aver whether he assisted the plaintiff and her parents in the preparation of the document, or merely notarized the signatures. Furthermore, your deponent cannot certify that the Brian D. Griffin who notarized the signatures is indeed an attorney or is the only individual with that name who is a licensed notary in Nassau County, New York. (Refer to Exhibit H, Seaford Defendants' Attorney's Affirmation in Support of Motion to Dismiss).

5. Indeed, the plaintiff and her parents were notified of the defects and nevertheless made no attempt to serve an amended or supplemental Notice of Claim nor seek leave of court to do so.[2]

6. The plaintiff's argument that she requires discovery is of no avail. The Seaford defendants had no requirement to undertake N.Y. General Municipal Law §50-h depositions. Indeed, had it done so, the plaintiff would argue that any defects were cured thereby.

7. The plaintiff attempts to bootstrap the District's putative scienter of the facts by relying on her own self-serving Amended Complaint (Exh. E, plaintiff's ¶¶47, 48, 51 and 57).

8. It is precisely the purpose underlying New York Notice of Claim requirements to apprise the municipality or school district of the nature of claims it may be encountering.

9. The plaintiff argues that the "Standard of Reviews" precludes this Court from granting the relief sought by the Seaford defendants because it must accept as true the facts alleged by her in her Amended Complaint dated November 28, 2008, more than three and one-half years following the incidents complained of in this lawsuit.

10. Her own argument reflects the reality that the Seaford defendants were actually prejudiced by the obvious defects in the purported Notice of Claim dated June 27, 2005.

11. The Seaford defendants were manifestly prejudiced by the total lack of specificity in the plaintiff's purported Notice of Claim served on the Seaford High School:

> "This is to inform you we have been seriously injured as a result of negligence and reckless conduct. We have been damaged at an amount unknown at this time."

12. The rejection of the purported notice of claim by the District's insurer should not be permitted to serve as a burden-shifting device that encumbers the Seaford defendants with an obligation that nowhere exists in New York law.

---

[2] (Refer to Exhibit I, Seaford Defendants' Attorney's Affirmation in Support of Motion to Dismiss.)

13. The plaintiff does not allege through her counsel that she or her parents ever undertook any efforts to cure the defects or to contact the claims examiner, who offered the plaintiffs the opportunity to contact her, or she would have undoubtedly so informed this Court.[3]

14. It is respectfully argued that no discretion should be exercised herein and that the plaintiff's state law claims be dismissed for her failure to serve an adequate Notice of Claim pursuant to N.Y. General Municipal Law §50-I and N.Y. Education Law §3813.

**II. THE INDIVIDUALLY NAMED DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AS THEIR ACTIONS DID NOT VIOLATE A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT OF WHICH A REASONABLE SCHOOL OFFICIAL WOULD HAVE KNOWN.**

15. The Seaford defendants, based upon the reasoning and precedents cited in their Motion to Dismiss, are entitled to dismissal of the Amended Complaint naming them individually based upon the doctrine of qualified immunity.

16. The plaintiff contends that the individual defendants undertook no remedial action and refers to illicit photographs on the Internet, derogatory writing on bathroom walls and the ridicule plaintiff had to endure after the incident at school. (Amended Complaint. ¶¶54, 41-45, 97-98).[4]

17. Nowhere in her Amended Complaint does the plaintiff identify any other individuals whom she contends engaged in this conduct, except for Gerald Trovato.[5]

18. She merely asserts that the District failed to investigate and address these issues. Much like the deficiencies in the purported Notice of Claim, the plaintiff attempts to artfully mesh putatively factual allegations and the hoped-for relief sought.

---

[3] (Footnote 2, supra)
[4] The Amended Complaint lists John Rollo as student at both Massapequa High School and at Seaford High School (Amended Complaint ¶¶19, 42).
[5] Amended Complaint ¶42.

4

19. As previously addressed, the individual defendants had no obligation to contact the police or other state agencies about these circumstances. Indeed, the plaintiff withdrew that allegation that had been asserted in the original complaint as a separate Seventh Cause of Action (Exh. A). Nevertheless, she continues to argue that the Seaford defendants had such obligations (Plaintiff's Opposition: page 11, lines 2-3), in an attempt to show their deliberate indifference.

20. The plaintiff's mother had herself contacted the police (Amended Complaint, ¶36). Apparently, no further action was undertaken by the police concerning her complaints.

21. The plaintiff continues to interpret her self-serving factual allegations in an attempt to patch together a persuasive legal argument of deliberate indifference in order to defeat the individually-named Seaford defendants' right to qualified immunity.

22. Indeed, the Seaford defendants acquiesced to the parents' request for the plaintiff to be home-schooled, which was promptly arranged for her at the latter stages of the school year.

23. The plaintiff's arguments that the Seaford defendants interfered with her right to a public education is misplaced.

24. Nowhere does she ever specify which Seaford students engaged in sexual harassment, much less retaliation. (Plaintiff's Memorandum of Law in Opposition: p. 10, lines 21-22 to p. 11, lines 1-2). Remedial actions clearly could not have undertaken against unidentified individuals. School administrators cannot operate in a vacuum in exercising their discretionary administrative and disciplinary functions.

25. It is disingenuous to argue that the Seaford defendants acted with deliberate indifference and callous disregard to the specific requests of the plaintiff's mother, when in fact they acceded to her wishes and expeditiously undertook the efforts and expense to arrange for the plaintiff's home schooling. (Amen. Comp. ¶¶47, 50, 51).

26. The plaintiff further contends that she was . . . "deprived of the school aspects of her public education . . ." (Plaintiff's Memorandum of Law in Opposition: p. 11, line 22, and p. 12, lines 1-2). Whatever impact on the school-based social aspects of her educational program was directly correlated to the District's compliance with her parents' wishes for home schooling.

27. Nowhere does the plaintiff contend that she was ever denied the opportunity to participate in in-school or after-school activities at any time by any of the Seaford defendants.

28. It appears that whether she was required to stay in school or was permitted to be educated at home, the plaintiff would argue that any factual interpretation inexorably leads to an inference of the Seaford defendants' deliberate indifference to and callous disregard of her rights to an education.

29. In summary, no facts are alleged that would support an inference that the individual Seaford defendants acted with knowledge in depriving the plaintiff from any federally established constitutional or statutory rights.

30. The individually named Seaford defendants, Michael J. Ragon, Paula Sussman, George Duffy, III, and Brian Conboy are entitled to qualified immunity and the causes of action against them should be dismissed with prejudice.

**III.	PLAINTIFF HAS NOT ADEQUATELY PLEADED A CLAIM FOR PUNITIVE DAMAGES AGAINST THE INDIVIDUALLY-NAMED SEAFORD DEFENDANTS.**

31. The plaintiff merely recited in her opposition to the Defendants' Motion to Dismiss her generic allegations that might have provided a legal basis to continue claims for punitive damages against individually-named defendants.

32. However, even a generous reading of the allegations in her Amended Complaint fails to provide evidentiary support for these interpretations.

33. Material and salient facts have not been alleged that demonstrate reckless and callous disregard of, as well as deliberate indifference to, the educational rights and well-being of the plaintiff.

34. The allegations concerning negligence, failing to properly supervise their unspecified students, and failing to properly train teachers and staff as to methods of supervision, are unsupported by any factual statements which support the inferences sought by the plaintiff herein.

35. It is respectfully requested that the plaintiff's claim for punitive damages against the Seaford defendants should be dismissed with prejudice.

**IV.    PLAINTIFF HAS FAILED TO STATE A VALID CLAIM PURSUANT TO 42 USC §1983.**

36. The plaintiff has not identified even one individual student who allegedly engaged in an act of harassment and/or retaliation at the Seaford School District and has merely applied legal principles to a set of unadmitted facts.

37. The plaintiff's interpretation of the defendants' assessment of certain allegations in her Amended Complaint (¶80) nevertheless does not provide a basis for 42 U.S.C. §1983 liability.

38. Inter alia, the plaintiff alleges that the defendants failed . . . "to hold an assembly with respect to the attack, and failed to communicate to the student body that sexually motivated attacks such as the one against MEGAN TYRRELL would not be tolerated."  (Am. Comp. ¶80). The plaintiff's apparent interest in having a school assembly or disciplining unidentified student

assailants with respect to an off-school premises weekend incident does not impose such obligations on school personnel.

39. Furthermore, the plaintiff contends that a dangerous condition of property was created by the Seaford defendants by failing to take any steps to prevent future attacks by the defendant students. However, nowhere does she allege that she ever suffered any attacks by the unnamed and unidentified Seaford students, and nowhere does she allege that the unidentified Defendants John and Jane Does 1-10, who apparently have neither been served herein nor appeared, were students of the Seaford School District.

40. Although continually asserting legal principles that support her claims, the Amended Complaint is silent as to who actually engaged in attacks or retaliation against the plaintiff.

## V. THE NEGLIGENCE AND THE NEGLIGENT INFLICTION OF EMOTION DISTRESS CAUSES OF ACTION MUST BE DISMISSED.

41. Negligence and negligent infliction of emotional harm are state supplemental claims that require an adequately pled Notice of Claim be filed by the plaintiff.

42. For the reasons discussed in the Seaford Defendants' Motion to Dismiss and in Point No. I hereinabove, the plaintiff has failed to comply with the statutory requirements specified in N.Y. General Municipal Law §50-I and N.Y. Education Law §3813.

43. The Seaford defendants respectfully request that the state supplemental claims be dismissed with prejudice.

## VI. PLAINTIFF'S COMPLAINT DOES NOT SET FORTH A CAUSE OF ACTION UNDER TITLE IX, 20 U.S.C. §1681.

44. The plaintiff, at her mother's request, sought to be educated at home. In nowhere identifying assailants or students who harassed, or demeaned her, the plaintiff cannot claim that the Seaford defendants permitted a hostile school environment or were deliberately indifferent to her educational needs.

45. The plaintiff allegedly missed three weeks of schooling at her mother's request. The District endeavored to arrange for home tutoring in order to comply with her wishes that the plaintiff be home-schooled.

46. Concerning the allegations that she underwent "relentless harassment" by her unidentified peers, and that the environment was permeated with discriminatory intimidation, and ridicule, the plaintiff does not indicate the times or duration of this conduct or these behaviors that would support an inference of a sexually hostile environment.

47. In summary, the plaintiff has failed to set forth a cause of action under Title IX, 20 U.S.C. §1681 and if should be dismissed.

Dated: Uniondale, New York
      August 5, 2009

                              RESPECTFULLY SUBMITTED,

                              _____
                              LAWRENCE J. BRENNAN(7867)