UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MEGAN TYRRELL,   Docket No. CV-08-4811
                **(SJF) (MJO)**
                Plaintiff,

   -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity,
PAULA SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, JOHN and JANE DOES 1-10,

                Defendants.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## SEAFORD DEFENDANTS' OBJECTION, IN PART,
## TO THE REPORT AND RECOMMENDATIONS OF
## MAGISTRATE JUDGE MICHAEL L. ORENSTEIN

CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER
*Attorneys for Defendants, SEAFORD UNION
FREE SCHOOL DISTRICT, SEAFORD HIGH
SCHOOL, MICHAEL J. RAGON, in his individual
and official capacity, PAULA SUSSMAN, in her
individual and official capacity, GEORGE DUFFY
III, in his individual and official capacity, BRIAN
CONBOY, in his individual and official capacity*
Office & P.O. Address:
333 Earle Ovington Boulevard, Suite 502
Uniondale, NY 11553-3625
(516) 542-5900

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................i

PRELIMINARY STATEMENT ........................................................................................1

POINT I

THE STANDARD OD REVIEW UNDER FEDERAL
RULE 72(b) IS DE NOVO..................................................................................................2

POINT II

PLAINTIFF'S STATE LAW CLAIMS MUST
BE DISMISSED BASED PLAINTIFF'S FAILURE
TO SERVE AN ADEQUATE NOTICE OF CLAIM ........................................................2

POINT III

PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE
A CAUSE OF ACTION UNDER 42 U.S.C. §1983 ...........................................................5

POINT IV

THE NDIVIDUAL DEFENDANTS ARE ENTITLED TO
QUALIFIED IMMUNITY FROM LIABILITY .................................................................7

CONCLUSION ....................................................................................................................8

# TABLE OF AUTHORITIES

**CASES**

Carlson v. Geneva City School District,
 ___ F. Supp.2d ___, 2010 WL 117728 (W.D.N.Y. 2010) ......................................3

Hardy v. N.Y.C. Health & Hosps. Corp.,
164 F.3d 789, 793 (2d Cir. 1999) ......................................3

Harlow v. Fitzgerald,
457 U.S. 800, 102 S. Ct 2727 (1992) ......................................7

LaBarbera v. D&R Materials, Inc., 588 F. Supp.2d 342
(E.D.N.Y. 2008) ......................................2

Mitchell v. Forsyth,
472 U.S. 511, 105 S. Ct. 2806 (1985) ......................................7

Parikh v. New York City Transit Authority,
 ___ F. Supp.2d ___ 2010 WL 364526 (E.D.N.Y. 2010) ......................................3, 4

Parise v. New York City Department of Sanitation,
306 Fed. APPX. 695 (2d Cir. 2009) ......................................3

Parochial Bus System, Inc. v. Bd. of Ed. of City of New York,
60 N.Y.2d 539, 470 N.Y.S.2d 564 (1983) ......................................3, 4

Saggio v. Sprady, 475 F.Supp.2d 203 (E.D.N.Y. 2007) ......................................6

Saucier v. Katz, 533 U.S. 194, 171 S. Ct. 2151 (2001) ......................................7

Varsity Transit Inc. v. Bd. of Ed. of City of New York,
5 N.Y.3d 532, 806 N.Y.S.2d 457 (2005) ......................................4

Zhao v. City of New York, 656 F. Supp.2d 375 (S.D.N.Y. 2009) ......................................3

**STATUTES**

20 U.S.C. §1681 ......................................1

28 U.S.C. §636(b)(1) ......................................1

42 U.S.C. §1983 ......................................1, 5, 6, 7

F. R. Civ. Pro. 72(b) ......................................1, 2

N.Y. EDUCATION LAW §3118 ................................................................................. 3

N.Y. GENERAL MUNICIPAL LAW §50-e ............................................................. 3, 4

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of defendants SEAFORD UNION FREE SCHOOL DISTRICT, SEAFORD HIGH SCHOOL, MICHAEL J. RAGON, PAULA SUSSMAN, GEORGE DUFFY III, and BRIAN CONBOY (hereinafter referred to as "Seaford Defendants") pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure in support of their objection to the Report and Recommendations of Magistrate Judge Michael Orenstein dated February 9, 2010.

Plaintiff commenced this action in or about November, 2008 alleging causes of action pursuant to 42 U.S.C. §1983 and Title IX, 20 U.S.C. §1681. Additionally, plaintiff asserts several state claims sounding in negligence. Seaford Defendants filed a pre-answer motion to dismiss the complaint. In response, plaintiff served an amended complaint. The initial motion was then withdrawn and a second pre-answer motion to dismiss was served.
On February 9, 2010, Magistrate Judge Orenstein issued a Report and Recommendation. Judge Orenstein recommended that the punitive damage claim be dismissed as well as that portion of plaintiff's Title IX claim relating to the quality of the home tutoring provided by Seaford Defendants. It was recommended that the motion be denied in all other respects.

Seaford Defendants object to that portion of the Report and Recommendation that recommends the denial of the motion with respect to the state law claims since plaintiff failed to serve an adequate notice of claim. Further, Seaford Defendants object to the recommendation that the §1983 claim and that the action against the individually named defendants not be dismissed.

## POINT I

## THE STANDARD OF REVIEW UNDER
## FEDERAL RULE 72(b) IS *DE NOVO*

In evaluating a Magistrate Judge's Order with respect to a pre-trial matter that is dispositive on a claim or defense, a district court shall, pursuant to Rule 72(b) review the recommendation *de novo*. In this regard, Federal Rules of Civil Procedure Provide that a district court judge "must determine *de novo* any part of the magistrate judge's disposition that has been objected to". Fed. R. Civ. P. 72(b)(3); LaBarbera v. D&R Materials, Inc., 588 F. Supp.2d 342, 344 (E.D.N.Y. 2008). After conducting its review, the court may than accept, reject or modify, in whole or in part, the recommendations. Fed. R. Civ. P. 72(b). Thus, in making its determination, this Court should review Magistrate Judge Orenstein's Report and Recommendation dated February 9, 2010 *de novo* and, in so doing, it is respectfully requested that the Court reject that portion of the Report and Recommendation with respect to the notice of claim issue, the §1983 claim, and the claim against the named Seaford defendants.

## POINT II

## PLAINTIFF'S STATE LAW CLAIMS MUST
## BE DISMISSED BASED UPON PLAINTIFF'S
## FAILURE TO SERVE AN ADEQUATE
## NOTICE OF CLAIM

In the February 9, 2010 Report and Recommendation, Magistrate Judge Orenstein found that the purported notice of claim filed by plaintiff was adequate since the amended complaint alleged that the school district conducted an investigation of the claim and was therefore, not prejudiced. Since the notice of claim was patently insufficient on its face, it is respectfully submitted that all state law claims must be dismissed as a result of plaintiff's failure to comply

with a condition precedent to suit. A copy of the notice of claim is annexed to the affirmation served in support of Seaford Defendants motion to dismiss as Exhibit "H".

Pursuant to New York General Municipal Law 50-e and Education law §3118, the filing of a notice of claim is a prerequisite to maintaining an action against a school district. Parikh v. New York City Transit Authority, ___ F. Supp.2d ___ 2010 WL 364526 (E.D.N.Y. 2010); Carlson v. Geneva City School District, ___ F. Supp.2d ___, 2010 WL 117728 (W.D.N.Y. 2010). The notice of claim requirement applies to state law claims brought in federal court. Hardy v. N.Y.C. Health & Hosps. Corp.. 164 F.3d 789, 793 (2d Cir. 1999); Zhao v. City of New York, 656 F. Supp.2d 375 (S.D.N.Y. 2009).

The General Municipal Law requires that the notice of claim specify the "nature of the claim" and the "time when, the place where and the manner in which the claim arose". N.Y. Gen. Mun. Law §50-e(2); Parise v. New York City Department of Sanitation, 306 Fed. APPX. 695 (2d Cir. 2009); Parochial Bus System, Inc. v. Bd. of Ed. of City of New York, 60 N.Y.2d 539, 470 N.Y.S.2d 564 (1983). Even where the municipal entity has been sufficiently informed of the claim, "substantial compliance with the statute regarding the degree of descriptive detail" is required. Parochial Bus Systems, Inc., at 544.

In this matter, the notice of claim filed by plaintiff provided none of the details required by the statute. In this regard, the notice of claim provided as follows:

> This is to inform you we have been seriously injured as a result of negligence and reckless conduct. We have been damaged by an amount unknown at this time.

The notice of claim does not provide the nature of the claim, or the time when, the place where and the manner in which the claim arose. The notice of claim merely sets forth a boilerplate claim of negligent and reckless conduct. It in no way apprises Seaford of the nature of the

alleged negligent or reckless acts on its part or how such acts caused injury to plaintiff. Further, it does not apprise Seaford Defendants with any information as to the type of claim being brought against it. It is notice of the claim and not knowledge of the wrongful conduct that satisfies the statutory requirement. Parochial Bus Systems, Inc. at 548.

Since plaintiff did not file an adequate notice of claim, the lack of prejudice to Seaford is not at issue. Plaintiff cannot "be relieved of 'a positive statutory mandate' simply because no prejudice has resulted". Parochial Bus Systems at 548 (citations omitted). In Varsity Transit Inc. v. Bd. of Ed. of City of New York, 5 N.Y.3d 532, 806 N.Y.S.2d 457 (2005), the New York Court of Appeals held that "statutory requirements conditioning suits [against a governmental entity] must be strictly construed" even where the municipal entity "had actual knowledge of the claim or failed to demonstrate prejudice." Id. at 563, 806 N.Y.S.2d at 459.

In this matter, plaintiff filed a notice of claim void of any details and clearly insufficient to satisfy the statutory requirements. As such, the claim that Seaford Defendants suffered no prejudice does not relieve plaintiff's failure to comply with the statute. Prejudice is a factor to consider only where an application to file a late notice of claim is made. However, plaintiff has not made such an application and is barred from doing so at this time as such motions must be made within the statute of limitations of the state law claim. Gen. Mun. Law § 50-e (5); Parikh, 2010 WL at *10. Here, the statute of limitations, one year and ninety days, ran on March 1, 2009, a year and ninety days after plaintiff's eighteenth birthday which was November 29, 2007. (Amended Complaint, ¶7). As such, plaintiff can no longer seek leave to file a late notice of claim and her state law claims therefore are barred.

# POINT III

## PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER 42 U.S.C. §1983

In the Report and Recommendations, Magistrate Judge Orenstein found that plaintiff's amended complaint stated a cause of action under 42 U.S.C. §1983 since it is alleged that Seaford Defendants knew of the need to protect plaintiff from harassment but made a deliberately indifferent choice not to take any action. While a school's indifference to peer on peer sexual harassment can give rise to a §1983 cause of action, the facts alleged in plaintiff's amended complaint are insufficient to do so.

Plaintiff's amended complaint alleges that she was assaulted by John Doe defendants, some of whom were Seaford students. The alleged Seaford assailants are not identified or named in the complaint. Further, it is not alleged in the complaint that the alleged student assailants were ever disclosed to Seaford Defendants. Further, although it is claimed that Seaford students were harassing plaintiff, once again, the complaint does not name any such student or alleged that at anytime, that the identity of such students were disclosed. Plaintiff contends that the basis of the §1983 claim was the failure of Seaford Defendants to discipline the alleged assailants and harassers. However, school officials cannot act with deliberate indifference by failing to discipline unidentified students.

Further, the allegations of the complaint show that the Seaford Defendants did respond to the alleged incidents. The amended complaint alleges that upon learning of the assault, defendant Sussman immediately met with plaintiff. (¶¶25-26). Further, based upon information gathered from plaintiff, Defendant Sussman notified individuals at the Massapequa High School that Massapequa students may have been involved with the assault (¶27). Moreover, the amended complaint alleges that Seaford Defendants met with plaintiff's mother on several

5

occasions and advised that an investigation would be conducted. (¶¶31, 34, 36). Given the lack of any information regarding the identity of the students involved, Seaford Defendants responded to the alleged harassment and cannot be found to have acted with deliberate indifference to the harassment.

Further, to establish a cause of action under §1983, plaintiff must show that she was deprived a constitutional right. Although the New York Constitution creates a property right in a public school education, here plaintiff has not alleged facts establishing that Seaford Defendants deprived her of her constitutional right to an education. It is alleged that on April 20, 2005, "Mrs. Tyrell took plaintiff out of school." (¶44) It is further alleged that plaintiff was encouraged to return to school (¶48) and when she did not return, she was provided home tutoring. In Saggio v. Sprady, 475 F.Supp.2d 203 (E.D.N.Y. 2007), the Court held that there "is a right under State law to an education, but there is nothing under State law providing that such an education cannot include a home schooling component or assignment to a neighboring school to defuse a discipline problem, and thus there has been no deprivation of a federally protected property right. Id. at *10. Likewise, in this matter, the allegations of plaintiff's amended complaint establish that she was provided an education. As such, the complaint does not state a cause of action under 42 U.S.C. §1983 as there is no deprivation of a constitutionally protected right.

# POINT IV

## THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM LIABILITY

Qualified immunity is "an immunity from suit rather than the mere defense to liability and is effectively lost if the case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985). The purpose of qualified immunity is to protect government employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct 2727 (1992). The qualified immunity determination begins with an analysis of whether, on the facts alleged, the official's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 200-01, 171 S.Ct. 2151 (2001).

For the reasons set forth above, plaintiff's amended complaint does not set forth a viable claim under 42 U.S.C. §1983. In this regard, the school employees did not act with deliberate indifference in failing to discipline unknown, unidentified students. Further, the complaint does not allege a deprivation of a property right as plaintiff was provided with an education. As such, the individually named defendants should be dismissed from this action.

## CONCLUSION

For the reasons set forth above and as argued in the papers submitted on the underlying motion, Seaford Defendants respectfully request that the Court modify Magistrate Judge Orenstein's Report and Recommendations to the extent of dismissing the State law claims based upon plaintiff's failure to comply with notice of claim requirements; dismissing the §1983 cause of action; and dismissing the actions against the individually named defendants.

Dated: Uniondale, New York
February 22, 2010

Respectfully submitted,

CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER

By: *[signature]*
Laura A. Endrizzi, Esq. (LAE 0988)
Attorneys For Defts., SEAFORD UNION FREE
SCHOOL DISTRICT, SEAFORD HIGH SCHOOL,
MICHAEL J. RAGON, in his individual and official
capacity, PAULA SUSSMAN, in her individual and
official capacity, GEORGE DUFFY, III, in his
individual and official capacity, BRIAN CONBOY,
in his individual and official capacity
Office & P.O. Address
333 Earle Ovington Boulevard, Suite 502
Uniondale, New York 11530-3625
(516) 542-5900

# CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2010, the foregoing document, to wit, MEMORANDUM OF LAW IN SUPPORT OF SEAFORD DEFENDANT'S' OBJECTIONS, IN PART, TO THE REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE MICHAEL L. ORENSTEIN, was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules and/or the Eastern District's Rules on Electronic Service upon the following parties and participants.

LAW OFFICES OF FREDERICK K. BREWINGTON
Attorneys for Plaintiffs
50 Clinton Street, Suite 501
Hempstead, New York 11550
(516) 489-6959


CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER

By: _____
Laura A. Endrizzi (LAE 0988)
Attorneys For Defts., SEAFORD UNION FREE SCHOOL DISTRICT, SEAFORD HIGH SCHOOL, MICHAEL J. RAGON, in his individual and official capacity, PAULA SUSSMAN, in her individual and official capacity, GEORGE DUFFY, III, in his individual and official capacity, BRIAN CONBOY, in his individual and official capacity
Office & P.O. Address
333 Earle Ovington Boulevard, Suite 502
Uniondale, New York 11530-3625
(516) 542-5900