UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MEGAN TYRRELL,

                    Plaintiff,

      -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J.
RAGON, in his individual and official capacity,
PAULA SUSSMAN, in her individual and
official capacity, GEORGE DUFFY III,
in his individual and official capacity, BRIAN
CONBOY, in his individual and official capacity,
MASSAPEQUA SCHOOL DISTRICT,

             Defendants.
-----------------------------------------------------------------X

Docket No.: CV-08-4811
(SJF)(MLO)

**PLAINTIFF'S MEMORANDUM IN LAW IN OPPOSITION TO DEFENDANTS'
OBJECTIONS, IN PART, TO MAGISTRATE JUDGE
<u>ORENSTEIN'S REPORT AND RECOMMENDATIONS</u>**

THE LAW OFFICES OF
FREDERICK K. BREWINGTON
50 Clinton Street, Suite 501
Hempstead, New York 11550
(516) 489-6959

*OF COUNSEL:*

FREDERICK K. BREWINGTON
MILI MAKHIJANI

## PRELIMINARY STATEMENT

The instant memorandum of law is submitted on behalf of Plaintiff, Megan Tyrrell, in opposition to Defendants Seaford Union Free School District, Seaford High School, Michael J. Ragon, Paula Sussman, George Duffy III and Brian Conboy (hereinafter collectively referred to as "Defendants") objections pursuant to Rule 72(b) of the Federal Rules of Civil Procedure to the Honorable Michael Orenstein's Report and Recommendation (hereinafter "R&R"), dated February 9, 2010. Defendants seek this Court to review and modify Magistrate Judge Orenstien's R&R on three points: (i) the notice of claim filed by the Plaintiff in 2005 does not preclude her state law claims; (ii) Plaintiff's Amended Complaint adequately states a cause of action pursuant to 42 U.S.C. §1983; and (iii) the individual Defendants are not entitled to qualified immunity.

The Defendants have failed to provide any evidence or showing which would allow the Court to find that the R&R was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Instead, Defendants merely re-hash the same arguments asserted in their motion to dismiss, or now introduce new arguments that were never previously raised, thus were never addressed in Plaintiff's opposition. Accordingly, Plaintiff respectfully requests that this Court adopt Magistrate Orenstein's R&R in all respects.

## POINT I

## STANDARD OF REVIEW

Where a party "makes only conclusory or general objections, or simply reiterates the original arguments," it is well settled that the Court will review for clear error. Lara v. Bloomberg, 2008 WL 123840 (S.D.N.Y. Jan. 8, 2008); see also Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); see also Pilgrim v. Luther, 2007 U.S. Dist. LEXIS 7410, *7, 2007 WL 233203 (S.D.N.Y. Jan. 24, 2007) (citations omitted). However, where a party has

filed timely written objections beyond those just described, the Court reviews a magistrate judge's report and recommendation *de novo*. <u>See</u> 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).   A party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. <u>Camardo</u>, 806 F.Supp. at 381-82.

## POINT II

## THE R&R PROPERLY RECOMMENDS THAT PLAINTIFF'S STATE LAW CLAIMS SHOULD NOT BE DISMISSED BASED ON THE INADEQUACY OF THE NOTICE OF CLAIM

Magistrate Judge Orenstein properly found that the Notice of Claim, which was filed in 2005, does not preclude Plaintiff's state law claims, irrespective of any alleged defects in the Notice. Defendants urge this court to find that the Notice of Claim was patently insufficient on its face, and as such, the state law claims must be dismissed.  This argument was previously made in Defendants' motion to dismiss, and should only be reviewed for clear error.   Defendants also contend that Magistrate Judge Orenstein erred in considering whether Defendants suffered any prejudice by the alleged defect, arguing that prejudice is a factor that should only be considered when there is an application to file a late notice of claim.  Defendants' objections are without merit.

As an initial matter, Plaintiff argued in her memorandum of law in opposition to the motion to dismiss that the Court, in its sound discretion, may disregard any mistake, omission or irregularity in the Notice of Claim, barring prejudice to the Defendants. <u>See Plaintiff's Memo of Law</u>, dated July 8, 2009, page 5.  For the Court to exercise its discretion, it must therefore analyze whether the Defendants were in fact prejudiced by the defect.  In this regard, Magistrate Judge Orenstein, in his well reasoned decision, properly considered whether the Defendants were prejudiced.   In so

considering, the Magistrate could not consider facts not contained within the Amended Complaint on account of the binding standard of review at the pre-discovery stage of the litigation. <u>Atlantic Mutual Ins. Co. v. Balfor MacLaine Int'l, *Ltd.*</u>, 968 F.2d 196, 198 (2nd Cir. 1992) (Court "must accept as true all material factual allegations in the complaint"). "<u>This cautionary standard applies with greater force where the Plaintiff alleges civil rights violations.</u>" <u>Roniger v. McCall</u>, 57 F3d. 202,206 (2nd Cir 1995) [emphasis added].

The argument advanced by Defendants that "prejudice is a factor to consider only where an application to file a late notice of claim is made" is raised for the first time in their Objections to the R&R. The Court should not consider this argument as it would serve to allow Defendants to take a second "bite at the apple" which is not the purpose of FRCP Rule 72 objections. In any event, Defendants mistakenly argue that prejudice is not a factor to be considered by the Court.

An application for a late notice of claim is only made when a plaintiff fails to file a notice of claim. That is not the case here. As stated in Magistrate Judge Orenstein's R&R, "Here, it is undisputed that a notice of claim was filed on the infant plaintiff's behalf with the School on June 27, 2005." <u>See R&R</u> at page 8. Based on the fact that a Notice of Claim was in fact filed, there was no need to file an application for a late notice of claim. Accordingly, Magistrate Judge Orenstein assessed, if the Defendants are alleged to have sufficient information based on the facts pleaded in Plaintiff's complaint and whether Defendants were prejudiced by the alleged defect. In analyzing whether a municipality is prejudiced, the Court should look to the purpose and intent for the Notice of Claim requirement. As Magistrate Judge Orenstein correctly referenced in his R&R, "The purpose of this notice of claim requirement ... is to provide prompt notice of claims so that an investigation may be made before it is too late for the investigation to be effective." <u>See R&R</u> at

pages 7-8. Further, the cases cited by Defendants in their motion to dismiss, and repeated in their Objections to the R&R, are dismissals of state law claims at the summary judgment stage of the litigation and were not pre-answer motions to dismiss. In assessing the applicable case law, Magistrate Orenstein accurately recommended that dismissal at this stage in the proceeding is premature. See R&R at page 8.

Further, the Magistrate Judge made it clear that there was no prejudice here in any event. The R&R, while not making a requirement for Defendants to meet, sets forth exactly why the Defendants were not prejudiced and why any allegations of same must fail. Defendants' assertion that they need not show prejudice is now curious, as it was they who alleged in their moving papers, that they were entitled to the relief sought because they were prejudiced. The citation to the quote from Canelos v. City of New York, 37 A.D.3d 637 (2d Dept 2007) states:

> "The plaintiff's mistaken description in her notice of claim of the location of the alleged sidewalk defect together with the 22 month delay in seeking leave to amend the notice of claim, prejudiced the defendants by depriving them of the opportunity to conduct the type of prompt investigation envisioned by General Municipal Law §50-e.

> Id. at 637. (Emphasis added).

In fact, one of the primary cases relied on by Defendants, Parise v. New York City Department of Sanitation, 2009 WL 106331 (2d Cir. 2009). Accordingly, it was Defendants that first raised the issue of prejudice, claiming "Since Seaford could not anticipate the nature of the claims ... it could not conduct a prompt investigation of the claims and is now manifestly prejudiced from doing given the time that has elapsed following the alleged incident. See Def. Memo of Law, page 4. Magistrate Judge Orenstein addressed that issue squarely and found that any claim of prejudice was unsupported based on the allegations in the Amended Complaint. Accordingly, for

-4-

them to now argue that by evaluating their motion the Court thrust some burden on them is misplaced.

## POINT III.

## THE R&R SHOULD BE ADOPTED WITH RESPECT TO PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. §1983

The Defendants' assertions that Plaintiff failed to state a claim under §1983 requires little discussion. At the outset, Defendants do not allege that the R&R was clearly erroneous or contrary to law. Defendants merely point to different facts in the Amended Complaint than those facts that were considered by Magistrate Judge Orenstein. It should be noted that Plaintiff's §1983 claims were discussed under the section for qualified immunity and again under a separate section for failure to state a §1983 claim. The R&R points to the "campaign of harassment targeted at the plaintiff and that the School and its officers and employees failed to take any remedial action thereby permitting harassment by fellow students during school hours and on school grounds to continue." See R&R at page 10. Subsequently, in its finding that Plaintiff adequately stated a claim upon which relief could be granted, Magistrate Judge Orenstein correctly found that the individually named Defendants, who are state actors, were alleged to have known of the harassment that was occurring on school grounds and during school hours, and deliberately failed to take any remedial action. Several facts were clearly alleged in Plaintiff's Amended Complaint, notwithstanding the facts referenced by Defendants in their Objections, that support her claims pursuant to 42 U.S.C. §1983.

Specifically, Defendants intentionally exclude from their objection the fact that lewd photographs were displayed as "wallpaper" on students computers, that Plaintiff was ridiculed by other students during school hours by being called a lesbian and students writing derogatory remarks

-5-

about her on the bathroom walls. See R&R at page 11. These facts, which the Court is to take as true, undoubtedly supports the finding that Plaintiff was being harassed during school hours on school property. Indeed, the harassment was so severe that Plaintiff's mother was forced to request that her daughter be home schooled in order to prevent further ridicule and harassment from fellow students. See Amended Complaint, ¶¶47, 50 and 51.

Defendants also assert that Plaintiff did not sufficiently allege deprivation of a property right. This argument was raised in their motion papers and was addressed by the Magistrate. Indeed, the R&R states that the Defendants' who are state actors, knew of the need to protect Plaintiff from the harassment to which she was subjected but made a deliberately indifferent choice not to take any action. See R&R, page 12. The opinion also states that the Amended Complaint was "sufficiently detailed" in this regard. The only case cited by Defendants in support of their objection on this point is Saggio v. Sprady, 475 F.Supp.2d 203 (E.D.N.Y. 2007), where the decision was rendered after discovery at summary judgment and the facts were distinguishable. The Court properly evaluated Defendants' arguments and addressed them on pages 11 and 12 of the R&R and found that at this stage of the proceeding, Plaintiff's §1983 claim was plausible. As such, it would not be appropriate to dismiss Plaintiff's §1983 claims at this early stage of the litigation.

## POINT IV.

## DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

In objecting to Magistrate Judge Orenstein's R&R with respect to qualified immunity, Defendants do not even attempt to disguise the repetitive nature of their arguments. Notably, the entire first paragraph of their objection to the qualified immunity recommendation is essentially a "cut and paste" from their memorandum of law in support of their motion to dismiss, dated August

6, 2009. The second paragraph of Defendants' objection re-states the argument that the school employees did not act with deliberate indifference in failing to discipline unknown, unidentified students (referenced in ¶4 of page 5 of Def. memo of law, dated August 6, 2009) and that Plaintiff was not deprived of a property right (argued on page 6 of Def. memo of law, dated August 6, 2009). The Magistrate Judge carefully considered these arguments and found that Plaintiff's Amended Complaint at ¶¶91-92, 95-96 and 102, sufficiently alleges a claim for denial of equal access to the education system as well as an education free from harassment, ridicule, embarrassment and hostility. See R&R at page 9-10. In support of his finding, Magistrate Judge Orenstein relied on applicable legal authority tending to support Plaintiff's allegation that Defendants' violated a "clearly established law", an element that must be sufficiently plead to overcome a defense of qualified immunity.

In their moving papers, Defendants focus on the initial sexual assault against Plaintiff that occurred off school grounds and outside operating school hours. However, Defendants' conveniently ignore the "campaign of harassment" recognized by the Magistrate Judge that was clearly alleged in Plaintiff's Amended Complaint. See R&R at page 10; see also Amended Complaint, ¶¶91-92, 95-96 and 102. Accordingly, the Court should fully adopt Magistrate Judge Orenstein's R&R on this point.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court adopt Magistrate

Orenstein's Report and Recommendation in all respects.

Dated: Hempstead, New York
       March 8, 2010

LAW OFFICES OF
FREDERICK K. BREWINGTON

FREDERICK K. BREWINGTON
MILI MAKHIJANI
*Attorneys for Plaintiff*
50 Clinton Street, Suite 501
Hempstead, New York 11550
(516) 489-6959