UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

MEGAN TYRRELL,

                Plaintiff,

    -against-                   **ORDER**
                                 **CV-08-4811(SJF)(MLO)**

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J.
RAGON, PAULA SUSSMAN, GEORGE
DUFFY, III, and BRIAN CONBOY, all in their
individual and official capacities,

                Defendants.
----------------------------------------X
FEUERSTEIN, J.

       Before the Court are objections by defendants Seaford Union Free School District ("the UFSD"), Seaford High School, Michael J. Ragon ("Ragon"), Paula Sussman ("Sussman"), George Duffy, III ("Duffy") and Brian Conboy ("Conboy") (collectively, "defendants) to so much of a Report and Recommendation of United States Magistrate Judge Michael L. Orenstein dated February 9, 2010 ("the Report") that recommends denying those branches of defendants' motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of the amended complaint against defendants in their individual capacity and plaintiff's state law and Section 1983 claims. For the reasons stated herein, defendants' objections are overruled and the Report is accepted in its entirety.

I.    Standard of Review

       Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct

1

proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See, Fed. R. Civ. P. 72(b); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005); Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II. Defendants' Objections

Defendants contend that Magistrate Judge Orenstein erred, *inter alia*: (1) in finding that the allegations in the amended complaint that defendants conducted, or would be conducting, an investigation of the April 1, 2005 incident were sufficient to preclude dismissal of plaintiff's state law claims based on the inadequacy of the notice of claim filed by plaintiff on June 27, 2005; (2) in finding that the facts alleged in the amended complaint, i.e., that defendants knew of the need to protect plaintiff from harassment but did not take any action in deliberate indifference to plaintiff's right to a public school education, state a plausible Section 1983 cause of action

2

since, *inter alia*, the amended complaint fails to identify the alleged assailants and harassers and plaintiff was not deprived of a constitutionally protected right because she was provided with an education; and (3) in recommending that the individual defendants' qualified immunity defense be denied since the complaint fails to state a viable Section 1983 claim.

A. Notice of Claim

State notice of claim requirements apply to state law claims brought in federal court. See Felder v. Casey, 487 U.S. 131, 151, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988); Hardy v. New York City Health & Hosp. Corp., 164 F.3d 789, 793 (2d Cir. 1999). Pursuant to sections 50-e(1)(a) and 50-i(1)(a) of the New York General Municipal Law, and Section 3813(2) of the New York Education Law, the filing of a notice of claim is a condition precedent to bringing a tort claim against a school district and its employees acting in the discharge of their duties and within the scope of their employment. See Hardy, 164 F.3d at 793.

Section 50-e(2) of the New York General Municipal Law provides, in pertinent part, that the notice of claim "shall be in writing, sworn to by or on behalf of the claimant, and shall set forth: (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable * * *." "Notice of claim requirements 'are construed strictly by New York state courts * * * [and a] [f]ailure to comply with th[o]se requirements ordinarily requires a dismissal for failure to state a cause of action." Hardy, 164 F.3d at 793-794.

The notice of claim filed by plaintiff against Seaford High School and Massapequa High

3

School was deficient insofar as it merely stated that "[t]his is to inform you we have been seriously injured as a result of negligence and reckless conduct. We have been damaged at an amount unknown at this time."[1] Thus, the notice of claim merely stated the general nature of plaintiff's claim as one sounding in negligence, but otherwise failed to exactly comply with the requirement of Section 50-e(2) of the New York General Municipal Law that it also state "the time when, the place where and the manner in which the claim arose."

However, "[t]he requirements of Section 50-e(2) need not be 'stated with literal nicety or exactness.'" Parise v. New York City Dep't of Sanitation, 306 Fed. Appx. 695, 697, 2009 WL 106331 (2d Cir. Jan. 16, 2009) (quoting Brown v. City of New York, 95 N.Y.2d 389, 718 N.Y.S.2d 4, 740 N.E.2d 1078, 1080 (2000)). "Instead, the question is merely whether the notice of claim includes information sufficient to enable the [municipality] to investigate." Parise, 306 Fed. Appx. at 697 (internal quotations and citation omitted). "The purpose of the requirement 'is to afford the municipality an adequate opportunity to investigate the claim in a timely and efficient manner and, where appropriate, to settle claims without the expense and risks of litigation.'" Id. (quoting Hardy, 164 F.3d at 794). Similarly, "the purpose of section 3813 of the Education Law is to give a school district prompt notice of claims so that investigation may be made before it is too late for investigation to be efficient." Parochial Bus Systems, Inc. v. Board of Educ. of City of New York, 60 N.Y.2d 539, 547, 470 N.Y.S.2d 564, 458 N.E.2d 1241 (1983).

Moreover, Section 50-e(6) of the New York General Municipal Law provides that "[a]t

---

[1] A notice of claim is properly considered on a motion to dismiss pursuant to Rule 12(b)(6) as an integral part of the complaint, since it is a precondition to bringing a tort claim against a municipality or municipal corporation. See, e.g. Hazan v. City of New York, No. 98 Civ. 1716, 1999 WL 493352, at * 6 (S.D.N.Y. July 12, 1999).

any time after the service of a notice of claim and at any stage of an action or special proceeding to which the provisions of this section are applicable, a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby."[2] Thus, Section 50-e(6) is expressly contrary to defendants' contentions that "[s]ince plaintiff did not file an adequate notice of claim, the lack of prejudice to [defendants] is not at issue," (Memorandum of Law in Support of Seaford Defendants' Objection [Def. Obj.], p. 4), and that "[p]rejudice is a factor to consider only where an application to file a late notice of claim is made." Id.

Defendants' reliance on Parochial Bus for the proposition that "plaintiff cannot 'be relieved of "a positive statutory mandate" simply because no prejudice has resulted,'" (Def. Obj., p. 4 (quoting Parochial Bus, 60 N.Y.2d 539 at 548)), is misplaced, as that holding was relative to the plaintiff's failure to present the notice of claim "to the governing body of [the] district or

---

[2] The parties do not address the issue of whether this Court has jurisdiction to disregard the defects in a notice of claim pursuant to Section 50-e(6) in light of Section 50-e(7), which provides, in pertinent part, that "[a]ll applications under this section shall be made to the [state] supreme court or to the county court * * *." However, at least one court has stated that "the use of the term 'disregarded' [in Section 50-e(6)] * * * plainly contemplates that the court in which the lawsuit is pending would be the one to make [the] decision [to disregard the defects in a notice of claim]" and that it "doubt[ed] that the legislators contemplated that a federal court hearing a state-law claim could not make the decision whether to disregard an error in a notice of claim even though, had the lawsuit been filed in state court, the trial judge could do so." Yang Feng Zhao v. City of New York, 656 F.Supp.2d 375, 404 n. 25 (S.D.N.Y. 2009). In so stating, that court expressly distinguished applications for leave to file an untimely notice of claim, which are matters "procedurally independent of a pending lawsuit," from mere defects in a notice of claim which may be disregarded by the court, presumably without the necessity of a formal application being made. Id.

5

school." Parochial Bus, 60 N.Y.2d at 548. In fact, the New York Court of Appeals expressly stated that" "[a]lthough [it] ha[d] previously held that, where the school district has been sufficiently informed of the claim * * * all that is required is substantial compliance with [Section 3813] regarding the degree of descriptive detail in a notice of claim * * *, [it] ha[d], nevertheless, always insisted that statutory requirements *mandating notification to the proper public body or official must be fulfilled.*" Id. at 547-548 (internal quotations and citations omitted) (emphasis added). Thus, Parochial Bus does not mandate, as suggested by defendants, strict compliance with the requirements of Section 50-e(2). Rather, only "substantial compliance" is required.

Since the question of whether defendants were prejudiced by the defective notice of claim is a factual question which cannot be determined on the face of the pleadings[3], see, e.g. Hazan, 1999 WL 493352, at * 7 (converting the branch of the motion seeking dismissal of the state law claims pursuant to Rule 12(b) to a motion for summary judgment under Rule 56 so that the transcript of the 50-h hearing can be reviewed), Magistrate Judge Orenstein correctly denied dismissal of the state law claims at the pleadings stage. Accordingly, defendants' objection to so much of the Report as recommends denying the branch of their motion seeking dismissal of plaintiff's state law claims is overruled.

B.  Section 1983 Claim

---

[3] Indeed, some courts have held that testimony at a hearing pursuant to New York General Municipal Law Section 50-h can cure an initially defective notice of claim. See Parise, 306 Fed. Appx. 698 (citing cases). Thus, it is necessary to look outside the pleadings to determine the adequacy, or lack thereof, of a notice of claim.

Upon *de novo* review of so much of the Report as recommends denying the branches of defendants' motion seeking dismissal of plaintiff's Section 1983 claims and the claims against them in their individual capacity based upon the doctrine of qualified immunity, and upon consideration of defendants' objections thereto and plaintiff's response to those objections, defendants' objections are overruled. The allegations in the complaint state a plausible Section 1983 cause of action for a violation of plaintiff's Fourteenth Amendment rights based on defendants' deliberate indifference to the harassment of plaintiff by other students occurring in the school environment, see, e.g. Gant ex rel. Gant v. Wallingford Bd. of Educ., 195 F.3d 134, 140 (2d Cir. 1999); Yap v. Oceanside Union Free School Dist., 303 F.Supp.2d 284, 294 (E.D.N.Y. 2004). Defendants' contentions are more appropriately raised on a motion for summary judgment following the completion of discovery. Indeed, that is the procedural posture of Saggio v. Sprady, 475 F.Supp.2d 203 (E.D.N.Y. 2007), the one (1) case cited by defendants in their objection to Magistrate Judge Orenstein's recommendation that the branch of their motion seeking dismissal of plaintiff's Section 1983 claim be denied.

Moreover, it cannot be ascertained at this state of the proceedings that defendants acted in an objectively reasonable manner with respect to the harassment against plaintiff occurring within the school environment, thus entitling them to qualified immunity with respect to plaintiff's Section 1983 claim against them in their individual capacity.

Since the amended complaint provides defendants with fair notice of what plaintiff's Section 1983 claim against them is, as well as the grounds upon which that claim rests, see Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), I accept Magistrate Judge Orenstein's recommendation to deny the branches of defendants' motion

seeking dismissal of plaintiff's Section 1983 claim and claims against them in their individual capacity.

III. CONCLUSION

Upon *de novo* review of so much of the Report to which defendants object, and consideration of defendants' objections and plaintiff's response thereto, and there being no clear error on the face of the record with respect to the remaining portions of the Report, the Report is accepted in its entirety. The branches of defendants' motion seeking dismissal of plaintiff's claim for punitive damages and claim pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, based upon the quality of the home tutoring provided by defendants are granted and those claims are dismissed in their entirety without prejudice, and the motion is otherwise denied.

The parties are directed to appear before me, with authority or persons with authority to resolve this action, at 1010 Federal Plaza, Central Islip, New York, **on April 9, 2010 at 11:30 a.m.** for a settlement and/or scheduling conference. The parties are further directed to engage in good faith settlement negotiations prior to the conference.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 25, 2010
Central Islip, New York

8