UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MEGAN TYRRELL,

                           Plaintiff,

        -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, JOHN and JANE DOES 1-10,

                          Defendants.

-----------------------------------------------------------------X

Docket No.  CV-08-4811
**(SJF) (MJO)**

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE

---

CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER
*Attorneys for Defendants, SEAFORD UNION
FREE SCHOOL DISTRICT, SEAFORD HIGH
SCHOOL, MICHAEL J. RAGON, in his individual
and official capacity, PAULA SUSSMAN, in her
individual and official capacity, GEORGE DUFFY
III, in his individual and official capacity, BRIAN
CONBOY, in his individual and official capacity*
Office & P.O. Address:
333 Earle Ovington Boulevard, Suite 502
Uniondale, NY  11553-3625
(516) 542-5900

## PRELIMINARY STATEMENT

This memorandum is submitted on behalf of defendants SEAFORD UNION FREE SCHOOL DISTRICT, MICHAEL J. RAGON, PAULA SUSSMAN, GEORGE DUFFY and BRIAN CONBOY (hereinafter referred to as "Seaford Defendants") in support of their motion in *limine*. Defendant seek an Order prohibiting plaintiff from introducing any evidence regarding the alleged assault of Matthew Burnhauser as the assault is not relevant to the issues in this case and can only be prejudicial and inflammatory. [1]

## FACTUAL BACKGROUND

This litigation arises as a result of an incident which occurred April 1, 2005, in a parking lot of a Dunkin Donuts located on Merrick Avenue, Seaford, New York.  Plaintiff alleges that she was sexually assaulted and photographs were taken during the assault and placed on the internet.  The Seaford School District was closed at the time of the incident.

Seaford Defendants learned of the occurrence on April 7, 2005 from a social worker at a parochial school, St. Anthony's.  The incident was reported to the social worker by Matthew Burnhauser, a student of St. Anthony's.  At sometime after April 7, 2005, Matthew Burnhauser was allegedly assaulted.  In the amended complaint, it is alleged that Burnhauser was assaulted by Gerald Travato, a Seaford student, "because Matt accused Gerald for the illicit pictures on school computer screens as 'wallpaper'" (sic).  Amended complaint, ¶42.  Contrary to the allegations in the Amended Complaint, Matthew Burnhauser provided deposition testimony in which he established that Gerald Trovato was not present at the time his assault.  Rather, Burnhauser attended a party in which friction arose with other revelers.  Seaford School District

---

[1]       Seaford Defendants reserve the right to make further motions in *limine* upon completion of all discovery.

was again closed during this incident. Since this allegation is not relevant to the issue of Seaford Defendants liability to plaintiff, plaintiff should be precluded from introducing any evidence regarding the assault.

### PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE THAT IS NOT RELEVENT TO HER CLAIMS AGAINST SEAFORD DEFENDANTS

The purpose of a motion in *limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See Luce v. United States, 469 U.S. 38 (1984); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir.1996); National Union Fire Ins. Co. v. L.E. Myers Co. Group, 937 F.Supp. 276, 283 (S.D.N.Y.1996). "A motion in *limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." Allen v. City of New York, 466 F.Supp.2d 545, 547 (S.D.N.Y.2006).  Evidence should be excluded on a motion in *limine* when the evidence is clearly inadmissible on all potential grounds. See Baxter Diagnostics, Inc. v. Novatek Med., Inc., 1998 WL 665138 at *11 (S.D.N.Y. 1998).

Rule 402 of the Federal Rules of Evidence requires that evidence be relevant to be admissible. Fed.R.Evid. 402. Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Thus, the court's determination of what constitutes "relevant evidence" is guided by the nature of the claim.

In this matter, plaintiff seeks to introduce evidence regarding the alleged assault on Matthew Burnhauser, subsequent to the events of April 1, 2005.  As a result of this alleged

assault, Burnhauser never filed any legal action against The Seaford Union Free School District. The alleged assault has no relevance to the claims against Seaford Defendants and its potential liability to plaintiff.  The prejudicial effect of such testimony would far outweigh any probative value of same and will not assist plaintiff in proving her claim.  As such, plaintiff should be excluded from introducing any evidence regarding the alleged assault of Matthew Burnhauser.

## CONCLUSION

For the reasons set forth above, it is requested that this Court grant the instant motion *in limine* in its entirety.

Dated: Uniondale, New York
        July 6, 2010

                            Respectfully submitted,

                            CONGDON, FLAHERTY, O'CALLAGHAN,
                            REID, DONLON, TRAVIS & FISHLINGER


                            By:_____
                                Francis X. Schroeder, Esq.   (FXS 7028)
                            Attorneys For Defts., SEAFORD UNION FREE
                            SCHOOL DISTRICT, SEAFORD HIGH SCHOOL,
                            MICHAEL J. RAGON, in his individual and official
                            capacity, PAULA SUSSMAN, in her individual and
                            official capacity, GEORGE DUFFY, III, in his
                            individual and official capacity, BRIAN CONBOY,
                            in his individual and official capacity
                            Office & P.O. Address
                            333 Earle Ovington Boulevard, Suite 502
                            Uniondale, New York 11530-3625
                            (516) 542-5900

4

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2010, the foregoing document, to wit, **MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE**, was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules and/or the Eastern District's Rules on Electronic Service upon the following parties and participants.

LAW OFFICES OF FREDERICK K. BREWINGTON
Attorneys for Plaintiffs
50 Clinton Street, Suite 501
Hempstead, New York   11550
(516) 489-6959

CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER

By: _____
Francis X. Schroeder (7028)
Attorneys For Defts., SEAFORD UNION FREE SCHOOL
DISTRICT, SEAFORD HIGH SCHOOL, MICHAEL J.
RAGON, in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity, GEORGE
DUFFY, III, in his individual and official capacity, BRIAN
CONBOY, in his individual and official capacity
Office & P.O. Address
333 Earle Ovington Boulevard, Suite 502
Uniondale, New York 11530-3625
(516) 542-5900