UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MEGAN TYRRELL,   **Docket No.: CV-08-4811**
                Plaintiff,   **(SJF)(MLO)**
     -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J.
RAGON, in his individual and official capacity,
PAULA SUSSMAN, in her individual and
official capacity, GEORGE DUFFY III,
in his individual and official capacity, BRIAN
CONBOY, in his individual and official capacity,
MASSAPEQUA SCHOOL DISTRICT,

                Defendants.
-------------------------------------------------------------------X

_____

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE**
_____

                              LAW OFFICES OF FREDERICK K. BREWINGTON
                              *Attorneys for Plaintiff*, MEGAN TYRRELL
                              556 Peninsula Boulevard
                              Hempstead, New York 11550
                              (516) 489-6959

## PRELIMINARY STATEMENT

The Plaintiff, Megan Tyrrell (hereinafter Ms. Tyrrell and/or Plaintiff) by and through her attorneys, the Law Offices of Frederick K. Brewington, respectfully submits this *motion in limine* to preclude Defendants Seaford Union Free School District, Michael J. Ragon, Paula Sussman, George Duffy III and Brian Conboy (hereinafter referred to as "Seaford Defendants" from introducing any evidence regarding sexual activity by Plaintiff Tyrrell, consensual or otherwise; as Ms. Tyrrell's consent, as a minor, is not relevant to issues in this case and can only be prejudicial and inflammatory.

## FACTUAL BACKGROUND

This case arises from an April 1, 2005 incident in which Plaintiff Tyrrell was photographed and videotaped being kissed, fondled and sexually stimulated by another female without her consent. Subsequently, the photographs were circulated amongst Seaford High School students, posted on a public website and used a "wallpaper" on Seaford District school computers.

Seaford Defendants learned of the, April 1, 2005 incident, and the existence of the photographs on April 7, 2005. Matthew Burnhauser, a student at St. Anthony's, had informed his guidance counselor and Defendant Sussman of the incident, the pictures and his concern that Megan was a threat to herself. This information was not reported to Plaintiff's parents, the authorities or any governmental agencies. As a result, plaintiff endured invaluable losses of educational opportunity, impairment of learning, denied and inadequate educational opportunities, severe psychological trauma, post-traumatic stress disorder, humiliation, pain and suffering, resulting from the defendants' individual and collective abuses of power, as set forth in the Amended Complaint.

Since, Ms. Tyrrell's alleged sexual activity is not relevant to the issue of the Seaford Defendants' liability to Plaintiff, Defendants should be precluded from introducing any evidence

about matters regarding Plaintiff's alleged sexual activity, consensual or otherwise.

## DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE THAT IS NOT RELEVANT TO CLAIMS BEFORE THE COURT

Rule 401 of the Federal Rules of Evidence (FRE) defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is *of consequence to the determination* of the action more probable or less probable than it would be without the evidence."  FRE 401 [Emphasis added].  More specifically, testimonial or documentary evidence may be deemed "relevant evidence," if it is (a) probative of the proposition it is offered to prove, and (b) the *proposition to be proved* is one that *is of consequence to* the *determination of the action*.  United States v. Diaz, 878 F. 2d 609, 614 (1989) [Emphasis added].  Lastly, all relevant evidence is admissible, unless otherwise deemed excluded by the Constitution, by acts of Congress, by the Federal Rules of Evidence, or by other rules prescribed by the Supreme Court pursuant to statutory authority.  See FRE Rule 402.

In this matter, Defendant seeks to introduce evidence regarding issues of Plaintiff Tyrrell's alleged consent to the April 1, 2005 incident and sexual activity involving Plaintiff other than the incident before the court. At the time of the incident, Plaintiff Tyrrell was 15 years of age, a minor. By virtue of her infancy, Ms. Tyrrell was unable to consent to sexual activity and the subsequent pictures depicting the act therein. (Said photos amount to child pornography) Furthermore, any alleged sexual acts consensual or otherwise have no relevance to the claims against Seaford Defendants and its liability to plaintiff. The prejudicial effect of such testimony would far outweigh any probative value of same and will not assist Defendants in defending the claim. As such, Defendant should be excluded from introducing any evidence regarding alleged sexual acts consensual or otherwise.

## **CONCLUSION**

  For the reasons set forth above, it is requested that this Court grant the instant motion in limine in it entirety.

Dated Hempstead, New York
   July 6, 2010

            LAW OFFICES OF
            FREDERICK K BREWINGTON


       By: _____
            FREDERICK K. BREWINGTON, ESQ.
            *Attorneys for the Plaintiff*
            556 Peninsula Boulevard
            Hempstead, New York 11550
            (516) 489-6959