UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
MEGAN TYRRELL,                                    **Docket No.: CV-08-4811**
                      Plaintiff,                        **(SJF)(MLO)**

      -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J.
RAGON, in his individual and official capacity,
PAULA SUSSMAN, in her individual and
official capacity, GEORGE DUFFY III,
in his individual and official capacity, BRIAN
CONBOY, in his individual and official capacity,
MASSAPEQUA SCHOOL DISTRICT,

                      Defendants.
--------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE

LAW OFFICES OF FREDERICK BREWINGTON
*Attorneys for Plaintiff*, Megan Tyrrell
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959

## PRELIMINARY STATEMENT

This memorandum is submitted on behalf of Plaintiff MEGAN TYRRELL in opposition of defendants SEAFORD UNION FREE SCHOOL DISTRICT, MICHAEL J. RAGON, PAULA SUSSMAN, GEORGE DUFFY and BRIAN CONBOY (collectively "School District Defendants") motion *in limine*. Plaintiff opposes defendants sought after Order excluding material evidence regarding the assault on Matthew Burnhauser. The assault is relevant to the issues in this case and its probative value is not substantially outweighed by the danger of unfair prejudice.

## FACTUAL BACKGROUND

This litigation arises out of the total lack of proper care and negligent dereliction of duty owed to plaintiff MEGAN TYRRELL, a minor at the time, by Defendants.

This case arises from an incident in which Plaintiff Tyrrell was photographed and videotaped being kissed, fondled and sexually stimulated by another female without her consent. This occurred on April 1, 2005, plaintiff MEGAN TYRRELL was fifteen (15) years of age at this time, a minor, while a student at Defendant School District. Subsequent to this appalling act, pictures of MEGAN TYRRELL in compromising and sexually explicit positions were posted on the internet, circulated among student during school hours and on school property, and appeared on the "wallpaper" of school computers within the defendant school district.

Only six (6) days later, on April 7, 2005, the School District Defendants learned of this horrific incident from a guidance counselor at St. Anthony's parochial school and Matthew Burnhauser, a St. Anthony's student. This guidance counselor had received this information directly from Matthew Burnhauser, a student of St. Anthony's and a friend of plaintiff MEGAN TYRRELL.

Subsequent to having this information School District Defendants made no effort to stop appearance of illegal, explicit, and compromising pictures from circulating through their school. Further, School District Defendants made no effort to contact the parents of plaintiff MEGAN TYRRELL, a minor, or the authorities to inform them of this horrible act. Had the School District Defendants acted, the continued and widespread exposure of a minor teenage girls body over the internet, the school system and the general public could have been reduced or entirely prevented. School District Defendants even purport they have no duty to inform either the proper authorities or parents when such a traumatic, life altering, event occurs to a student under School District

Defendants care because it happened off the school premises.

On or about April 8, 2005 at a party at a private home in Seaford, as a result of Matthew Burnhauser's perceived involvement in the reporting of Gerald Trovato, a Seaford High School student's alleged involvement in posting pictures of Megan Tyrrell to Defendants, Matthew Burnhauser was assaulted by two Seaford High School Students with beer bottles and his jacket was lit on fire. Subsequently Mr. Burnhauser, who would take the bus from Seaford Highs school to St. Anthony's daily, was banned from Seaford High School premises by Defendant Ragon and threatened with arrest if he did not comply. Defendant Ragon, either unaware or without regard to the fact that Mr. Burnhauser was the victim and not the aggressor, cited his desire to protect his Seaford students from Mr. Burnhauser.

The assault on Matthew Burnhauser is relevant for two reasons: (1) to show the after effects of Defendants' failure to discipline and restrain the student(s) under their control, care, and authority who participated in revealing, exposing, and posting for all to see the compromising pictures of plaintiff MEGAN TYRRELL and (2) to show the disparate treatment endured by Plaintiff at the hands of School District Defendants in their efforts to protect her and her well being.

Since this event is relevant to the issue of School District Defendants liability to plaintiff MEGAN TYRRELL, plaintiff should not be precluded from introducing said evidence regarding the assault on Matthew Burnhauser.

## PLAINTIFF SHOULD NOT BE PRECLUDED FROM INTRODUCING EVIDENCE THAT IS RELEVANT AND MATERIAL TO HER CLAIMS AGAINST THE DEFENDANTS

A motion *in* limine allows the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 105 S.Ct. 460 (1984) (noting that, "[a]lthough the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"). The purpose of an *in limine* motion is to aid trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, trial. Palmieri v. Defaria, 88

3

F.3d 136, 141 (2d Cir. 1996) *citing*, Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc., 652 F.Supp. 1400, 1401 (D.Md., 1987). The trial court should exclude evidence on motion *in limine* only when evidence is clearly inadmissible on all potential grounds. United States v. Van Putten, 2005 WL 612723, at *3 (S.D.N.Y. 2005) (emphasis added).

The Federal Rules of Evidence favor the admission of all relevant evidence. *See* Fed.R.Evid. 402. Defendants wish to argue that the evidence, though relevant, is prejudicial. The rules themselves have a presumption of admission. The introduction of testimony regarding the assault on Matthew Burnhauser has a tendency to establish the existence of the DEFENDANTS disparate treatment and their negligence in exercising sufficient control, their ability to report or discipline their students. This evidence has the tendency to make the existence of a fact, that is of consequence to the determination of the action, more probable than it would without the evidence. As such, the evidence is relevant and should be admitted. *See* Fed.R.Evid. 401 and 402.

Further, the Federal Rules clearly state that the standard for prejudice is "unfair prejudice" and the probative value must be "substantially outweighed" by said unfair prejudice. *See* Fed.R.Evid. 403. Defendants proffer no evidence of any unfair prejudice; only to say that said testimony would be. The probative value of Matthew Burnhauser's testimony regarding the assault in demonstrating disparate treatment and Defendants failure to appropriately manage students within their control is not substantially outweighed by any unfair prejudice. Therefore, this relevant and material evidence, that helps prove Defendant's liability in their negligence and disparate treatment of plaintiff should be admissible before this Court.

## CONCLUSION

For the reasons set forth above, it is requested that this Court grant the instant opposition to Defendants motion *in liminie* in its entirety.

Dated: Hempstead, New York
       July 8, 2010

                                            Respectfully submitted,

                                            By:_____
                                                MARJORIE MESIDOR (9936)
                                                Attorneys for the Plaintiff
                                                556 Peninsula Boulevard
                                                Hempstead, New York 11550
                                                (516) 489-6959