UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MEGAN TYRRELL,

          Plaintiff,       **NOTICE OF MOTION**

   -against-

                    **Docket No.**
SEAFORD UNION FREE SCHOOL DISTRICT,  **CV-08-4811**
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON, **(SJF) (MJO)**
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity, **D.J. Sandra J. Feuerstein**
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, MASSAPEQUA SCHOOL DISTRICT,
MASSAPEQUA HIGH SCHOOL,

          Defendants.
-----------------------------------------------------------------X

S I R S :

   PLEASE TAKE NOTICE, that, upon the accompanying Affidavit of Francis X.

Schroeder, and the exhibits annexed thereto, the memorandum of law in support, and the Rule

56.1 Statement of material facts as to which there is no genuine dispute, defendants, Seaford

Union Free School District, Seaford High School, Michael J. Ragon, in his individual and

official capacity, Paula Sussman, in her individual and official capacity, George Duffy III, in his

individual and official capacity and Brian Conboy, in his individual and official capacity

(hereinafter referred to as the "Seaford Defendants") will move this Court before Honorable

Sandra J. Feuerstein, United States District Judge for the Eastern District of New York, located

at 100 Federal Plaza, Central Islip, New York 11722, on a date and time to be determined by the

Court, for an Order pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, granting

Seaford Defendants summary judgment and dismissing the complaint in its entirety with

prejudice, together with such other and further relief as to which this court deems just and

proper.

Dated: Uniondale, New York
      August 13, 2010

                                CONGDON, FLAHERTY, O'CALLAGHAN,
                                REID, DONLON, TRAVIS & FISHLINGER


                                BY:_____
                                      Francis X. Schroeder (FS7028)
                                *Attorneys for Defendants, SEAFORD UNION*
                                *FREE SCHOOL DISTRICT, SEAFORD HIGH*
                                *SCHOOL, MICHAEL J. RAGON, in his individual*
                                *and official capacity, PAULA SUSSMAN, in her*
                                *individual and official capacity, GEORGE DUFFY*
                                *III, in his individual and official capacity and*
                                *BRIAN CONBOY, in his individual and official*
                                *capacity*
                                Office & P.O. Address
                                333 Earle Ovington Boulevard, Suite 502
                                Uniondale, NY  11553-3625
                                (516) 750-9462 (direct)
                                Our File No. NYSIR3-001

TO:    LAW OFFICES OF FREDERICK K. BREWINGTON
        Attorneys for Plaintiffs
        556 Peninsula Blvd.
        Hempstead, New York 11550
        (516) 489-6959

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X     Index No.:  CV-08-4811
MEGAN TYRRELL,                                                                  (SJF) (MLO)
                                  Plaintiff,

          -against-

SEAFORD UNION FREE SCHOOL DISTRICT,                       **AFFIDAVIT**
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and           Hon.  Sandra J. Feuerstein
official capacity, JOHN and JANE DOES 1-10,

                             Defendants.
----------------------------------------------------------------------X

      Francis X. Schroeder, an attorney duly admitted to practice before the Courts of the State

of New York and in the Eastern District of New York, affirms the following to be true, under the

penalties of perjury:

      1.      I am a partner with the firm of Congdon, Flaherty, O'Callaghan, Reid, Donlon,

Travis & Fishlinger, Esqs., attorneys for defendants Seaford Union Free High School, Michael

Ragon, Paula Sussman, George Duffy, and Brian Conboy, (hereinafter referred to as "Seaford

Defendants") in connection with this action and, as such, I am fully familiar with all the

pleadings and proceedings heretofore had herein.  I make this affidavit in support of the within

motion, pursuant to Federal Rule of Civil Procedure 56(b), which seeks summary judgment and a

dismissal of the action against the Seaford Defendants.

**PROCEDURAL BACKGROUND**

      2.      Plaintiff, Megan Tyrell, commenced this action against the Seaford Defendants

and Massapequa School District, Massapequa High School and ten John and Jane Does, by filing

a Summons and Complaint with the Clerk of the United States District Court, Eastern District of New York.  A copy of the summons and complaint is annexed hereto as Exhibit "A".

3.      Prior to commencing the action, plaintiff filed a notice of claim, a copy of which is annexed hereto as Exhibit "B".

4.      In or about April, 2009, plaintiff filed an amended complaint, a copy of which is annexed as Exhibit "C".  Massapequa was not named as a defendant in the amended complaint.

5.      The litigation arises as a result of an incident which occurred on April 1, 2005 in the parking lot of a Dunkin' Donuts located in Seaford, New York.  Exhibit "C", ¶17.  At that time, plaintiff was involved in sexual acts with a female.  Exhibit "C", ¶17.  Photographs of the sexual activity were taken by a student of the Massapequa School District and placed on the internet.  Exhibit "C", ¶19.

6.      Plaintiff's amended complaint sets forth five causes of action against Seaford Defendants.  The first three causes of action are state law claims based upon allegations of negligent supervision, negligence and negligent infliction of emotional distress. The fourth cause of action is brought pursuant 42 U.S.C. §1983.  The final cause of action is premised upon alleged violations of Title IX.

7.      Plaintiff alleges that Seaford Defendants were negligent in failing to properly supervise students and thus, provided the opportunity for defendant/assailants to ridicule, harass and embarrass plaintiff.  Exhibit "C", ¶70. These defendant/assailants were never identified or impleaded in this action.  It is further alleged that Seaford Defendants permitted the assailants to return to school without any discipline.  Exhibit "C", ¶72.  Plaintiff's complaint further alleges that Seaford Defendants should have called the Police upon learning of the sexual activity. Exhibit "C", ¶86.

8.     Prior to the service of an answer, a motion to dismiss was made on behalf of Seaford Defendants.  The motion was decided by Order of this Court dated March 25, 2010, a copy of which is annexed hereto as Exhibit "D".

9.     Issue was thereafter joined on behalf of Seaford Defendants on or about March 31, 2010 by service of an answer to the amended complaint, a copy of which is annexed hereto as Exhibit "E".

**FACTUAL BACKGROUND**

10.     Plaintiff's amended complaint sets forth specific and material factual allegations. Now that the discovery process is completed in this action, no evidence has materialized of many of these factual allegations.

11.     In her amended complaint it is alleged that plaintiff was fifteen years old when the April 1, 2005 incident occurred and that plaintiff was "a bright, shy and sensitive girl of the Catholic faith", who "did not experience any serious trauma in her life prior to this life changing event."  Exhibit "C", ¶¶ 14, 15, 56.

12.     However, plaintiff's deposition testimony contradicts these allegations.  Annexed hereto as Exhibit "F" is a copy of the transcript of the plaintiff's deposition testimony.  Plaintiff first began drinking alcohol at fourteen years old.  Plaintiff, Exhibit "F" at 38.  She began using marijuana at fourteen. Plaintiff, Exhibit "F" at 414.  Plaintiff began abusing prescription drugs, Adderall and Xanax for the purpose of getting high prior to April 1, 2005.  Plaintiff, Exhibit "F" at 49-52.

13.     Plaintiff began seeing a therapist prior to April 1, 2005.  Plaintiff, Exhibit "F" at 34.  Plaintiff cut her wrists "to get attention" prior to April 1, 2005.  Plaintiff, Exhibit "F" at 49-52.

3

14.     Plaintiff began having sexual intercourse and oral sex with multiple partners prior to April 1, 2005, when she was 14 years old.  Plaintiff, Exhibit "F" at 178-181.

15.     Plaintiff's amended complaint further alleges that on April 1, 2005, plaintiff was unwittingly given a date rape drug and then sexually assaulted. Exhibit "C", ¶¶18, 21. There is no evidence that plaintiff was given a date rape drug.  Plaintiff, Exhibit "F" at 93-94. There is no evidence that plaintiff was sexually assaulted.  Lombardo, Exhibit "O" at 61-62.  Rather, the evidence suggests plaintiff voluntarily consumed alcohol and engaged in consensual sex with a female friend, Justine, a Massapequa High School student.

16.     Plaintiff's amended complaint further alleges that on April 1, 2005, "students from Seaford High School and Massapequa High School sexually assaulted and molested Plaintiff Tyrrell". Exhibit "C", ¶17.  Plaintiff's amended complaint goes on to allege that "Defendants created a dangerous condition of property, by permitting the assailants (defendants "JOHN and JANE DOES 1-10") to return to school without any discipline, and by failing to take any steps to prevent future attacks by the defendant students."  Exhibit "C", ¶72. There is no testimony or evidence that any Seaford High School student sexually assaulted or molested plaintiff.  "JOHN and JANE DOES 1-10" have never been identified or impleaded.  No "future attacks" ever occurred.  Plaintiff's foregoing allegations have proven baseless.

17.     At the deposition, plaintiff testified that on the evening of Friday, April 1, 2005, she left home around 5 or 6 o'clock and went to the home of a friend, L.A. Brady.  Plaintiff hung out at Brady's house and drank one or two cans of Bud Light.  Plaintiff, Exhibit "F" at 85.  She then left and went to Mike's house and met up with Justine.  While at Mike's house, plaintiff consumed one 40 ounce can of Budweiser.  Plaintiff, Exhibit "F" at 87.  She left Mike's house with Mike and Justine and went to the Dunkin' Donuts parking lot in Seaford to hang out.

Plaintiff, Exhibit "F" at 88.  She recalled getting into some kid's car and lights going on and off.

Plaintiff, Exhibit "F" at 90.  She remembered a camera and flashes and finding her underwear on

the ground.  Plaintiff, Exhibit "F" at 94.

18.     The following day, Justine called and plaintiff asked what happened.  Plaintiff,

Exhibit "F" at 102.  Justine told her "we hooked up".  Plaintiff, Exhibit "F" at 104.  Several days

later, plaintiff's friend Tracie Lombardo called her and told her there were pictures of her and

Justine on the internet.  Plaintiff, Exhibit "F" at 110.  Plaintiff accessed the website from her

home computer and saw the photographs.  She did not tell her parents about the photographs.

Plaintiff, Exhibit "F" at 115.  At her deposition, plaintiff viewed fourteen photographs and video

footage of the sexual encounter between her and Justine and described the graphic content of the

photos.  Plaintiff, Exhibit "F" at 136-146.

19.     On Wednesday or Thursday, people at school began teasing plaintiff and calling

her a lesbian.  Plaintiff, Exhibit "F" at 120.  She did not tell any adult at school about the teasing

and name calling.  Plaintiff, Exhibit "F" at 129.  She never provided any names of students who

harassed her to anyone at Seaford High School.  Plaintiff, Exhibit "F" at 192-93.

20.     Plaintiff never saw any pictures of herself from the April 1, 2005 incident on any

computer at Seaford High School. Plaintiff, Exhibit "F" at 134.

21.     Plaintiff did not tell anyone from the Seaford School District that there were

pictures of her were on school computers.  Plaintiff, Exhibit "F" at 135.

22.     Prior to April 1, 2005, plaintiff never made any complaints regarding supervision

at Seaford High School.  Plaintiff, Exhibit "F" at 33.  She was never told by anyone that she

would be provided with any type of extra security or supervision.  Plaintiff, Exhibit "F" at 34.

23.     The deposition of Lisa Tyrrell, plaintiff's mother, was conducted June 10, 2010. Annexed hereto as Exhibit "G" is a copy of the transcript of Mrs. Tyrrell's testimony.  Mrs. Tyrrell recalled that her daughter left home on April 1, 2005 at approximately 7:00 p.m.  Tyrrell, Exhibit "G" at 152.  She returned home between 10:30 and 11:00 p.m.  Tyrrell, Exhibit "G" at 157.  When she returned home, she appeared to be "fine", and not under the influence of alcohol or drugs.  Tyrrell, Exhibit "G" at 158.  Megan did not tell her mother that anything was wrong, either that night or the following day.  Tyrrell, Exhibit "G" at 160-61.

24.     Mrs. Tyrrell first learned that something had occurred on April 1st on Friday, April 15, 2005.  At that time, she received a phone call from her sister.  Her sister advised that there were upsetting pictures of Megan "floating around".  Tyrrell, Exhibit "G" at 163-164.  Mrs. Tyrrell's sister advised that the pictures were all over Seaford.  Tyrrell, Exhibit "G" at 165.

25.     Plaintiff's amended complaint states, "On April 13, 2005 Mrs. Tyrrell was informed by her sister, *an employee of Defendant SEAFORD,* (emphasis added), that the illicit and derogatory photographs were spread on the internet. Exhibit "C", ¶29.  Contrary to the assertion in plaintiff's amended complaint, ostensibly establishing "notice" on the part of the Seaford School District, Mrs. Tyrrell's sister was not an employee of the Seaford School District. Tyrrell, Exhibit "G" at 166.

26.     Upon learning of the photographs, Mrs. Tyrrell went to school.  She believed that she spoke with Megan before going to school and was advised that Megan was called down to speak with Ms. Sussman about the photos.  Tyrrell, Exhibit "G" at 172.  Megan advised Mrs. Tyrrell that she instructed Ms. Sussman not to tell her parents what had occurred.  Tyrrell, Exhibit "G" at 182.

27.     Mrs. Tyrrell then went to school and attempted to speak with Ms. Sussman.  Ms. Sussman was not in and an appointment was made to speak with her on Monday, April 18th.

28.     Over the weekend, Mrs. Tyrrell did not attempt to view the photographs.  She learned from Megan that the photos were posted on a public website by a boy named Mike from Massapequa.  Tyrrell, Exhibit "G" at 194.  She did not attempt to speak with anyone that weekend who might have had knowledge of what had occurred.  Tyrrell, Exhibit "G" at 198.

29.     On Monday, April 18, 2005, Mrs. Tyrrell met with Paula Sussman.  Ms. Sussman would not provide Mrs. Tyrrell any details citing student confidentiality.  Tyrrell, Exhibit "G" at 217.  On the following day, Mr. Ragon, the school Principal called Ms. Tyrrell and advised her that the school found out about the photos and they were taken off the computer.  Tyrrell, Exhibit "G" at 227.  At some point on the same day, April 19th, Mrs. Tyrrell advised Mr. Ragon that she did not want her daughter going back to school and requested home schooling.  Tyrrell, Exhibit "G" at 240-41.  Plaintiff did not return to school after April 19, 2005.

30.     Later, that week, Mrs. Tyrrell took plaintiff to the 7th Police Precinct to report that plaintiff had been sexually assaulted and that pictures had been taken.  Tyrrell, Exhibit "G" at 247, 249.  The Police investigated and eventually showed Mrs. Tyrrell a video taken of the incident.  The video showed a girl kissing plaintiff on the lips.  The video showed plaintiff to be awake during the kissing.  Tyrrell, Exhibit "G" at 255-56.

31.     The police advised Mrs. Tyrrell that they were closing the criminal investigation.  Tyrrell, Exhibit "G" at 258.

32.     Prior to April 1, 2005, Mrs. Tyrrell never requested any type of security for her children.  Tyrrell, Exhibit "G" at 51.  She was never advised by anyone at Seaford School District that the District would provide some type of extra security for her children.  Id.

33.     On June 15, 2010, the examination before trial of Paula Sussman was conducted. Annexed hereto as Sussman, Exhibit "H" is a copy of the transcript of the testimony given by Ms. Sussman on this date.

34.     Ms. Sussman is a social worker at Seaford High School.  She learned of the April 1, 2005 incident on April 7, 2005, when a Social Worker from St. Anthony's High School called her.  The Social Worker advised Ms. Sussman that one of his students, Matthew Burnhauser, reported that his friend, plaintiff, was sexually assaulted by several young men over the weekend.  Sussman, Exhibit "H" at 47.  Upon learning of the incident, Ms. Sussman reported it to the Principal, defendant Michael Ragon.  It was agreed that Ms. Sussman would speak with plaintiff and report back to him.

35.     Ms. Sussman spoke with plaintiff in her office.  Ms. Sussman asked plaintiff what occurred over the weekend.  Plaintiff responded that she was drinking over the weekend, got into the backseat of a car with her best friend and they had oral and manual sex.  Sussman, Exhibit "H" at 53.  Plaintiff advised that she was alright and that she did not want her parents told. Sussman, Exhibit "H" at 54.  During the conversation, Ms. Sussman asked if plaintiff knew of anyone who had information regarding the pictures.  Plaintiff provided the name of one Seaford student, Gerald Travato.  Plaintiff also advised Ms. Sussman that when she arrived at school that day, students were snickering at her and she was called a lesbian.  She did not provide the names of any of these students. Sussman, Exhibit "H" at 55.

36.     Ms. Sussman told Megan if she needed her, her door was open.  Sussman, Exhibit "H" at 56.

37.     Ms. Sussman reported back to Mr. Ragon and Mr. Ragon spoke with Gerald Travato.  During this conversation, Gerald Travato provided the name of his cousin, a student at

8

Massapequa High School. He believed his cousin had information regarding the photographs. Sussman, Exhibit "H" at 68.

38.     Thereafter, Ms. Sussman contacted a Social Worker at Massapequa High School, George Taibi.  Sussman, Exhibit "H" at 72.  She explained the situation to Mr. Taibi and gave the name of the student that was given to her by Gerald Travato.  He advised that he would speak with the Principal and get back to her.  Sussman, Exhibit "H" at 73.

39.     Within an hour, Mr. Taibi called Ms. Sussman and advised that they had gathered the students and had gotten the website address.  He also advised that the Principal was going to have the pictures taken off the website.  Sussman, Exhibit "H" at 75.  Ms. Sussman went to the website and viewed two or three photographs.  Ms. Sussman checked the website at the end of the day and the photographs were no longer there.  Sussman, Exhibit "H" at 79.

40.     On the following day, Ms. Sussman spoke with plaintiff.  Sussman, Exhibit "H" at 97.  She advised plaintiff that the photographs were taken off the internet.  Plaintiff seemed relieved and appeared to be fine.  Sussman, Exhibit "H" at 98, 99.

41.     On April 18, 2005, Ms. Sussman spoke with Lisa Tyrrell, plaintiff's mother.  Mrs. Tyrrell was angry and asked why she was not told.  Ms. Sussman explained that she was not told because of student confidentiality.  Sussman, Exhibit "H" at 113, 115.  She advised Mrs. Tyrrell to speak with her daughter.  Sussman, Exhibit "H" at 117.

42.     Ms. Sussman was never advised that the photographs of plaintiff were displayed on school computers.  Sussman, Exhibit "H" at 94.  She was never told the name of any student who was harassing plaintiff.  Sussman, Exhibit "H" at 55.

43 The deposition of defendant Michael Ragon was conducted June 16, 2010. Annexed hereto as Exhibit "I" is a copy of the transcript of the deposition of Defendant Michael Ragon.

44. Michael Ragon is the Principal of Seaford High School. He was advised of the incident involving plaintiff by Ms. Sussman. Ragon, Exhibit "I" at 35. He was told that plaintiff was sexually assaulted by males and agreed that Ms. Sussman should meet with plaintiff. Ragon, Exhibit "I" at 38. Ms. Sussman later advised that she had spoken with plaintiff and that the incident did not involve boys but one female friend of plaintiff. Ragon, Exhibit "I" at 40-41. She also told him that photographs were taken and placed on the internet. Ragon, Exhibit "I" at 42. Ms. Sussman gave Mr. Ragon the name of one Seaford student who had knowledge of the photographs.

45 Mr. Ragon spoke with the Seaford student, Gerald Travato. Gerald Travato provided the name of a Massapequa student who had knowledge of the photographs. He did not know of any Seaford students who were involved. Ragon, Exhibit "I" at 43-45.

46. Mr. Ragon later learned from Ms. Sussman that the photographs had been removed from the website. Ragon, Exhibit "I" at 49. Mr. Ragon did not access the website and did not see the photographs. Ragon, Exhibit "I" at 108. He never spoke with plaintiff about the incident. Mr. Ragon spoke with Mrs. Tyrrell about his knowledge of the incident. He could not recall what information he shared with her. Ragon, Exhibit "I" at 63, 65.

47. Mr. Ragon never learned that photographs of plaintiff were being used as wallpaper on Seaford computers. Ragon, Exhibit "I" at 93.

48. The deposition of defendant Brian Conboy was conducted June 2, 2010. Annexed hereto as Exhibit "J" is a copy of the transcript of Mr. Conboy's deposition testimony. Mr.

10

Conboy was an Assistant Superintendent of Seaford in April, 2005.  He learned from Mr. Ragon that a Seaford student was involved in an incident over the weekend and that a St. Anthony's student had expressed concern for her.  Conboy, Exhibit "J" at 40.  He was advised that the school Social Worker, Ms. Sussman spoke with the student and she appeared to be fine.  Conboy, Exhibit "J" at 57.

49.     At some point, Mr. Conboy learned that photographs of the incident had been taken.  He did not view these photographs.  Conboy, Exhibit "J" at 97.  He was not aware of any student who accessed the photographs from a Seaford computer.  Conboy, Exhibit "J" at 89.  He never learned that the photographs were used as wallpaper on Seaford computers.  Conboy, Exhibit "J" at 93.

50.     Mr. Conboy spoke with plaintiff's parents regarding home tutoring.  He did not speak with plaintiff.   He had no contact with the police.  Conboy, Exhibit "J" at 107.

51.     The deposition of defendant George Duffy was conducted June 22, 2010.  Annexed hereto as Exhibit "K" is a copy of the transcript of the testimony given by Mr. Duffy at the deposition.  Mr. Duffy was the Superintendent of the School District in April, 2005.  He learned of the incident from Mr. Ragon, the High School Principal.  Duffy, Exhibit "K" at 22.  He learned that there was an allegation that someone had used Seaford computers to access the site containing the photographs of plaintiff.  The District was never able to confirm that this did, in fact, occur.  Duffy, Exhibit "K" at 22.  He never heard that the photographs were used as wallpaper on school computers.  He was not aware of any Seaford student who viewed the photographs of plaintiff.

52.     The former Director of Technology, Mark Derison was produced for a deposition on behalf of Seaford Defendants on June 30, 2010.  Annexed hereto as Exhibit "L" is a copy of

the transcript of the deposition of Mark Derison. In April, 2005, Mr. Derison was the Director of Technology for Seaford Union Free School District. As such, he was responsible for the computers at schools and for the running of the school network and internet use. The District had a BASCOM filtering system for the internet. The system blocked specific sites and also categories of sites. The blocks were put in place by BASCOM and continually updated. Additionally, Mr. Derison could manually block any internet site. Derison, Exhibit "L" at 29-32. At no time did Mr. Derison receive any complaints regarding the filtering system except that it was too restrictive. Derison, Exhibit "L" at 38. There were different levels of filtration based on a person's status at Seaford school district, depending on whether the person was a student, a teacher or and administrator. The filtration system was most restrictive to students and least restrictive to administrators. Derison, Exhibit "L" at 41.

53.     Student use of computers was limited to educational use. Derison, Exhibit "L" at 28. Students were given a username and password to gain access to the internet. Derison, Exhibit "L" at 61.

54.     Mr. Derison was advised by the Principal, Mr. Ragon that photographs of a Seaford student were circulating on the internet. Derison, Exhibit "L" at 79. He was given the name of the website and asked to ascertain whether the site had been accessed. Derison, Exhibit "L" at 81. To do this, Mr. Derison went into the BASCOM filtering system and searched for the site. He found that the site had been accessed once. Derison, Exhibit "L" at 82-83. The site was accessed from either Ms. Sussman's or Mr. Ragon's computer. Derison, Exhibit "L" at 84. He then blocked access to the site from any computer at Seaford. Derison, Exhibit "L" at 83. He reported this information to Mr. Ragon.

55.     During the course of discovery, plaintiff identified two Seaford students, Robert Gemski and Tracie Lombardo, who allegedly viewed the pictures of plaintiff on Seaford computers.  Annexed hereto as Exhibit "M" is a copy of plaintiff's response to interrogatories. These students were deposed on June 29, 2010.

56.     A copy of the transcript of the deposition of Robert Gemski is annexed hereto as Exhibit "N".  At the deposition, Mr. Gemski denied seeing the photographs at anytime from any computer.  Gemski, Exhibit "N" at 22.  He never learned from anyone that the pictures of plaintiff were displayed on Seaford computers.  Gemski, Exhibit "N" at 24.

57.     Annexed hereto as Exhibit "O" is a copy of the transcript of Tracie Ann Lombardo's testimony.  Ms. Lombardo was present in the parking lot on April 1, 2010 when the incident occurred.  Lombardo, Exhibit "O" at 18.  When she arrived, she saw plaintiff drinking a 40 ounce beer.  Lombardo, Exhibit "O" at 23.  Plaintiff, Megan introduced Justine and a male as her girlfriend and boyfriend and described being in "a three-way relationship" with them. Lombardo, Exhibit "O" at 59, 69-70

58.     While she was there, Lombardo  heard someone say something was going on in a truck. Lombardo, Exhibit "O" at 24.  She walked over to the truck and saw Justine performing oral sex on plaintiff, Megan.  Lombardo, Exhibit "O" at 27-28, 61.  She saw plaintiff on the front seat of the truck.  Plaintiff was laughing and conscious at the time the sexual act was performed on her.  Lombardo, Exhibit "O" at 27-28, 61.  She did not hear plaintiff object or say stop. Lombardo, Exhibit "O" at 61-62.   Ms. Lombardo also saw some guys taking photos.  Lombardo, Exhibit "O" at 25.

59.    Ms. Lombardo heard that photos of plaintiff were circulating on the internet.  She did not see the pictures on any computer at school.  Lombardo, Exhibit "O" at 32, 55.  Regarding the computers at Seaford High School, Ms. Lombardo testified as follows:

> Q:    Did there ever come a time that you were informed by any source that the pictures were circulating around Seaford computers.
>
> A:    No.
>
> Q:    Did you ever learn from any source that the pictures were posted on the Seaford computers?
>
> A:    No.
>
> Q:    Did you learn from any source that the pictures were posted as wallpaper on computer lab computers?
>
> A:    No.

Lombardo, Exhibit "O" at 37-38.

**SEAFORD DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT**

60.    For the reasons set forth in the accompanying memorandum of law, there is no basis for the imposition of liability upon Seaford Defendants.  As such, Seaford Defendants are entitled to summary judgment,

WHEREFORE, it is respectfully requested that this Court issue an order granting the within motion and dismiss plaintiff's action in its entirety.

Dated: Uniondale, New York
         August 13, 2010

_____
              Francis X. Schroeder  (FS7028)

14

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK     )
                                  ) ss.:
COUNTY OF NASSAU     )

        DOLORES RIVERA, being duly sworn, deposes and says:

        Your deponent is not a party to this action, is over 18 years of age and resides in Amityville, New York.

        On August 13, 2010, your deponent served the within **NOTICE OF MOTION, AFFIDAVIT, RULE 56.1 STATEMENT and MEMORANDUM OF LAW**, upon:

        THE LAW OFFICES OF
        FREDERICK K. BREWINGTON
        *Attorneys for Plaintiff*
        556 Peninsula Blvd.
        Hempstead, New York 11550
        (516) 489-6959

the address provided by said attorneys for that purpose by delivering a true copy of same enclosed in a post-paid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York.

                                    _____

                                    DOLORES RIVERA

Sworn to before me this
13th day of August, 2010

_____
        Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MEGAN TYRRELL,

       Plaintiff,       **NOTICE REGARDING**
                 **FILING OF EXHIBITS**
  -against-          **IN PAPER FORM**

SEAFORD UNION FREE SCHOOL DISTRICT,  **Docket No. CV-08-4811**
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON, **(SJF) (MJO)**
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity, **D.J. Sandra J. Feuerstein**
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, MASSAPEQUA SCHOOL DISTRICT,
MASSAPEQUA HIGH SCHOOL,

        Defendants.
----------------------------------------------------------------X

S I R S:

  Exhibits, labeled A through O, in support of the motion for summary judgment filed on

behalf of Seaford Defendants, which was electronically filed on August 25, 2010, and assigned

Document Number 67 are being filed in hard copy and will be maintained in the case file in the

Clerk's Office.

Dated: Uniondale, New York
   August 25, 2010

         CONGDON, FLAHERTY, O'CALLAGHAN,
         REID, DONLON, TRAVIS & FISHLINGER

         BY:_____
           Francis X. Schroeder (FS7028)
         *Attorneys for Defendants, SEAFORD UNION*
         *FREE SCHOOL DISTRICT, SEAFORD HIGH*
         *SCHOOL, MICHAEL J. RAGON, in his individual*
         *and official capacity, PAULA SUSSMAN, in her*
         *individual and official capacity, GEORGE DUFFY*
         *III, in his individual and official capacity and*
         *BRIAN CONBOY, in his individual and official*
         *capacity*
         333 Earle Ovington Boulevard, Suite 502
         Uniondale, NY  11553-3625
         (516) 542-5900

# CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2010, the foregoing documents, to wit, Notice of Motion with Affidavit in Support, Rule 56.1 Statement and Memorandum of Law and Exhibits (being filed in paper form as per the Judge's Order dated August 23, 2010) was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules and/or the Eastern District's Rules on Electronic Service upon the following parties and participants.

LAW OFFICES OF FREDERICK K. BREWINGTON
Attorneys for Plaintiffs
556 Peninsula Blvd.
Hempstead, New York   11550
(516) 489-6959


CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER


/S/

By: _____
Laura A. Endrizzi (LAE 0988)
Attorneys For Defts., SEAFORD UNION FREE SCHOOL DISTRICT, SEAFORD HIGH SCHOOL, MICHAEL J. RAGON, in his individual and official capacity, PAULA SUSSMAN, in her individual and official capacity, GEORGE DUFFY, III, in his individual and official capacity, BRIAN CONBOY, in his individual and official capacity
Office & P.O. Address
333 Earle Ovington Boulevard, Suite 502
Uniondale, New York 11530-3625
(516) 542-5900