UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MEGAN TYRRELL,                                              Docket No.: CV-08-4811
                   Plaintiff,                                          (SJF)
      -against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J.
RAGON, in his individual and official capacity,
PAULA SUSSMAN, in her individual and
official capacity, GEORGE DUFFY III,
in his individual and official capacity, BRIAN
CONBOY, in his individual and official capacity,
MASSAPEQUA SCHOOL DISTRICT,

                   Defendants.
------------------------------------------------------------------X

## PLAINTIFF'S STATEMENT OF DISPUTED FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO LOCAL RULE 56.1 AND COUNTER-STATEMENT OF FACTS

Pursuant to Local Rule 56.1 for the Eastern District of New York, Plaintiff submits this Statement of Disputed Material Facts in opposition to SEAFORD UNION FREE SCHOOL DISTRICT (hereinafter "DISTRICT"), SEAFORD HIGH SCHOOL (hereinafter "HIGH SCHOOL"), (sometimes collectively referred to as the "District DEFENDANTS") MICHAEL J. RAGON (hereinafter "RAGON") in his individual and official capacity, PAULA SUSSMAN (hereinafter "SUSSMAN"), in her individual and official capacity, GEORGE DUFFY III (hereinafter "DUFFY") ,in his individual and official capacity, BRIAN CONBOY (hereinafter "CONBOY") , in his individual and official capacity, (sometimes collectively referred to as the "Individual DEFENDANTS") Local Rule 56.1 Statement of Facts in opposition to the Individual Defendants' Motion for Summary Judgement. In opposition of Defendants' motion for summary judgement, Plaintiff also relies upon the Declaration of Meghan Tyrrell dated September 27, 2010, and all record

materials annexed to the Tyrrell Declaration, and the Memorandum of Law dated September 27, 2010.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

1. **Disputed.** The citation offered by DEFENDANTS to support this fact, does not purport what DEFENDANTS contend, as it does not show that Plaintiff, Meghan Tyrrell, was at Seaford High School for the full duration of April 2005. Meghan Tyrrell's last day at Seaford High School was April 19, 2005. (Defendants' Exhibit F, M. Tyrrell 241:14-17)

2. **Not disputed.**

3. **Not disputed.**

4. **Not disputed.**

5. **Not disputed.**

6. **Disputed.** The citation offered by DEFENDANTS to support this fact, does not purport what DEFENDANTS contend, as the portion of Plaintiff's affidavit to which Defendants relies on describes a conversation that Plaintiff had with her attacker, Justine Laricchuito the day after the incident. Plaintiff, while intoxicated, was sexually assaulted by Justine Laricchuito with the encouragement, assistance and witness of several unidentified others. (FKB Decl. Exh.A, DVD footage, April 1, 2005- 00:21- 00:53, Defendants' Exhibit F, M. Tyrrell Tr.168:14– 17; 94:16-25, 95:6-11, 107:6-10, 130:24- 131:9; Defendants' Exhibit M, Lombardo 24:19-25:9; FKB Decl. Exh. G, Burnhauser Tr. 71:9-12)

7. **Disputed.** While Plaintiff's do not dispute that the assault occurred in the parking lot of Dunkin Donuts located on Merrick Road, in Seaford. However, as previously indicated in

Plaintiff's response to paragraph 6, Plaintiff's was not engaged in "sexual activity" she was assaulted, she did not consent to Justine Laricchuito touching her. (FKB Decl. Exh. A, DVD footage, April 1, 2005- 00:21- 00:53, Defendants' Exhibit F, M. Tyrrell Tr.168:14– 17; 94:16-25, 95:6-11, 107:6-10, 130:24- 131:9; Defendants' Exhibit M, Lombardo 24:19-25:9 )

8. **Disputed.** While Plaintiff does not dispute that she was drinking prior to the April 1, 2005 assault, the citation offered by DEFENDANTS to support this fact, does not purport what DEFENDANTS contend, neither citation are the individuals referred to as Plaintiff's friends.

9. **Disputed**. There were a number of individuals taking photographs of the April 1, 2005 incident from both Massapequa and Seaford High Schools. (Defendants' Exhibit M, Lombardo 24:19-25:9, 28:22-29:5; FKB Decl. Exh. G, Burnhauser Tr. 68:10-69:12)

10. **Disputed.** While Plaintiff does not dispute that the photographs of the April 1, 2005 incident, she disputes that these photographs were solely viewed on home personal computers. Defendant Sussman admits viewing these photographs on a Seaford District computer. (Defendants' Exhibit H, Sussman Tr. 78:12 - 82:11) Furthermore, at least three Seaford High School students have been identified as viewing the pictures of Meghan Tyrrell on Seaford computers. (FKB Decl. Exh. G, Burnhauser Tr. 45:16-24, 72:15- 25, 73:24- 74:8)

11. **Disputed.** Matthew Burnhauser reported to his guidance counselor, Mrs. Walsh who in turn reported to Defendant Sussman that Meghan was sexually assaulted by female, that pictures were taken of the incident and that Meghan was a threat to herself and had indicated that she wanted to kill herself. (FKB Decl. Exh. G, Burnhauser Tr. 40:8-16, 40:20- 41:3, 69:19-25, 70:11-71:4)

12. **Not Disputed.**

13. **Disputed.** The citation offered by DEFENDANTS to support this fact, does not

3

purport what DEFENDANTS contend, as it does not show that Plaintiff, Meghan Tyrrell, ever told Ms. Sussman that she was drinking in the Dunkin Donuts parking lot. The citation only indicates that Plaintiff Sussman that she had drank.

14. **Disputed.** Meghan <u>never</u> told Defendant Sussman that she got into a vehicle with her best friend, Jenn. Plaintiff told Defendant Sussman that she had little memory of the April 1, 2005 incident. Plaintiff told Defendant Sussman that she recalls lights going on and off, a door opening and finding her underwear on the floor. Having already seen a few of the pictures of the incident, Plaintiff described what she had seen the photographs to Defendant Sussman. (Defendants' Exhibit F, M. Tyrrell Tr. 126:9-24)

15. **Disputed.** Plaintiff did not tell Ms. Sussman that she was fine. Plaintiff had told Ms. Sussman that she was being teased. Plaintiff was upset while speaking to Ms. Sussman, crying, embarrassed and in disbelief. Plaintiff felt violated, embarrassed and betrayed and taken advantage of. (Defendants' Exhibit F, M. Tyrrell Tr. 127:22-128:4, 129:22-25, 156:21-157:4, 158:3-9)

16. **Disputed.** Plaintiff told Ms. Sussman that she did not want Defendant Sussman to tell her mother. (Defendants' Exhibit F, M. Tyrrell Tr. 130:13-16)

17. **Disputed.** Plaintiff told Defendant Sussman that she was being harassed by students at school. Student had indicated that she was being called a "lesbian" a "dyke" that she was accused as having a "whole bunch of diseases" including "herpes". (Defendants' Exhibit F, M. Tyrrell Tr. 127:22-128:4, 129:22-25, 156:21-157:4, 158:3-9; Defendants Exhibit H, Sussman Tr. 53:25-54:20)

18. **Disputed.** Plaintiff told Defendant Sussman that she was being harassed by being called names and things being written about her on the bathroom wall. Defendant Sussman never inquired as to the identity of any of the students who were harassing her. (Defendants' Exhibit F, M.

4

Tyrrell Tr. 127:22-128:4, 129:22-25, 156:21-157:4, 158:3-9; Exhibit H, Sussman Tr. 55:1-24)

19. **Not Disputed.**

20. **Not Disputed.**

21. **Disputed.** Ms. Sussman only indicated to Mr. George Taibi, of Massapequa High School, of her interest in getting access to the website that had photos of Meghan Tyrrell on it. (Defendants' Exhibit H, Sussman Tr. 72:24-73:11) It was the Massapequa High School who indicated that it would have the pictures removed. This was not done at the request of Defendant Sussman. (Defendants' Exhibit H, Sussman Tr. 75:2-10, 78:7-13)

22. **Not Disputed.**

23. **Not Disputed.**

24. **Not Disputed.**

25. **Disputed.** Defendant Sussman only spoke to Plaintiff once. (Defendants Exh. F, M. Tyrrell Tr. 123:24-124:2) She never advised Plaintiff that photos were taken down from the site. (Defendants Exh. F, M. Tyrrell Tr. 133:5- 11) At the request of Lisa Tyrrell, Plaintiff's mother, Defendant Sussman was not permitted to speak to Plaintiff. (FKB Decl. Exh. F, Sussman Notes, dated May 2, 2005)

26. **Not Disputed.**

27. **Not Disputed.**

28. **Disputed.** Plaintiff told Defendant Sussman that she was being harassed by students at school. Student had indicated that she was being called a "lesbian" a "dyke" that she was accused as having a "whole bunch of diseases" including "herpes". Defendant Sussman never inquired as to the identity of any of the students who were harassing her. (Defendants' Exhibit F, M. Tyrrell Tr.

5

127:22-128:4, 129:22-25, 156:21-157:4, 158:3-9; Exhibit H, Sussman Tr. 55:1-24) Seaford students' harassment of Plaintiff was very public and quite prevalent. Plaintiff was cursed at shout at in hallways and pushed in hallways. Other students observed Plaintiff being teased and bullied. (Defendants' Exhibit F, M. Tyrrell 159: 10-160:11; Defendants' Exhibit M, T. Lombardo Tr. 39:7-39:22)

29. **Disputed**. Plaintiff told Defendant Sussman that she was being harassed by being called names and things being written about her on the bathroom wall. Defendant Sussman never inquired as to the identity of any of the students who were harassing her. (Defendants' Exhibit F, M. Tyrrell Tr. 127:22-128:4, 129:22-25, 156:21-157:4, 158:3-9; Exhibit H, Sussman Tr. 55:1-24)

30. **Disputed.** The citation offered by DEFENDANTS to support this fact, does not purport what DEFENDANTS contend, Mark Derison never investigated to see if photos were used as wallpaper on Seaford District computers. (Defendants' Exhibit L, M. Derison Tr. 88:9- 14, 92:3-8) Seaford District computers had the ability to upload pictures from both the internet and removable drives unto the desktop as wallpaper. (Defendants' Exhibit N, R. Gemski Tr. 41:21 - 42:4, 44:10 - 45:4, 53:4-13) Furthermore, at least three Seaford High School students have been identified as viewing the pictures of Meghan Tyrrell on Seaford computers as wallpaper. (FKB Decl. Exh. G, Burnhauser Tr. 45:16-24, 72:15- 25, 73:24- 74:8)

31. **Disputed**. Furthermore, at least three Seaford High School students have been identified as viewing the pictures of Meghan Tyrrell on Seaford computers as wallpaper. (FKB Decl. Exh. G, Burnhauser Tr. 45:16-24, 72:15- 25, 73:24- 74:8)

32. **Disputed.** Defendant Sussman indicated that she viewed the website twice on Seaford District computers, once on her computer and the second time on Defendant Ragon's

6

computer. (Defendants' Exhibit H, Sussman Tr. 78:12 - 82:11) Photos of Plaintiff were posted on more than one site. (FKB Decl. Exh. G, Burnhauser Tr. 28:5-10, 31:9-12; FKB Decl. Exh. F, Sussman Notes, dated May 2, 2005)

33. **Not Disputed.**

34. **Not Disputed.**

35. **Not Disputed.**

## PLAINTIFF'S COUNTER-STATEMENT OF UNDISPUTED FACTS

1. Prior to April 1, 2005, Plaintiff, Meghan Tyrrell, was a normal teenager. (Defendants' Exhibit G, L. Tyrrell Tr. 29:24) Before the incident, Plaintiff had drank alcohol twice and tried marijuana once. (Defendants' Exhibit F, M. Tyrrell Tr. 40:20- 41:2, 41:11-13)

2. On April 1, 2005, Plaintiff was hanging out in the parking lot of Dunkin Donuts in Seaford, New York on Merrick Avenue. (Defendants' Exhibit F, M. Tyrrell Tr. 88:18-20)

3. Prior to arriving, Plaintiff had consumed alcohol. (Defendants' Exhibit F, M. Tyrrell Tr. 89:19-22)

4. Plaintiff does not recall the details of the events of that night. (Defendants' Exhibit F, M. Tyrrell Tr. 90:20- 91:7) However, Plaintiff recalls lying down in the back seat of a car with the lights flashing on and off. (Defendants' Exhibit F, M. Tyrrell Tr. 126:9-24) She also recalls someone opening the door and closing it again on her head. (Defendants' Exhibit F, M. Tyrrell Tr. 131:8-21)

5. Plaintiff became disoriented and began blacking out. (Defendants' Exhibit F, M. Tyrrell Tr. 166:16- 167:3) When Plaintiff awoke, she found her underwear on the street. (Defendants' Exhibit F, M. Tyrrell Tr. 94:16-24)

6. The next day Plaintiff discover bruises on her legs and her head. (Defendants' Exhibit F, M. Tyrrell Tr. 90:20- 91:7)

7. A few days later, Plaintiff was advised that there were pictures of her on a website engaged in oral sex with Justine Laricchuito. (Defendants' Exhibit F, M. Tyrrell Tr. 96:19-22, 98:10-15) This was done without Plaintiff's knowledge or consent. (Defendants' Exhibit F, M. Tyrrell Tr. 168:14-17)

8. During the next few days, Plaintiff was teased and harassed at school by so-called friends and other Seaford students. She was called lesbian, a slut and was told that she had sexually transmitted disease like herpes. (Defendants' Exhibit F, M. Tyrrell Tr. 127:22-128:4, 129:22-25, 156:21-157:4, 158:3-9; Defendants Exhibit H, Sussman Tr. 53:25-54:20)

9. Feeling embarrassed, violated and betrayed, Plaintiff confided in her friend Matt Burnhauser; telling him that she was thinking of harming herself. Matt reported all this information to his guidance counselor at St. Anthony's High School; who in turn reported it to Defendant Sussman at Seaford High School. (FKB Decl. Exh. G, Burnhauser Tr. 40:8-16, 40:20- 41:3, 69:19-25, 70:11-71:4)

10. Defendant Sussman interviewed Plaintiff for fifteen minutes, and without any inquiry to the harassment Plaintiff was experiencing or Plaintiff's feelings regarding the incident, determined that Meghan was fine and took no further action to assure that Plaintiff was mentally and psychologically stable. (Defendants' Exhibit F, M. Tyrrell Tr. 126:25- 127: 5, 127:22-128:4, 129:22-25, 156:21-157:4, 158:3-9; Exhibit H, Sussman Tr. 55:1-24)

11. Defendant Sussman indicated to Plaintiff that the incident was not a big deal and something similar had occurred in the school prior and this was "nothing to get worked up about". (Defendants' Exhibit F, M. Tyrrell Tr. 126:18-24)

12. Crying in Defendant Sussman's office, feeling violated, betrayed and embarrassed, Plaintiff was advised that everything would be fine. (Defendants' Exhibit F, M. Tyrrell Tr. 127:22-128:4, 129:22-25, 156:21-157:4, 158:3-9)

13. Plaintiff indicated that she was not fine and that she was being harassed in school. (Defendants' Exhibit F, M. Tyrrell Tr. 127:20-128:4)

9

14. Defendant Sussman never inquired as to who was harassing Plaintiff. (Defendants' Exhibit F, M. Tyrrell Tr. 127:22-128:4, 129:22-25, 156:21-157:4, 158:3-9; Exhibit H, Sussman Tr. 55:1-24)

15. Plaintiff informed Defendant Sussman that although she did not know which website the pictures were on, that a Seaford student by the name of Gerald Trovato possessed information as to the source of the photos. (Defendants' Exhibit H, Sussman Tr. 59:6-21)

16. Defendants Sussman and Ragon interviewed Gerald Trovato and were informed that a student at Massapequa High School had additional information regarding the photos and the incident. (Defendants' Exhibit H, Sussman Tr. 67:22 - 68:6)

17. Defendant Sussman contacted George Taibi at Massapequa High School to ascertain the name of the website. (Defendants' Exhibit H, Sussman Tr. 68:7-17) Shortly thereafter, Mr. Taibi called back with the name of the website. (Defendants' Exhibit H, Sussman Tr. 75:2-10)

18. Without the request or inquiry of Defendant Sussman, Mr. Taibi informed Defendant Sussman that the principal of Massapequa High School would have the student(s) remove the photos from the website.(Defendants' Exhibit H, Sussman Tr. 75:2-10)

19. Defendant Sussman did not inquire nor did she request that the website be taken down. (Defendants' Exhibit H, Sussman Tr. 75:2-10)

20. Defendant Sussman viewed three photos on the site that are pornographic in nature. (Defendants' Exhibit H, Sussman Tr. 81:4-18, 86:9- 94:11; FKB Decl. Exh. E, Two Photos marked at Defendant Sussman's Deposition as Exh. 4 and 9)

21. Defendant Sussman reported to Defendant Ragon of her findings. (Defendants' Exhibit H, Sussman Tr. 82:2-1)

22. No discussion was had as to whether the police should be contacted regarding the child pornography. (Defendants' Exhibit H, Sussman Tr. 82:16-18)

23. No discussion was had as to whether the any other governmental agency should be contacted. (Defendants' Exhibit H, Sussman Tr. 82:19-22)

24. No discussion was had as to whether Plaintiff's parents should be notified regarding Meghan being a harm to herself or that pornographic pictures had been taken of her. (Defendants' Exhibit H, Sussman Tr. 83:9-12)

25. No further action was taken by either Defendants. (Defendants' Exhibit H, Sussman Tr. 83:9-12)

26. Defendant Ragon informed Defendants Duffy and Conboy of their decision not to tell Meghan parents, based on her request. (Defendants' Exh. K, Duffy Tr. 49:9-25; Defendants' Exh. I, Ragon Tr. 54:13-17)

27. Approximately a week later, Mrs. Tyrrell learns that there are inappropriate pictures of Meghan on a website. (Defendants' Exhibit G, L. Tyrrell Tr. 162:21-164:12)

28. Concerned for her minor child, Mrs. Tyrrell went to Seaford High School to speak with an administrator. (Defendants' Exhibit G, L. Tyrrell Tr. 168:5- 23)

29. Mrs. Tyrrell was told that Defendant Sussman is not available and to return the next day. (Defendants' Exhibit G, L. Tyrrell Tr. 170:24-171:9) Mrs. Tyrrell returned to Seaford High School the following day to inquire as to what is going on with Meghan. (Defendants' Exhibit G, L. Tyrrell Tr. 213:10-23)

30. Although Defendant Sussman knew that there were pornographic photos of Mrs. Tyrrell's minor child on public website, Defendant Sussman refused to answer any of Mrs. Tyrrell's

questions citing student confidentiality. (Defendants' Exhibit G, L. Tyrrell Tr. 213:10-214:3; Defendants' Exhibit H, Sussman Tr. 81:4-18, 86:9- 94:11; FKB Decl. Exh. E, Two Photos marked at Defendant Sussman's Deposition as Exh. 4 and 9)

31. Although Defendant Sussman was advised that Meghan was threat to herself, Defendant Sussman did not share any information with Mrs. Tyrrell including the information she learned independently of Meghan. (Defendants' Exhibit H, Sussman Tr. 119:15-120:11,115:21-118:23; FKB Decl. Exh. G, Burnhauser Tr. 40:8-16, 40:20- 41:3, 69:19-25, 70:11-71:4)

32. Defendant Sussman made light of the situation, indicating that it was "nothing to get worked up about". (Defendants' Exhibit F, M. Tyrrell Tr. 126:18-24)

33. Plaintiff had told Ms. Sussman that she was being teased by students and being called a "lesbian" and "dyke". Plaintiff was upset while speaking to Ms. Sussman, crying, embarrassed and in disbelief. Plaintiff felt violated, embarrassed and betrayed and taken advantage of. (Defendants' Exhibit F, M. Tyrrell Tr. 127:22-128:4, 129:22-25, 156:21-157:4, 158:3-9)

34. In the interim, the harassment grew worse for Meghan at Seaford High School. Meghan was being bullied aggressively. She was pushed down in hallways, yelled at cursed at, told the get out of the school, she was called "slutty", "lesbian" and a "dyke". (Defendants' Exhibit F, M. Tyrrell Tr. 159:10-160:11; Defendants Exhibit M, Lombardo Tr. 39:7-22)

35. Meghan was seen crying in the hallways by both students and at least one administrator, she was being gossiped about and laughed in the classroom. (Defendants Exhibit M, Lombardo Tr. 39:7-22, 43:24- 45:10)

36. Plaintiff was written about on Seaford bathroom walls calling her a "lesbian" and saying the she had "herpes". Defendants were made aware of this harassment. (Defendants' Exhibit

F, M. Tyrrell Tr. 129:2-11, 120:11-121:5)

37. Defendant Duffy thought the situation posed a concern for Plaintiff's well being and advised Defendant Ragon to reach out to the Plaintiff's parents. (FKB Decl. Exh. D, Email dated May 2, 2005 from Defendant Ragon to Defendant Duffy; Defendant Exh. K, Duffy Tr. 42:6 - 43:25)

38. Upon speaking to the Defendant District's attorneys, on or about April 19, 2005, Defendant Ragon called Mrs. Tyrrell and advised her of the information regarding the pictures and the website. (FKB Decl. Exh. D, Email dated May 2, 2005 from Defendant Ragon to Defendant Duffy; (Defendants Exh. G, L. Tyrrell, Tr. 226:7-19)

39. Defendants never apprised Mrs. Tyrrell that they had received reports that Plaintiff was a danger to herself. (Defendants' Exhibit H, Sussman Tr. 119:15-120:11,115:21-118:23; Defendant Exh. K, Duffy Tr. 48:7-20; Defendant Exh. I, Ragon Tr. 113:12- 114:16; Defendant Exh. J, Conboy Tr. 123:11-14)

40. Defendants never apprised Mrs Tyrrell that the photographs that were on the website were pornographic in nature. (Defendants Exh. G, L. Tyrrell, Tr. 246:13-247:15)

41. The same day, Mrs. Tyrrell learned of the incident was reported to the police. (Defendants Exh. G, L. Tyrrell, Tr. 220:2- 223:22)

42. The next day Meghan Tyrrell was taken out of school. (Defendants Exh. G, L. Tyrrell, Tr. 241:14-17)

43. After the discovery of the photos on the internet, Defendant Ragon requested Mark Derison, the Director of information technology, to find out if the Picturetrail.com website had been accessed by Seaford District computers. (Defendants Exh. L, Derison Tr. 80:25-81:6, 81:16- 82:6)

44. Although Defendant Sussman had accessed the website that contained the photos

13

twice, Mr. Derison could only find one instance upon which Defendant District's filtering system, BASCOM, had recorded the website being accessed. (Defendants Exh. L, Derison Tr. 83:3-5; Defendants' Exhibit H, Sussman Tr. 78:12 - 82:11)

45. Mr. Derison manually blocked this non-educational site from being accessed again. (Defendants Exh. L, Derison Tr. 83:19-25) Mr. Derison did not check to see if any of the photos of Meghan Tyrrell had been uploaded to Seaford District computers. (Defendants' Exhibit L, M. Derison Tr. 88:9- 14, 92:3-8)

46. Although Seaford students had the capability to upload photos and change the background image on the desktop of District computers, District Defendant did not have the software capabilities to discern whether the photos of Meghan Tyrrell were uploaded on the desktop of the computer as wallpaper. (Defendants' Exhibit L, M. Derison Tr. 88:9- 14, 92:3-8)

47. Mr. Derison was not asked to take any further steps in relation to the website or the photos of Meghan Tyrrell. (Defendants' Exhibit L, M. Derison Tr. 86:9-23)

48. On or about August 26, 2005, the Tyrrells requested home schooling for Meghan. (FKB Decl. Exh. B, Letter dated, April 26, 2005 to Defendant Ragon from Mr. and Mrs. Tyrrell)

49. At first, Defendant Ragon did not think that home schooling was necessary. (Defendants Exh. G, L. Tyrrell, Tr. 240:16-241:4) However, he later approved the Tyrrell's request.

50. Due to the Defendant District's failure to appropriately advise Meghan's tutors of her curriculum, Meghan failed her final exam and was learning the wrong material for her math course. (Defendants Exh. G, L. Tyrrell, 218: 2-24,225:16-226:3)

51. Plaintiff was subsequently diagnosed with depression and post traumatic stress disorder. (FKB Decl. Exh. B, Letter stamped, March 6, 2006, from Dr. Daniel Lieberman to

Defendant District)

52. Still residing in Seaford, Plaintiff was often harassed and pointed at the community by students and parents who knew of the incident.(Defendants Exh. F., M. Tyrrell Tr. 160:20-161:5, 208:23-209:20; Defendants Exh G, L. Tyrrell Tr. 124:10- 125:7)

53. Meghan began drinking heavily and abused illegal substances. (Defendants Exh. F., M. Tyrrell Tr. 202:5- 205:2)

54. In July 2005, after a Seaford student taunted and harassed Plaintiff at community outing, Plaintiff attempted to suicide by drinking alcohol with Xanax. (Defendants Exh. F., M. Tyrrell Tr. 187:25- 191:4; Defendants' Exh. G, L. Tyrrell Tr.327:11- 332:8, 334:24-336:11)

55. On anther occasion, Plaintiff tried to slit her wrists with a razor and a tweezer when someone brought up the April 1, 2005 incident. (Defendants Exh. F., M. Tyrrell Tr. 67:9- 68:24, 70:7- 72:2, 75:8- 22)

56. Meghan was twice hospitalized on an in-patient basis for trying to hurt herself, after the April 1, 2005 incident, as a result of being harassed by Seaford students. (Defendants Exh G, L. Tyrrell Tr. 124:10- 125:7, 334:24-336:11)

57. The Tyrrells were forced to move out of the Seaford School District and transferred Meghan to Plainedge High School in attempt to give her a fresh start. (Defendants Exh G, L. Tyrrell Tr. 353:1-354:6)

58. Meghan graduated to heroin use, which eventually led to her arrest for possession. (Defendants Exh. F., M. Tyrrell Tr. 202:5- 205:2)

59. Plaintiff was subsequently admitted into a substance abuse rehabilitation center.(Defendants Exh. F., M. Tyrrell Tr. 207:16-19)

60. Plaintiff has now been clean for over two years. (Defendants Exh. F., M. Tyrrell Tr. 207:12-15)

Dated: Hempstead, New York
 September 27, 2010

                                            Respectfully submitted,

                                            LAW OFFICES OF
                                            FREDERICK K. BREWINGTON

By: _____
                                            MARJORIE MESIDOR
                                            *Attorneys for Plaintiff*
                                            556 Peninsula Boulevard
                                            Hempstead, New York 11550
                                            (516) 489-6959

DOCKET NO.:CV-08-4811(SJF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===============================================

MEGAN TYRRELL,

Plaintiff,

-against-

SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, MASSAPEQUA SCHOOL DISTRICT,
MASSAPEQUA HIGH SCHOOL,

Defendants.

===============================================

PLAINTIFF'S STATEMENT OF DISPUTED FACTS IN
OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT PURSUANT TO
LOCAL RULE 56.1 AND COUNTER- STATEMENT OF FACTS

===============================================

LAW OFFICES OF
FREDERICK K. BREWINGTON
*Attorneys for the Plaintiffs*
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959