UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MEGAN TYRRELL,                                    Docket No.  CV-08-4811
                                                  **(SJF) (MJO)**

                              Plaintiff,


            -against-


SEAFORD UNION FREE SCHOOL DISTRICT,
SEAFORD HIGH SCHOOL, MICHAEL J. RAGON,
in his individual and official capacity, PAULA
SUSSMAN, in her individual and official capacity,
GEORGE DUFFY III, in his individual and official
capacity, BRIAN CONBOY, in his individual and
official capacity, JOHN and JANE DOES 1-10,


                              Defendants.
----------------------------------------------------------------X


---

### REPLY MEMORANDUM OF LAW

---


CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER
*Attorneys for Defendants, SEAFORD UNION*
*FREE SCHOOL DISTRICT, SEAFORD HIGH*
*SCHOOL, MICHAEL J. RAGON, in his individual*
*and official capacity, PAULA SUSSMAN, in her*
*individual and official capacity, GEORGE DUFFY*
*III, in his individual and official capacity, BRIAN*
*CONBOY, in his individual and official capacity*
Office & P.O. Address
333 Earle Ovington Boulevard, Suite 502
Uniondale, NY  11553-3625
(516) 542-5900


Of Counsel:
Francis X.  Schroeder

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...............................................................................(i)

**PRELIMINARY STATEMENT** ...................................................................1

**POINT I**

**SEAFORD DEFENDANTS MOTION PAPERS
WERE SUFFICIENT AS A MATTER OF LAW** .........................................1

**POINT II**

**PLAINTIFF'S TITLE IX CLAIM MUST BE DISMISSED** .........................2

    **A.**    **Title IX does not Protect Against Harassment Based on Sexual
Orientation** .................................................................................2

    **B.**    **The Title IX Claim Must be Dismissed Since Seaford Defendants
did not have Actual Notice of the Alleged Harassment** .........................3

**POINT III**

**LIABILITY CANNOT BE IMPOSED UPON SEAFORD
UNION FREE SCHOOL DISTRICT AND THE NAMED
DEFENDANTS IN THEIR INDIVIDUAL CAPACITY
UNDER SECTION 1983** ...............................................................................8

    **A.**    **Seaford Union Free School District Cannot be held Liable Under
Section 1983 as there is no Evidence of a District Policy that
Deprived Plaintiff of her Constitutional Right** .......................................8

    **B.**    **The Named Defendants Cannot be held Liable in their Individual
Capacity** ...................................................................................10

**POINT IV**

**THE INDIVIDUALLY NAMED DEFENDANTS
ARE ENTITLED TO QUALIFIED IMMUNITY** ........................................10

**POINT V**

**SEAFORD DEFENDANTS ARE ENTITLED TO SUMMARY
JUDGMENT ON THE NEGLIGENCE CLAIMS** .......................................11

**A.**    **Negligent Supervision/Negligence/Gross Negligence** ...........................**12**

**B.**    **Negligent Infliction of Emotional Distress** .............................................**13**

**C.**    **Notice of Claim** ......................................................................................**14**

**CONCLUSION** ......................................................................................................**16**

# TABLE OF AUTHORITIES

<u>Caselaw:</u>

Ayek v. Field Support Services, Inc., 702 F.Supp. 84 (E.D.N.Y. 2010) ............................2

Brandy B v. Eden Central School District, 15 N.Y.3d 297 (2010).....................................9

Cavello v. Sheburne-Earlville Central School District,
110 A.D.2d 253, 494 N.Y.S.2d 466 (3d Dep't 1985) ........................................................10

Dawson v. Bumble & Bumble, 398 F.3d 211 (2d Cir. 2005) ...............................................2

Doe v. East Haven Bd. of Ed., 403 F.Supp.2d 54 (D. Conn. 2006) ...................................5

Espinal v. Melville Snow Contractors, 98 N.Y.2d 136 (2002).........................................10

Gant v. Wallingford Bd. of Ed., 195 F.3d 134 (2d Cir. 1999).......................................7, 8

Hall v. N.Y.C.T.A., 5 A.D.3d 731, 773 N.Y.S.2d 600 (2d Dep't 2004) ...........................16

Harrison-Hodge Industries, Inc. v. Panther Martin S.R.L.,
2008 WL 905892 (E.D.N.Y. 2008).....................................................................................1

Johnson v. Carmel Central School District,
277 A.D.2d 354, 716 N.Y.S.2d 403 (2d Dep't 2000) ........................................................9

Johnson v. Newburgh Enlarged School District, 239 F.3d 246 (2d Cir. 2001) .................8

Kelly v. Yale University, 2003 WL 1563424 (D. Conn. 2003)...........................................4

Mirand v. City of New York, 84 N.Y.2d 44, 614 N.Y.S.2d 372 (1994) ............................9

Monell v. Department of Social Services, 436 U.S. 658 (1978) ........................................6

Montgomery v. Independent School District No. 709,
109 F.Supp.2d 1081 (D. Minn. 2000)................................................................................2

Murrell v. School District No. 1, Denver, Colorado,
186 F.3d 1238 (10th Cir. 1999) ........................................................................................6

Neidhart v. K.T. Brake & Spring Co.,
55 A.D.3d 887, 866 N.Y.S.2d 352 (2d Dep't 2008).......................................................10

Patenaude v. Salmon River Central School District,
2005 WL 6152380 (N.D.N.Y. 2005) .................................................................................2

Ruggiero v. Suffolk County Police,
7 A.D.3d 605, 775 N.Y.S.2d 904 (2d Dep't 2004)............................................................13

Simonton v. Runyon, 232 F.3d 33 (2d Cir. 2000) ...............................................................2

Sledge v. Kool, 2007 WL 95 1447 (N.D.N.Y. 2007) ...........................................................2

Soriano v. Bd. of Ed. of City of New York,
2004 WL 2397610 (E.D.N.Y. 2004)......................................................................................7

Spaulding v. Chenango Valley Central School District,
68 A.D.3d 1227, 890 N.Y.S.2d 162 (3d Dep't 2009) ..........................................................9

Stouter v. Smithtown Central School District,
687 F.Supp.2d 224 (E.D.N.Y. 2010) ...................................................................................2

Tesoriero v. Syosset Central School District, 382 F.Supp. 387 (E.D.N.Y. 2005)..............6

U.S. v. Letscher, 83 F.Supp.2d 367 (S.D.N.Y. 1999).........................................................1

Zeno v. Pine Plains Central School District, 2009 WL 1403935 (S.D.N.Y. 2009).............7

**STATUTES**:

42 U.S.C. §1983........................................................................................................6, 7, 8

20 U.S.C. §1681 (Title IX) ..........................................................................2, 3, 4, 5, 7, 8

Fed. R. Civ. P. 56........................................................................................................1

N.Y. C.P.L.R. §4508.................................................................................................6, 11

N.Y. Gen. Mun. Law §50(e) .........................................................................................13

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Defendants SEAFORD UNION FREE SCHOOL DISTRICT, SEAFORD HIGH SCHOOL, MICHAEL J. RAGON, in his individual and official capacity, PAULA SUSSMAN, in her individual and official capacity, GEORGE DUFFY III, in his individual and official capacity, and BRIAN CONBOY, in his individual and official capacity (hereinafter referred to as the moving Seaford Defendants) in reply to the memorandum of law submitted on behalf of plaintiff in opposition to Seaford Defendants' motion for summary judgment and in  further support of their motion, pursuant to Federal Rule of Civil Procedure 56(c), which seeks an Order granting them summary judgment on all causes of action and dismissing plaintiff's amended complaint in its entirety.   Since plaintiff has failed to raise a factual issue that warrants submission to a jury on any cause of action, Seaford Defendants are entitled to summary judgment.

## POINT I

### SEAFORD DEFENDANTS MOTION PAPERS
### WERE SUFFICIENT AS A MATTER OF LAW

Plaintiff's initial argument in opposition to this motion is that Seaford Defendants failed to meet its burden on summary judgment as the motion was supported by an attorney affidavit based solely upon second hand information.   Even a cursory review of the affidavit served in support of this motion reveals that every factual allegation is supported by admissible evidence in the form of deposition testimony.  As such, the attorney affidavit only served as a vehicle for the submission of admissible evidence.  It is well settled that "an attorney's affidavit can be used, in connection with a summary judgment motion, to place documents produced in discovery before the Court".  Harrison-Hodge Industries, Inc. v. Panther Martin S.R.L., 2008 WL 905892, *27 (E.D.N.Y. 2008); see also U.S. v. Letscher, 83 F.Supp.2d 367 (S.D.N.Y. 1999).  Therefore,

Seaford Defendants motion was in proper admissible form and the merits of such motion must be considered by this Court.

## POINT II

## PLAINTIFF'S TITLE IX CLAIM MUST BE DISMISSED

In opposition to this motion, plaintiff failed to raise any factual issue as to whether the alleged harassment was protected by Title IX and whether Seaford Defendants had actual notice of the alleged harassment.  Since the alleged discrimination was not protected by Title IX and there is no evidence of actual notice, the Title IX claim must be dismissed.

**A.**     **Title IX does not Protect Against Harassment Based on Sexual Orientation.**

Plaintiff's opposition papers do not even address whether the alleged harassment falls within the protection of Title IX.  As such, plaintiff has effectively conceded that the harassment does not fall within the purview of the statute.  See Ayek v. Field Support Services, Inc., 702 F.Supp. 84, 103 (E.D.N.Y. 2010); Sledge v. Kool, 2007 WL 95 1447,*5 (N.D.N.Y. 2007).

Plaintiff's amended complaint and testimony allege that plaintiff was discriminated based upon her involvement in sexual activity with a female.  It is alleged that plaintiff was called a lesbian, slut, dyke and carpet muncher.  These terms are not based upon plaintiff's gender but, rather, her perceived sexual orientation.  Since Title IX does not protect against discrimination based upon sexual orientation, the Title IX claim must be dismissed.  Dawson v. Bumble & Bumble, 398 F.3d 211 (2d Cir. 2005); Simonton v. Runyon, 232 F.3d 33 (2d Cir. 2000); Montgomery v. Independent School District No. 709, 109 F.Supp.2d 1081 (D. Minn. 2000); Stouter v. Smithtown Central School District, 687 F.Supp.2d 224, 231 (E.D.N.Y. 2010); Patenaude v. Salmon River Central School District, 2005 WL 6152380 (N.D.N.Y. 2005).

**B.    The Title IX Claim Must be Dismissed Since Seaford Defendants did not have Actual Notice of the Alleged Harassment**.

Even if Title IX recognized a cause of action based upon sexual orientation discrimination, Seaford Defendants still could not be held liable in this matter since they did not have actual notice of the alleged harassment.  In opposition to the motion, plaintiff attempts to "create" actual notice by arguing that Seaford Defendants received notice of the alleged "assault".  Initially, it must be noted that it is contested whether Seaford Defendants had notice of an "assault" or of voluntary sexual activity.  Plaintiff repeatedly refers to Megan Tyrrell's sexual encounter with a female friend as an "assault".  This description is contradicted by what Megan told Social Worker, Defendant Paula Sussman, to wit: "She proceeded to tell me that she had gotten drunk in the parking lot of dunkin donuts and that she and her best friend had engaged in oral and manual sex.  Pictures were taken by some boys while they were engaged in their sexual behavior in the back seat of the car and they were put on the internet.  She was more upset and concerned that people were going to think she was a lesbian and in fact some people had said that to her in the morning. . . The girl she had engaged in sexual behavior w/ was her best friend.  We spoke for approximately 50 minutes, during the entire time she did not cry, or show any other extreme emotion –she was very matter of fact. . . See Sussman handwritten notes, Exhibit F, Declaration of Marjorie Mesidor. Further evidence that Megan was not assaulted and was not unconscious during the events are also depicted in the 14 photographs, attached to the Reply Affidavit of Francis X. Schroeder as Exhibit "2" and the video footage, attached to the Declaration of Marjorie Mesidorf as Exhibit "A".  Megan Tyrrell authenticated these photographs and video at her deposition.  Exhibit "F" at 137-146, 149-150.

Though Megan's mother, Lisa Tyrrell, learned that there were compromising pictures of her daughter Megan on the internet on April 15, 2005, she did not contact the police until the

following week.  After contacting the Nassau County Police, detectives interviewed Megan. L. Tyrrell, Exhibit "G" at 251.  They also showed the video footage to Lisa Tyrrell.  The Police advised the Tyrrells that the case was being closed and no criminal charges were brought against anybody as a result of the sexual encounter or photo images. Exhibit "G" at 258 – 259.

The April 1, 2005 sexual encounter between Megan and her female friend, Justine Laricchiuta took place in a Dunkin Donuts parking lot when Seaford School District was closed. Justine Laricchuita was a student at Massapequa High School.  The School District had no notice of or control over this sexual encounter.

Plaintiff Megan Tyrrell did not notify the Seaford School District that this April 1, 2005 sexual encounter occurred or that photo images of the encounter existed. Exhibit "F" at 115 – 116.  Defendant Paula Sussman, a Seaford school social worker, learned of the incident from a social worker at St. Anthony's High School on April 7, 2005.  Paula Sussman then initiated contact with Megan Tyrrell.  (See Sussman notes, plaintiff's exhibit "F").  The Seaford defendant's had no notice of the sexual encounter or photo images until almost a week after the incident.

However, even assuming Seaford Defendants had actual notice of the sexual encounter for the purpose of the Title IX claim, this does not establish actual notice of the alleged harassment.  The case relied upon by plaintiff, <u>Kelly v. Yale University</u>, 2003 WL 1563424 (D. Conn. 2003) is easily distinguishable.  In <u>Kelly</u>, plaintiff was sexually assaulted by a fellow student.  Plaintiff resided in the same dorm as the assailant and was in a class with him.  After the assault, she repeatedly advised school officials of the discomfort and fear she would feel if she encountered the assailant and requested special accommodations.  Further, plaintiff made a

formal complaint against the assailant after the attack.  The court found that this conduct amounted to actual notice of the harassment.

Likewise, in Doe v. East Haven Bd. of Ed., 403 F.Supp.2d 54 (D. Conn. 2006), the court found that there was sufficient evidence of notice where a student reported an off school rape by fellow students to school authorities and, thereafter, made repeated complaints regarding harassment at school.  Doe at 62.

In this matter, the alleged "assailant" was not a student of Seaford.  Plaintiff never lodged any formal complaint of harassment against any student and only advised defendant Sussman on one occasion that some unnamed students called her a lesbian. Sussman, Exhibit "H' at 54.  As such, even if Seaford Defendants had notice of an off-campus sexual assault, this does not establish actual notice of the in-school harassment.

Plaintiff's previously steadfastly maintained that the Seaford defendant's were on notice of the alleged harassment due to the fact that images of Megan's sexual encounter were "all over the school computers" and used as "wallpaper" on school computers.  Amended Complaint at ¶ 38.  Curiously, this claim appears to have vanished.  Megan Tyrrell never saw any images of herself on Seaford school computers Exhibit "F" at 134.  Although plaintiff claimed that Seaford students Robert Gemski and Tracie Lombardo witnessed the compromising images of Megan on school computers, both Gemski and Lombardo gave sworn deposition testimony that they never saw any images of Megan on Seaford school computers.  Deposition of Robert Gempski at 59[1]; Deposition of Tracie Lombardo at 55[2]. At this late stage and upon the close of discovery in this matter, there is absolutely no admissible evidence that any compromising images of Megan

---

[1]    A copy of the transcript of the deposition testimony of Richard Gempski is annexed to the affidavit served in support of this motion as Exhibit "N".

[2]    A copy of the transcript of the deposition testimony of Tracie Lombardo is annexed to the affidavit served in support of this motion as Exhibit "O".

Tyrrell were ever displayed on any Seaford School District computer.  Consequently, plaintiff has strained to create "constructive notice".

Given the lack of actual notice of the harassment, plaintiff contends that a lesser standard of notice is applicable in Title IX cases.  However, plaintiff has not cited one case of student-on-student sexual harassment where a lesser standard was applied.  The matter of Tesoriero v. Syosset Central School District, 382 F.Supp. 387 (E.D.N.Y. 2005), which is relied upon by plaintiff, involves the alleged sexual abuse of a student by a teacher.  In Tesoriero, the court agreed that a "should have known" standard or constructive notice was not sufficient under Title IX.  Nonetheless, the court also recognized that in a case of abuse by a teacher, "the actual notice standard does not set the bar so high that a school district is not put on notice until it receives a clearly credible report of sexual abuse from the plaintiff student".  Id. at 397.  The court found that in such a case, actual notice need only be of facts indicating that a teacher is a substantial risk to sexually abuse a student.  Id.

The case at bar does not involve abuse by a school employee.  Rather, it involves alleged student on student harassment.  Thus, the holding in Tesoriero is not applicable.  Further, even if it were applicable, in Tesoriero, the court held that actual notice was established where a school district had notice that a particular teacher had the potential to abuse.  Even if such a standard could be applied to students, there is no evidence here that Seaford Defendants had actual notice of any particular student who had potential to harass plaintiff.

Further, the arguments made by plaintiff in support of the constructive notice argument are not supported by any evidence in this case.  Plaintiff claims Ms. Sussman was aware that there were things written about her in the bathroom.  However, at depositions, plaintiff testified

6

that she only saw Ms. Sussman on one occasion.  Plaintiff's Dep. at 155.[3]  She further testified

that the incident in the bathroom occurred after she spoke with Ms. Sussman.  Id. at 122. Megan

Tyrrell specifically stated she did not advise any Seaford Defendant that things were written

about her on bathroom walls.  Megan also denies ever telling any Seaford Defendant of any

harassment she was allegedly subject to.

Plaintiff next tries to create notice to the School District by citing incidents which

occurred in the "community", months after the sexual encounter and months after Megan no

longer attended Seaford High School.  The sexual encounter occurred on April 1, 2005.  The

Seaford School District learned of the incident on April 7, 2005.  The images of Megan Tyrrell

were removed from the web site on April 7, 2005. Sussman, Exhibit "H" at 79.  Megan stopped

attending Seaford High School on April 19, 2005. L. Tyrrell, Exhibit "G" at 241.   Hence, the

alleged in-school harassment effectively ended on April 19, 2005.  In a strained effort to create

"constructive notice" on the part of the Seaford School District, Plaintiff recounts incidents in

which Megan was allegedly ridiculed at a July 3, 2005 neighborhood block party.  Exhibit "G" at

328.  The School District was closed.  Megan no longer attended Seaford High School.  The

record is void of any evidence that the School District was notified of this alleged harassment.

Based upon the foregoing, even if constructive notice were sufficient to impose liability under

Title IX, the evidence herein is not sufficient to meet such a level.

Finally, a school district can only be held liable under Title IX where it is found to have

acted with deliberate indifference to known harassment.  Zeno v. Pine Plains Central School

District, 2009 WL 1403935 (S.D.N.Y. 2009); Soriano v. Bd. of Ed. of City of New York, 2004

WL 2397610 (E.D.N.Y. 2004).  As shown above, the evidence does not establish that the alleged

---

[3]     A copy of the transcript of plaintiff's deposition is annexed to the affidavit served in support
of this motion as Exhibit "F".

harassment was known to defendants. As such, they cannot be found to have acted with deliberate indifference to it.


# POINT III

## LIABILITY CANNOT BE IMPOSED UPON SEAFORD UNION FREE SCHOOL DISTRICT AND THE NAMED DEFENDANTS IN THEIR INDIVIDUAL CAPACITY UNDER SECTION 1983

In opposition to this motion, plaintiff has failed to raise any issue of fact regarding Seaford Defendants liability under 42 U.S.C. §1983. As such, the claims against the District and the individual defendants must be dismissed.

**A.  Seaford Union Free School District Cannot be held Liable Under Section 1983 as there is no Evidence of a District Policy that Deprived Plaintiff of her Constitutional Rights**

To establish liability under §1983 against a school district, plaintiff must show that the cause of the deprivation was an official policy, practice or custom of the defendant. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Here, plaintiff alleges that she was deprived of equal protection based upon alleged sexual harassment. To establish such a claim, plaintiff must show that the "discriminatory actions are representative of an official policy or custom". Murrell v. School District No. 1, Denver, Colorado, 186 F.3d 1238, 1249 (10th Cir. 1999). In this matter, plaintiff does not allege that Seaford had a district policy or custom that promoted sexual harassment by students. Rather, plaintiff claims that the District policy to respect confidential communications of students somehow resulted in discrimination. The Seaford policy with regard to confidential communications is statutorily mandated pursuant to C.P.L.R. §4508. This section requires that certain communications made to a social worker be

8

kept confidential.  As the testimony in this case established, Plaintiff Megan Tyrrell insisted that her communications with Defendant Paula Sussman, school social worker, remain confidential. In fact, as is borne out by Defendant Sussman's notes, when Lisa Tyrrell demanded to know what her daughter Megan told Sussman, Sussman requested that Lisa get a "signed release of information form" from Megan. See, Sussman handwritten notes, Exhibit F, Declaration of Marjorie Mesidor. Thus, to argue the required school policy promotes discrimination is without merit.

Moreover, the policy was not violated by defendants.  Ms. Sussman learned of an incident from a guidance counselor of another school   She immediately sought out plaintiff to learn what occurred on April 1, 2005.  Plaintiff never advised Ms. Sussman that she was raped or sexually assaulted.  Plaintiff never advised Ms. Sussman that she was a threat to herself. Although there are repeated claims in the opposition papers that plaintiff was crying and distraught during the interview, this is contrary to testimony.  When asked whether she cried while speaking with Ms. Sussman, plaintiff responded on two occasions "I can't recall". Plaintiff's Dep. at 129, 130.  Further, Ms. Sussman testified that plaintiff's demeanor during the meeting indicated to her that she was fine.  Sussman Dep. at 142.[4]   In this regard, Ms. Sussman testified as follows:

> Q:      When you say "she appeared fine" what do you mean by that?
>
> A:      She wasn't crying.  She wasn't screaming.  She was very matter of fact in talking to me.  She really displayed very – you know, no emotion that would red flag me to be concerned about her emotional state.

Id. at 143.

---

[4]   A copy of the transcript of Paula Sussman's deposition testimony is annexed to the affidavit served in support of this motion as Exhibit "H".

Thus, there was no reason for any District employee to go against the specific request of plaintiff that the communication regarding the incident remain confidential.

While plaintiff attempts to create an issue of fact by pointing to a school policy, there is no nexus between that policy and the alleged student on student harassment.  As such, there is no basis for imposing liability upon the school district under §1983.

**B.      The Named Defendants Cannot be held Liable in their Individual Capacity**

While a district employees can be held liable under §1983 for deliberate indifference to student on student sexual harassment, under 1983 as with Title IX, plaintiff must show that the district employee acted with deliberate indifference in light of known circumstances.  Gant v. Wallingford Bd. of Ed., 195 F.3d 134 (2d Cir. 1999).  While §1983 provides an independent basis of recovery, an action brought under §1983 still requires evidence that the defendant was aware of the harassment and deliberately indifferent to it.  Gant at 141.  As such, for the same reasons the Title IX claim must fail, the §1983 cause of action must be dismissed since Seaford Defendants did not have notice of the alleged harassment.

**POINT IV**

**THE INDIVIDUALLY NAMED DEFENDANTS
ARE ENTITLED TO QUALIFIED IMMUNITY**

Even if the §1983 claim was viable, plaintiff could not recover herein as the individually-named defendants are entitled to qualified immunity.  Even where there is a clearly established constitutional right, a defendant is still entitled to qualified immunity where the defendant's actions were reasonable in light of the situation he confronted.  Johnson v. Newburgh Enlarged School District,  239 F.3d  246 (2d Cir. 2001).

Here, plaintiff contends that the individually-named defendants acted unreasonably by failing to take any remedial action after the incident.  This is without merit since the alleged

10

sexual encounter involved a student from Massapequa School District.  Therefore, defendants were not in a position to take any remedial action against that student.  Further, Seaford Defendant's actions were reasonable.  Upon learning of the incident on April 7, Defendant Sussman immediately initiated contact with Megan Tyrrell. That same day, Defendant Sussman contacted a social worker at the Massapequa School District.  As a result, the pictures of Megan were taken off the internet that same day.  Sussman then reports, "On April 8th I saw Megan for a counseling session during 8th period.  She said she was fine and that she was glad the pictures were off the computer.  She also said she was not going to put herself in that situation again.  I told her that I was here when and if she needed me".  See, Sussman handwritten notes, Exhibit F, Declaration of Marjorie Mesidor.  Megan never reported any further harassment to any Seaford School District employee.  Finally, in light of the lack of notice of the alleged student-on-student harassment, it cannot be found that defendants' conduct was objectionably unreasonable.


## POINT V

### SEAFORD DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE NEGLIGENCE CLAIMS

Plaintiff's amended complaint alleges three separate negligence causes of action: negligent supervision; negligence/gross negligence; and negligent infliction of emotional distress.  Plaintiff's opposition papers make it clear that the first two negligence causes of action sound in negligent supervision and fail to raise any issue that warrants submission to a jury.  Further, plaintiff has not alleged a breach of any duty that would entitle her to recover for negligent infliction of emotional distress.  As such, the negligence claims must be dismissed.

A.      **Negligent Supervision/Negligence/Gross Negligence**

While a school district has a duty to supervise its students, schools are not required to control all movements and activities of students.  <u>Mirand v. City of New York</u>, 84 N.Y.2d 44, 614 N.Y.S.2d 372 (1994).  Further, constant supervision of high school students is not required. <u>Spaulding v. Chenango Valley Central School District</u>, 68 A.D.3d 1227, 890 N.Y.S.2d 162 (3d Dep't 2009); <u>Johnson v. Carmel Central School District</u>, 277 A.D.2d 354, 716 N.Y.S.2d 403 (2d Dep't 2000).  As such, school districts can only be held liable for acts of fellow students where it is shown that "school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused the injury".  <u>Brandy B v. Eden Central School District</u>, 15 N.Y.3d 297 (2010).

Plaintiff's arguments with respect to the negligent supervision claim do not establish sufficiently specific knowledge of the alleged harassment to impose liability.  Initially, plaintiff claims that the harassment of plaintiff was reasonably foreseeable.  This is based upon the allegation that defendants were aware that plaintiff was being harassed and that there were writings about her on the bathroom walls.  As set forth above, there is no evidence to support that Seaford Defendants had notice of the harassment including the writings on the bathroom walls. Plaintiff also asserts that knowledge by Ms. Sussman of the sexual encounter and photographs circulating the internet was sufficient to establish notice and impose liability.  This knowledge of an off school incident does not impute notice of in-school harassment.  Further, while Ms. Sussman was aware that photos were on the internet, she took steps to assure that the photographs were taken down.

In <u>Cavello v. Sheburne-Earlville Central School District</u>, 110 A.D.2d 253, 494 N.Y.S.2d 466 (3d Dep't 1985), the court found that there was sufficiently specific notice of harassment to

allow a jury to determine whether the school district discharged its duty of supervision to plaintiff.  The evidence established that student-plaintiff's parents "repeatedly advised defendant's guidance counselors, dean of students and superintendent of schools on the intimidating conditions."  Cavello at 254, 494 N.Y.S.2d at 466.  The evidence herein does not rise to the level of actual notice found in Cavello.

Plaintiff also contends that Seaford Defendants were negligent in failing to advise plaintiff's parents of the alleged harassment or of the photographs on the internet.  Plaintiff has not identified any duty that would require Seaford Defendants to do so.  Without a duty, there can be no finding of negligence on the part of defendants.  Espinal v. Melville Snow Contractors, 98  N.Y.2d 136 (2002); Neidhart v. K.T. Brake & Spring Co., 55 A.D.3d 887, 866 N.Y.S.2d 352 (2d Dep't 2008).  Thus, there can be no liability based upon the failure to advise plaintiff's parents of harassment, of which Seaford Defendants were not aware and of the presence of photographs on the internet which Seaford Defendants had taken steps to assure were removed. In addition, Megan Tyrrell insisted the information she discussed with Defendant Sussman remain confidential.

**B.        Negligent Infliction of Emotional Distress**

Plaintiff argues she is entitled to recover for negligent infliction of emotional distress based upon a breach of a duty owed to her by Seaford Defendants.  Plaintiff has identified no duty that was owed to her other than the duty to supervise.  As demonstrated above, plaintiff cannot establish a breach of the duty to supervise.  As such, she cannot recover for emotional distress alleged to have been incurred as a result of this duty.

13

Plaintiff further alleges that the Seaford Defendants breached a duty to plaintiff by failing to report to the police "that a crime may have taken place".  Plaintiff failed to cite any authority for such a duty and, as set forth in the memorandum of law served in support of this motion, there is no such duty on the part of Seaford Defendants under statutory or common law.  Further, to allege, as plaintiff contends, that Seaford Defendants were responsible for plaintiff's alleged attackers not being punished is absurd since the police refused to bring any charges against anyone once the events were reported to the police by plaintiff's mother.

Finally, plaintiff has cited no independent source of a duty on the part of Seaford Defendants to advise plaintiff's parents of the alleged incident.  Rather, Seaford Defendants were precluded from doing so as the information was obtained by the school social worker and protected under C.P.L.R. §4508 which affords a privilege to such information.  Thus, not only was no duty breached by Seaford Defendants by not reporting the incident to plaintiff's parent, Seaford Defendants were precluded from doing so.

**C.     Notice of Claim**

Plaintiff argues that this Court should disregard the "defects" in the notice of claim as the spirit and purpose of the statute would not be hindered.  However, plaintiff's notice of claim was not defective because it omitted "some information" as plaintiff contends, but, rather, because it omitted all information upon which the claim was based.  Plaintiff argues that the deficiencies in the notice of claim should be excused as her parents filed the notice of claim without the benefit of counsel.  However, this argument is belied by the fact that plaintiff was represented by counsel at the time the notice of claim was served.  Annexed to the reply affidavit as Exhibit "1" is a fax cover sheet to the Law Office of Frederick Brewington marked as Plaintiff's 24 and served with initial disclosure and Plaintiff's 25, the notice of claim, which was sent with the fax

14

sheet.  As noted on the cover sheet, plaintiff sought advice of counsel prior to serving the notice of claim.  Thus, it is disingenuous for plaintiff to blame the insufficient notice of claim on the lack of counsel.

While there is no question that Seaford Defendants had notice of an off-campus sexual incident and of photographs on the internet, there is no evidence whatsoever that Seaford Defendants had notice of the alleged harassment of plaintiff or the fact that it was claimed that the photographs were used as wallpaper on school computers, two essential elements of plaintiff's negligence claim.  The foregoing is evident from the letter sent by plaintiff's parents to the Seaford Defendants on April 26, 2005, after plaintiff had been removed from school.  A copy of this letter is annexed to plaintiff's counsel's declaration as Exhibit "C".  The letter requests home schooling for plaintiff as a result of the physical and emotional trauma caused by the sexual assault and posting of pictures on the internet.  The letter does not mention any in-school harassment.  Further, while the letter claims that photographs were viewed by students in computer class, there is absolutely no indication that the photographs were used as wallpaper.

Likewise, it is not disputed that Seaford Defendants conducted an investigation.  However, that investigation was limited to whether the internet site which hosted the photographs of plaintiff was accessed by students on school computers.  The testimony of Mark Derison reveals that the school learned that the web site images of Megan Tyrrell were not accessed by Seaford students on school computers.  Further, despite plaintiff's contention that images of Megan were used as wallpaper on Seaford school computers, no evidence of same has surfaced to date.  Plaintiff now contends it was negligent for Seaford Defendants not to further investigate whether the photographs were uploaded to computers by students and used as wallpaper.  This argument highlights the inadequacies of the purported notice of claim since it

15

provided no reason for Seaford Defendants to perform such an investigation and, the incident, in and of itself, did not provide notice of such a claim.

General Municipal Law 50-e(6) merely permits correction of a mistake, omission or defect of a notice of claim.  To cure plaintiff's purported notice of claim in this matter, the notice of claim would have to be re-written by this Court.  This is not the purpose of 50-e(6) and certainly not within the spirit and purpose of the notice of claim statute. See Ruggiero v. Suffolk County Police, 7 A.D.3d 605, 775 N.Y.S.2d 904 (2d Dep't 2004); (amendments of a substantive nature not within purview of 50-e(6)); Hall v. N.Y.C.T.A., 5 A.D.3d 731, 773 N.Y.S.2d 600 (2d Dep't 2004).

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that plaintiff cannot establish any cause of action against Seaford Defendants.  As such, Seaford Defendants should be granted summary judgment and plaintiff's action dismissed in its entirety.

Dated: Uniondale, New York
October 12, 2010

Respectfully submitted,

CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER


_____
By:      Francis X.  Schroeder (FS7028)
*Attorneys for Defendants – Seaford Defendants*
*O*ffice & P.O. Address:
333 Earle Ovington Boulevard, Suite 502
Uniondale, New York  11553-3625
(516) 542-5900

16